# <u>Exhibit A</u>

**| Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**02/21/2026**

**Pet Filed in Circuit Ct**

Complaint.

**Filed By:** NICHOLAS RYAN MAYFIELD

**On Behalf Of:** Next Friend, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Motion to Appoint Next Friend**

Motion to Appoint Next Friend; Proposed Order.

**Filed By:** NICHOLAS RYAN MAYFIELD

**On Behalf Of:** Next Friend, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Petition:**

Next Friend Petitions - Redacted.

**Filed By:** NICHOLAS RYAN MAYFIELD

**On Behalf Of:** Next Friend, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Associated Entries: 02/21/2026 - CRIFS/Unredacted Document  +**

**Motion to Modify**

Motion for Use of Initials - Redacted.

**Filed By:** NICHOLAS RYAN MAYFIELD

**On Behalf Of:** Next Friend, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Associated Entries: 02/21/2026 - CRIFS/Unredacted Document   +**

**CRIFS/Unredacted Document**

CRIF - Motion for Use of Initials; Motion for Use of Initials - Unredacted in associated to Modify (other) filed on 02/21/2026.

**Filed By:** NICHOLAS RYAN MAYFIELD

**On Behalf Of:** Next Friend, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Associated Entries: 02/21/2026 -**

**Motion to Modify**

**+**

**CRIFS/Unredacted Document**

CRIF - Next Friend Petitions; Next Friend Petitions - Unredacted in associated to Petition (other) filed on 02/21/2026.

**Filed By:** NICHOLAS RYAN MAYFIELD

**On Behalf Of:** Next Friend, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Associated Entries: 02/21/2026 -**

**Petition:**

**+**

**Request Filed**

Request for Summons for Service by Mail.

**Filed By:** NICHOLAS RYAN MAYFIELD

**On Behalf Of:** Next Friend, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Note to Clerk eFiling**

**Filed By:** NICHOLAS RYAN MAYFIELD

**Filing Info Sheet eFiling**

**Filed By:** NICHOLAS RYAN MAYFIELD

**02/24/2026**

**Summons Issued-Reg/Cert Mail**

Document ID: 26-SMCM-13, for DOE RUN RESOURCES CORPORATION

**Summons Issued-Reg/Cert Mail**

Document ID: 26-SMCM-14, for D.R. ACQUISITION CORP.

**Summons Issued-Reg/Cert Mail**

Document ID: 26-SMCM-15, for KAISER, MARVIN K

**Summons Issued-Reg/Cert Mail**

Document ID: 26-SMCM-16, for NEIL, ALBERT BRUCE

**Summons Issued-Reg/Cert Mail**

Document ID: 26-SMCM-17, for ZELMS, JEFFREY

**Summons Issued-Reg/Cert Mail**

Document ID: 26-SMCM-18, for FOX, THEODORE P.

**Summons Issued-Reg/Cert Mail**

Document ID: 26-SMCM-19, for THE RENCO GROUP INC

**Summons Issued-Reg/Cert Mail**

Document ID: 26-SMCM-20, for RENCO HOLDINGS INC

**Summons Issued-Reg/Cert Mail**

Document ID: 26-SMCM-21, for RENNERT, IRA L

**03/09/2026**

**Motion to Appoint Next Friend**

Next Friend Petitions - Redacted.

    **Filed By:** NICHOLAS RYAN MAYFIELD

    **Associated Entries: 03/09/2026 - CRIFS/Unredacted Document    +**

**CRIFS/Unredacted Document**

CRIF - Next Friend Petitions; Next Friend Petitions - Unredacted in associated to Petition (other) filed on 03/09/2026.

    **Filed By:** NICHOLAS RYAN MAYFIELD

    **Associated Entries: 03/09/2026 -**

**Motion to Appoint Next Friend**

    **+**

**Other Proposed Document Filed**

First Amended Complaint.

    **Filed By:** NICHOLAS RYAN MAYFIELD

**03/12/2026**

**Motion for Leave**

Motion for Leave to File Second Amended Petition; Proposed Second Amended Petition.

    **Filed By:** NICHOLAS RYAN MAYFIELD

    **On Behalf Of:** Next Friend, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Notice**

Notice of Withdrawal of Next Friend Petition.

    **Filed By:** NICHOLAS RYAN MAYFIELD

    **On Behalf Of:** Minor Plaintiff/Petitioner

**03/25/2026**

**Jury Trial Scheduled**

    **Scheduled For:** 08/03/2026; 9:00 AM; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**2622-CC00366**

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| MONSIGNOR ALFRED SCHULER AS NEXT FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., | ) ) ) ) |
| Plaintiffs, | ) ) Case: |
| v. | ) ) ) Division: |
| DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFREY L. ZELMS, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case:

Division:

Personal Injury in Excess of Twenty-Five Thousand Dollars

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW, Plaintiff, Monsignor Alfred Schuler, as Next Friend of Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., by and through undersigned counsel, on behalf of themselves, sue Defendants, DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFREY L. ZELMS, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT, (collectively "Defendants") and for their Complaint allege, upon information and belief and based on the investigation to date of their counsel, as follows:

## INTRODUCTION

*"No safe blood lead level in children has been identified. Lead exposure can affect nearly every system in the body."*

-National Center for Environmental Health, Division of Emergency and Environmental Health Services[1]

---

[1] http://www.cdc.gov/nceh/lead/.

1

Time Magazine has named La Oroya, Peru as one of the 10 most polluted places in the world.[2] This is an action to seek damages from Defendants for injuries, damages and losses suffered by each and every minor plaintiff named herein, who were minors or *in utero* at the time of their initial exposures and injuries as a result of exposure to the release of lead and other toxic substances from Defendants' ownership, use, management, supervision, storage, maintenance, disposal and release of materials containing lead and other toxic substances from the lead smelter owned and/or operated by the Defendants in the region of La Oroya, Peru. At critical times during gestation and/or their developmental years and to the present, the minor plaintiffs were exposed to damaging levels of lead and other toxic substances.

**THE PARTIES**

**PLAINTIFFS**

1.      All of the minor Plaintiffs have lived or were *in* utero in the region of La Oroya Peru during relevant times, for the purpose of prosecuting the claims alleged herein.

2.      Plaintiff's Next Friend Msgr. Alfred Schuler is and at all relevant times herein has been a resident of the City of Saint Louis, Missouri.

**DEFENDANTS**

3.      Defendant The Doe Run Resources Corporation ("Doe Run") is an international natural resource company focused on mining, smelting and fabrication of metals. At all relevant times, Doe Run was a New York corporation with its principal place of business in St. Louis, Missouri. At all relevant times, Defendant Doe Run owned, and either directly or through other Defendants, operated, used, managed and supervised, the La Oroya metallurgical complex (the "La Oroya Complex") which stored, maintained, or controlled various properties, including a lead

---

[2] Walsh, Bryan, *The World's Most Polluted Places,* Time Magazine, 2007

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

smelter, and the waste on such properties. The La Oroya Complex also stored materials containing lead and other toxic substances released from the complex. Upon information and belief, Doe Run is the second largest lead producer in the world and has reported profits in the 100's of millions of dollars.

4.      Defendant Doe Run wholly owns Doe Run Cayman, Ltd., a Cayman Island corporation, which owns Doe Run Peru.

5.      Doe Run Cayman Ltd. has no operations separate from "owning" Doe Run Peru.

6.      At all relevant times, Defendant Doe Run both directly and through its ownership of Doe Run Cayman, Ltd., controlled and operated Doe Run Peru. Doe Run Peru was an agent of the Defendants. Defendants expressly or impliedly consented to Doe Run Peru acting on their behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries.  Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru

7.      Defendant D.R. Acquisition Corp. is and at all times relevant herein was a Missouri corporation with its principal place of business in Missouri. D.R. Acquisition Corp. owns 100% of Doe Run.

8.      Defendant Renco Holdings, Inc. and Defendant The Renco Group, Inc. (collectively "Renco") are New York corporations with their principal places of business in New York.  At all relevant times, Defendant D.R. Acquisition Corp., the current owner of Doe Run Peru, has been a wholly owned subsidiary of Defendant Renco.  Renco owns 100% of stock of Defendant Doe Run directly or indirectly through D.R. Acquisition Corp.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

9. At all relevant times, Defendant Renco was doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run through its agents, servants, and employees acting within the course and scope of their employment, service, and agency. As the owner who controls Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya Complex since the date Defendants' purchased the complex, October 24, 1997.

10. Defendant Ira L. Rennert is a resident of the City of New York, State of New York. At all relevant times, Defendant Rennert was a director, officer, and agent of Defendant Renco and Defendant Doe Run and the controlling owner of all of the corporate defendants. Defendant Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

11. Defendant Marvin K. Kaiser is a resident of the City of St. Louis, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately February 2006, Defendant Kaiser was an officer and agent of Defendant Doe Run.

12. Defendant Albert Bruce Neil is a resident of the City of Kirkwood, State of Missouri. From approximately 2003, Defendant Neil was and continues to be an officer and agent of Defendant Doe Run.

13. Defendant Jerry Pyatt is a resident of Kirkwood, Missouri. From approximately 2003 to the present, Defendant Pyatt has been an officer and agent of Defendant Doe Run.

14. Defendant Jeffery L. Zelms is a resident of the City of Camdenton, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately April 2006, Defendant Zelms was an officer and agent of Doe Run.

15. Defendant Theodore P. Fox III is a resident of the City of Eureka, State of Missouri. From approximately September 2006, Defendant Fox was and continues to be an officer and agent of Doe Run.

## FURTHER IDENTIFICATION OF THE DEFENDANTS

16. Defendants Doe Run and Renco purchased the La Oroya metallurgical complex in 1997.

17. As owner of the La Oroya metallurgical complex, Doe Run is liable for the activities and the toxic environmental releases from the complex since the date Defendants' purchased the complex, October 24, 1997.

18. At relevant times, Doe Run Peru was an agent of the Defendants. Defendants consented, expressly or impliedly, to Doe Run Peru acting on its behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries. Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru.

19. Defendant Doe Run is the second largest total lead producer in the world and has reported profits in the 100's of millions of dollars during relevant times. Doe Run is an international natural resource company based in St. Louis, Missouri and focused on the mining, smelting, recycling and fabrication of metals.

20. Defendants owned, operated, maintained, managed and/or used the La Oroya metallurgical complex and related operations and facilities, or acted in conspiracy with each other defendant and continue to do so in a way that negligently, carelessly and recklessly generated,

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which minor plaintiffs have in the past and/or continue to reside, use and visit, and/or were exposed, and purposefully withheld information and/or deliberately deceived the minor plaintiffs with regard to the dangers of such exposures, resulting in toxic exposure to minor plaintiffs.

21. Defendant D.R. Acquisition Corp., a wholly owned subsidiary of defendant Renco, owns 100% of Defendant Doe Run's common stock, both voting and non-voting. There is no established public trading market for these shares. All (100%) of Doe Run's issued and outstanding common and preferred stock is directly or indirectly owned by Renco through D.R. Acquisition Corp.

22. Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer, for himself and members of his family. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

23. At all times relevant hereto, Defendant Renco was and continues to be a corporation organized and existing by virtue of law doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run by and through its agents, servants, and employees acting within the course and scope of their employment, service, and agency and continues to do so. As owner of Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya metallurgical complex since the date Defendants' purchased the complex, October 24, 1997.

24. Each of the corporate Defendants owned, operated, used, managed, supervised, and/or controlled the La Oroya complex and related operations and facilities in La Oroya and/or

6

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by the partnership. As owners, operators and/or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya complex and related operations and facilities.

25. Some or all of the corporate Defendants, pursuant to various written agreements, including the various Doe Run partnership agreements as amended and restated, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya complex and related operations and facilities since October 24, 1997. In addition and alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions from Defendants' metallurgical complex and related operations and facilities that Defendants knew were being transported to properties on which minor plaintiffs have and/or continue to reside, use or visit, and/or not to implement adequate pollution controls at Defendants' metallurgical complex and related operations and facilities, and or and purposefully concealing information and/or deliberately deceiving the minor plaintiffs with regard to the dangers of such exposures, with the purpose of the cost and reduction of profits, bonuses and the value of wages, stock, and/or stock options of Doe Run as well as the corporate Defendants.

26. The corporate Defendants, while located in the States of Missouri and/or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to minor plaintiffs. Such

control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

27.     At all times, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

28.     As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

## JURISDICTION

29.     This Court has personal jurisdiction over all parties.

30.     The acts and omissions complained of in this action occurred in this State by Defendants and employees and officers of the corporate defendants, all acting within the course and scope of their agency and employment in this state.

## VENUE

31.     Venue is proper in this Court pursuant to §508.010 RSMo (2014).

## FACTUAL ALLEGATIONS

32.     The town of La Oroya is a mining town located in the central Andean highlands of Peru, at an elevation of approximately 3,750 meters above sea-level. For more than 500 years,

8

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

the settlements near La Oroya are believed to have been working small-scale mining operations. In the last one hundred years however, with the creation of the La Oroya Complex, production dramatically increased, contaminating the local population with it. The La Oroya Complex is located only meters from the city center.

33.     The La Oroya Complex recovers 11 metals including copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium and antimony, as well as numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines

34.      In 1922, the privately owned Cerro de Pasco Copper Corporation established the La Oroya Complex for copper smelting and refining. Cerro de Pasco added a lead smelter and refinery in 1928, a sulfuric acid plant in 1939, a silver refinery in 1950, and a zinc refinery in 1952.

35.     The Complex comprises four key circuits. These circuits are the copper smelter and refinery (the "Copper Circuit"); the lead smelter and refinery (the "Lead Circuit"); an anode residue plant and silver refinery (the "Precious Metals Circuit"); and zinc roasting plant, leaching and purification plant and refinery (the "Zinc Circuit," and collectively the "Circuits.")

36.     The Complex also includes numerous other facilities designed to process by-products released during the smelting process, including sulfuric acid plants, an oxygen plant, and several pilot plants to recover minor metallic by-products.

37.     The following diagram shows the main facilities in each circuit and the interrelationships between the four circuits:

9

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM



38.     Because smelters process concentrates to create a pure ore by burning-off and/or separating out unwanted impurities, it is very difficult to control emissions of such substances.

39.     This is true of any smelter, but the La Oroya Complex faces particular challenges in this regard because the integrated smelting processes are among the most complex in the world.

40.     Indeed, the La Oroya Complex is one of only four smelting facilities worldwide capable of recovering numerous metals and by-products from complex, poly-metallic concentrates with high levels of impurities.

41.     While most smelters recover only one or two metals and a few by-products from a "clean" concentrate (i.e., a concentrate with a high level of the target metal and a low level of

10

impurities), the La Oroya Complex recovers 11 metals (copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium, and antimony) and numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, and zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines.

42. The composition of the concentrates processed at the Complex has major implications for its design and operation and for its potential environmental impacts.

43. The Complex's four circuits (copper, lead, precious metals, and zinc) are integrated so as to allow by-products and intermediary substances produced during the processing of concentrates in one circuit to be further processed and refined in the other circuits, thus maximizing the recovery of valuable metals.

44. At the same time, the concentrates contain high levels of other substances that either lack economic value or that cannot be fully recovered, including: sulfur, arsenic, and cadmium.

45. Thus, the process of isolating and refining the target metals creates substantial quantities of by-products, which contain substances that may be harmful to the environment and human health.

46. In 1974, the Peruvian government nationalized the company and operated the smelter and mine as a state enterprise, Centromin Peru S.A.

47. In November 1991, the Peruvian Government issued Legislative Decree 708, declaring the promotion of private investment in the mining sector in the national interest and eliminating the exclusive rights that previously had been granted to State-owned mining companies.

11

48.     As the Peruvian Government later explained in its official 1999 White Paper[3]:

> Since 1960 the governing criterion was that the best way to promote the economic growth and redistribute their benefits was through the state intervention that allocated resources according to the criteria set by centralized planning.
>
> In contrast, in 1990, the implementation of a set of policies aimed at reducing the economic role of the State as well as to increase private sector activity assumes even greater importance.
>
> From that time on, there was a significant change in the role of the State starting to create the necessary conditions to attract foreign investment and, in parallel, to design a privatization policy aimed at ensuring that the private sector is the dynamic engine of the economy.

49.     A 1992 Resolution included Centromin in the privatization process. Peru created a special committee to oversee Centromin's privatization (Comité Especial de Privatización), including the sale of the La Oroya Complex (the "Special Privatization Committee" or "CEPRI").

50.     At the same time, the Peruvian Government began to implement a modern environmental legal framework.

51.     The new Environmental and Natural Resources Code (enacted in September 1990) imposed several general requirements on mining and metallurgical companies, including obligations to include in their facilities equipment for control of contaminants and to treat wastewaters used in the processing of minerals.

52.     In June 1993, the Peruvian Government issued Regulations for Environmental Protection in Mining and Metallurgy. Article 5 of the Regulations provided that companies operating in the sector would be "liable for any emissions, discharges and disposal of waste to the environment occurring as a result of processes carried out at their installations," and it

---

[3] Government of Peru, White Paper concerning the Fractional Privatization of Centromin, 1999

12

obligated them "to avoid and prevent any elements and/or substances from surpassing the maximum allowable levels" to be issued by the Ministry of Energy & Mines.

53. The outside consulting firm Knight Piésold advised in its 1996 report to the Peruvian Government that:

(i) There was no simple remedy to the existing air quality problem, which extended to lead, SO2 and other particulate emissions.

(ii) Any solution would require "detailed engineering evaluation beyond the scope of the present evaluation."

(iii) Implementation of adequate controls to meet standards may take "in excess of the ten year implementation schedule being considered by the Peruvian Ministry."

(iv) "Considerable flexibility in the implementation and application of new standards will be necessary if La Oroya is to continue as an economically viable operation."

(v) "Continued long-term operation of the smelter and progress on privatization can be achieved only if La Oroya is subject to realistic requirements to gradually reduce emissions."

54. With this knowledge and understanding, Doe Run, part of the Renco Group, purchased the smelter complex in 1997 from the state.

55. As the owners and operators of the La Oroya Complex, Defendants are liable for the activities and the toxic environmental releases from the complex since the date Defendants purchased the complex, October 24, 1997.

56. Plaintiffs have lived in the region of La Oroya, Peru and have been exposed to and harmed by the dangerous and toxic substances released from the La Oroya Complex.

57. The smelter took the name of Doe Run Peru (DRP) metallurgical complex.

58. When Doe Run purchased the facility it agreed to improve the facility and lessen its environmental impact.

59. Doe Run failed to implement the environmental management plan that was a condition of its purchase of the smelter in 1997.

60.     Doe Run received several extensions of time from the Peruvian government to complete the environmental management plan. Despite these extensions, it failed to complete the plan.

61.     In 2002, The National Council for the Environment of Peru reported that Doe Run Peru emitted 3,312 tons/year of particulate matter, 380,136 tons/year of sulfur dioxide, 226 tons/year of nitrogen oxides, 847 tons/year of lead, 423 tons/year of arsenic, and 43 tons/year of cadmium.

62.     In November 2005, the Centers for Disease Control (CDC) in Atlanta analyzed blood and urine samples of two population samples, one from La Oroya, the study site, and one from Concepcion, the control site. These results indicated that 97% of children between six months and six years of age and 98% of children between seven and 12 years had elevated blood lead levels, in some cases three or four times the level of concern. According to the CDC, an elevated level is any level equal to or greater than 10 µg/dl in 2005 and now is 5 µg/dl.

63.     Doe Run halted operations at the facility in 2009 when it was unable to access financing as a result of environmental requirements for the site.

64.     The operation of the Doe Run facility has, by this point, harmed tens of thousands of people spanning decades and generations of families.

65.     The minor plaintiffs in this case live or have lived in or around La Oroya, Peru and were exposed to and injured by the harmful and toxic substances released from the Defendants' metallurgical complex.

66.     A group of research scientists from Saint Louis University School of Public Health in Saint Louis, Missouri who have studied La Oroya have concluded that the conditions in La Oroya constitute a public health crisis that poses serious health risks for all population

14

groups and especially for the most vulnerable groups such as infants and young children, including the minor plaintiffs. Beginning in 2005, these public health experts have performed ongoing studies to assess the health effects of environmental contamination produced by Defendants' La Oroya metallurgical complex. The purpose of these studies is to determine the extent of toxic metal exposure suffered by La Oroya residents and the studies have confirmed the gravity of the public health situation caused by Defendants' metallurgical complex. The study performed by Saint Louis University, show that over 99 percent of children in La Oroya have blood lead levels of greater than 10 µg/dl, which is the level considered to be dangerous and to cause permanent injuries.

67. During the course of their ownership, operation, use, management, supervision, storage, maintenance, and/or control of operations of their metallurgical complex and related properties in La Oroya, Peru, and at all times relevant hereto, the Defendants, while located in the States of Missouri and/or New York, negligently, carelessly and recklessly, made decisions that resulted in the release of metals and other toxic and harmful substances, including but not limited to lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto the properties on which the minor plaintiffs have in the past and/or continue to reside, use and visit, which has resulted in toxic and harmful exposures to minor plaintiffs.

68. The air quality level is critical not only because the minor plaintiffs must breathe this polluted air but also because the particulate matter within the air is dispersed in a dust form that enters and settles inside the minor plaintiffs' houses and is deposited on the ground and on all surfaces, including furniture, clothing, water, and crops.

69. The health effects of lead poisoning are well known. The CDC has noted that: "No safe blood lead level in children has been identified. Even low levels of lead in blood have

been shown to affect IQ, ability to pay attention, and academic achievement." Lead impacts nearly every organ and system of the human body. Lead causes multitudinous and serious injuries to the nervous system, which can lead to convulsions, coma and brain death.  It causes learning and behavioral disorders, memory loss, nausea, anemia, hearing loss, fatigue, colic, hypertension, and myalgia. Moreover, children under the age of 6 years old are more susceptible to the toxic effects of lead than are adults since the brain and central nervous system are not completely developed.

70.    Sulfur dioxide, another pollutant emitted continuously and at an excessive level from Defendants' metallurgical complex, damages circulatory and respiratory system, increases mortality, and is linked to lung cancer, especially when present along with elevated levels of particulate matter, as is the case in La Oroya. Due to the wrongful actions of the Defendants described herein, the level of sulfur dioxide in the air of La Oroya is unreasonably high and dangerous to the minor plaintiffs.

71.    The Saint Louis University study also shows that urine levels of cadmium in residents of La Oroya are at a level that causes injury. Cadmium is a recognized carcinogen. The Saint Louis University study also shows that La Oroya residents have elevated levels of arsenic, another known carcinogen.  Although suitable technologies and processes exist to prevent the pollution caused by the activities at the Defendants' metallurgical complex, such technology has not been implemented by Defendants at their La Oroya Complex.

72.    A recent study by researchers at Yale University found that the Metallurgical Complex of La Oroya (CMLH) exceeded the maximum limits of heavy metals in the air. These high levels were recorded even when the smelter was not operating, between December 2009 and July 2012. Hassan Sipra, a student researcher at the Environmental Protection Clinic at Yale

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

University, found that "[w]hen the [metallurgical] complex was supposedly not operating, there were some records where the maximum permissible limit (LMP) was exceeded."

73. Lead, cadmium and carbon dioxide exceeded maximum limits of concentration in the air.

74. The preliminary research of Yale University found that levels of lead in the air were up to three times the maximum limits.

75. The preliminary research of Yale University found that levels of sulfur dioxide (SO2) in the air exceeded up to 4500 times the maximum limit.

76. The preliminary research of Yale University found that levels of cadmium in the air exceeded 45% and the highest recorded level was three times the maximum allowable limit (LMP).

77. This research used information provided by Doe Run and the medical center of La Oroya between December 2009 and February 2014.

78. During the course of their ownership, operation, use, management, supervision, storage, maintenance, or control of operations of the La Oroya Complex and related properties in La Oroya, Peru, the Defendants, while located in the States of Missouri or New York, made decisions regarding the operations of the complex. Those decisions were negligent, careless or reckless and resulted in the release of metals and other toxic and harmful substances, including lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto properties on which the minor plaintiffs reside, use or visit, which has resulted in toxic and harmful exposures to the minor plaintiffs.

17

79. Although suitable technologies and processes exist to prevent the pollution caused by the activities at the La Oroya Complex, such technology has not been implemented by Defendants at the complex.

80. Defendants owned, operated, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with other defendants and continue to do so in a way that negligently, carelessly or recklessly generated, handled, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex. This resulted in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or to which they were exposed. Defendants also purposefully withheld information or deliberately deceived the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, resulting in toxic exposure to the minor plaintiffs.

81. Each of the corporate Defendants owned, operated, used, managed, supervised, or controlled the La Oroya Complex and related operations and facilities in La Oroya or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by Renco or the partnership. As owners, operators or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya Complex and related operations and facilities.

82. Some or all of the corporate Defendants, pursuant to written or oral agreements, including the various Doe Run partnership agreements, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya Complex and related operations and facilities since October 24, 1997. Alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions

18

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

from the La Oroya Complex and related operations and facilities that Defendants knew were being transported to properties on which the minor plaintiffs have or continue to reside, use or visit, or not to implement adequate pollution controls at the complex and related operations and facilities, or purposefully concealing information or deliberately deceiving the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, with the purpose of the cost reduction of profits, bonuses and the value of wages, stock, or stock options of Doe Run as well as the corporate Defendants.

83. The corporate Defendants, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to the minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This heinous use of control proximately caused the minor plaintiffs' injuries.

84. At all relevant times herein, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

85. As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of

19

medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

**PLAINTIFFS' EXPOSURE**

86. The minor Plaintiffs have all been exposed to lead and/or other toxic substances as a result of the operations of the lead smelter owned and/or operated in La Oroya, Peru, by the Defendants.

87. Plaintiffs have been exposed through the lead and/or other toxic substances being released into the air, soil, and water in and around La Oroya, Peru.

88. Plaintiffs, where applicable, have also been exposed *in utero* when the mother carrying the child was pregnant and resided in La Oroya, Peru.

<u>**COUNT I**</u>

**(NEGLIGENCE – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., AND RENCO HOLDINGS, INC.)**

89. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

90. Defendant Doe Run Resources Corporation together with Defendant D.R. Acquisition Corp. and Defendant Renco, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants Doe Run Resources, D.R. Acquisition Corp., and Renco control from the States of Missouri and New York, the expenditures, production practices, use of technology that would limit emissions, and policies including public relations and decision-making policies regarding information given to the minor plaintiffs. Such

control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

91. Because Defendants Doe Run Resources Corporation, D.R. Acquisition Corp, and Renco, while located in the States of Missouri or New York, make decisions regarding expenditures, production practices, use of technology, policies regarding the operation of the La Oroya Complex, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants, Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco owe and have owed a duty to the minor plaintiffs who live in the vicinity of the complex, to control and contain the metals and other toxic substances it has generated, handled, stored, and disposed of at the La Oroya Complex and related operations and facilities at safe and non-toxic levels, and to warn and continue to warn the minor plaintiffs of the release of these toxic and harmful substances.

92. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco through decisions made in the States of Missouri or New York and through their agents, owned, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with each other defendant and continues to do so in a way that negligently, carelessly, and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

21

93. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also negligently, carelessly, and recklessly failed and continue to fail to warn the minor plaintiffs of release of the toxic metals and gases and other toxic substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, including the properties on which the minor plaintiffs have in the past or continue to reside, and of the reasonably foreseeable effects of such releases, including the dangers of inhaling or ingesting these toxic metals, gases, and other toxic substances.

94. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of exposure to the toxic substances released into the environment by their metallurgical complex and related operations and facilities.

95. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco knew or should have known that the generation, handling, storage, release and disposal of the described metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities would proximately cause damage to the minor plaintiffs.

96. As a direct and proximate result of the releases from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other

22

expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

97.    The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT II

**(CIVIL CONSPIRACY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

98.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

99.    Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves and through their agents, servants and employees, have acted jointly and in conspiracy with the individual Defendants to commit the torts alleged in this Petition, and are jointly and severally liable for the activities and toxic environmental releases from the operations of the La Oroya Complex.

100.    Defendants agreed to a scheme by which, from the States of Missouri or New York, they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. From the States of Missouri or New York, Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the minor

23

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

101. One of the purposes of the conspiracy agreed upon between Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco and the other Defendants includes to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to avoid the cost of instituting procedures at and purchasing equipment for Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and Defendant Renco, and to increase the incomes of the Defendants, and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

102. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco together with the other Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

103. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendant Doe Run Resources Corporation together with the other Defendants and their agents, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses

24

and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

104. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York were outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

**COUNT III**

**(ABSOLUTE or STRICT LIABILITY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP, THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

105. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

106. The ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities for which Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are jointly and severally liable, constituted and continues to constitute an abnormally dangerous activity or ultra-hazardous activity, because such activities create a high risk of significant harm.

107. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

108. The collection, handling, storage, and disposal of metals and other toxic substances by Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves or through their agents, servants and employees at Defendants' properties, has directly and

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

109. As a direct and proximate result of the releases from Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

110. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT IV

**(NEGLIGENCE – Defendants THEODORE P. FOX, JERRY PYATT, JEFFERY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

111. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

112. During times relevant herein, Defendant Kaiser was Vice President, Chief Financial Officer, and Chief Administrative Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Kaiser is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable

26

in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

113. During times relevant herein, Defendant Fox was Vice President of Finance and Chief Financial Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Fox is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

114. During times relevant herein, Defendant Pyatt was and continues to be the Chief Executive Officer of Defendant Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. He is also currently the President of Doe Run Resources Corporation and served as the President of Doe Run Peru from approximately September 2003 to March 2006 and as the General Manager of Doe Run Peru from approximately September 2003 to January 2006. As an officer of Doe Run, Defendant Pyatt is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

115. During times relevant herein, Defendant Zelms was President and Chief Executive Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Zelms is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

116. At all relevant times herein, Defendant Rennert was and is the Chairman and Chief Executive Officer of Defendant Renco and Chairman of Defendant Doe Run Resources Corporation. As an officer of Renco and Doe Run, Defendant Rennert is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious wrongful conduct and participated in it, and thus is individually liable. This liability is in addition to and independent of any liability based on conspiracy.

117. As officers of Defendant Doe Run Resources Corporation, Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser are liable to the minor plaintiffs because they had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it, including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

118. In particular, Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser's responsibilities, actions and omissions included but were not limited to approval of expenditures for pollution control measures and expenditures for the remediation of properties. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser's had involvement in the budgeting process of Doe Run including setting environmental goals and the pollution control budget for the La Oroya Complex and related operations and facilities. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser also had knowledge of technologies owned by the Doe Run Company that were available to remediate contaminated soil which were not used. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser had knowledge of the release of emissions from the La Oroya Complex and related operations and facilities to the La Oroya communities surrounding them, including properties on which the minor plaintiffs have resided or continue to reside, use and visit and failed to inform these communities or take any action to eliminate or reduce the release of metals and other toxic substances. Defendants Fox,

28

Pyatt, Zelms, Rennert, and Kaiser participated in and approved budgets which delayed implementation of proper pollution control measures and delayed remediation of properties contaminated by the releases from the complex and related operations and facilities. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of the toxic substances released from the La Oroya Complex and related operations and facilities.

119. As a direct and proximate result of the releases of toxic materials from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

120. The actions of Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT V

**(CIVIL CONSPIRACY – Defendants TERRY P. FOX, JERRY PYATT, JEFFERY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

121. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

122. During times relevant herein, Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were acting jointly and in conspiracy with each other and with the corporate Defendants.

29

Defendants agreed to a scheme by which they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

123.    Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser had and have an economic motive and personally benefited from the conspiracy. The objectives of the conspiracy included to fail to adequately control the toxic environmental releases from the La Oroya Complex and related operations and facilities that Defendants knew were being released or transported to properties on which the minor plaintiffs have in the past or continue to reside, visit or use; or not to implement adequate pollution controls at the complex because of the cost and reduction of profits, value, bonuses and the value of wages, stock or stock options of Doe Run as well as other Defendants.

124.    One of the purposes of the conspiracy agreed upon between Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser and the corporate Defendants included to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and defendant Renco, and

to increase the incomes of the Defendants and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

125. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser together with the corporate Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

126. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser together with the corporate Defendants, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

127. The actions of Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT VI

**(ABSOLUTE or STRICT LIABILITY – Defendants TERRY P. FOX, JERRY PYATT, JEFFERY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

128. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

129. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser had actual knowledge of the corporate Defendants' tortious conduct and participated in it, including the acts and omissions of

31

Defendants described herein, involving the ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities which constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm, and is thus jointly and severally liable in his individual capacity.

130. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

131. The collection, handling, storage, and disposal of metals and other toxic substances at Defendants' properties has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

132. As a direct and proximate result of the releases from the Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

133. The actions of Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT VII

### (CONTRIBUTION BASED ON TORTIOUS CONDUCT OF ENTITIES ACTING IN CONCERT – ALL DEFENDANTS)

134. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

135. Each Defendant bears joint liability with all other defendants for the claims of negligence, conspiracy, and strict liability on the part of each Defendant in the respects hereinafter alleged, which caused or contributed to the injuries claimed by the minor plaintiffs.

136. The release by Defendants of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use, and visit or were exposed was caused or contributed to be caused by the negligence of each Defendant in the respects hereinafter alleged.

137. Each Defendant was and continues to be negligent in the following respects:

a. Negligently, carelessly, and recklessly generating, handling, storing, releasing, disposing of, or failing to control and contain the metals and other toxic substances used and generated by the complex.

b. Negligently, carelessly, recklessly failing to warn the minor plaintiffs of the release of toxic metals and gases and other substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, or deliberate deceiving the minor plaintiffs with regard to the dangers of the toxic substances released by Defendants.

33

c. Negligently, carelessly, and recklessly failing to warn the minor plaintiffs of the dangers of inhaling or ingesting toxic metals, gases, and other toxic substances generated by and released from the La Oroya Complex and related operations and facilities, or the potential of ingesting harmful levels of toxic metals and other toxic substances.

138. Each Defendant acted in concert with the other Defendants and pursuant to a common design with the other Defendants in committing the tortious acts alleged above because each Defendant did not want to have to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities to avoid the costs of instituting procedures and purchasing equipment at the complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

139. Each Defendant also acted in concert with the other Defendants and pursuant to a common design with the other Defendants to exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding information given to the minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

34

140. Each Defendant knew that the tortious acts of the other Defendants herein breached a legal duty of the other Defendants, yet each Defendant gave substantial assistance and encouragement to the other Defendants to commit such tortious acts because each Defendant knew that if the other Defendants acted otherwise, to avoid the costs of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

141. Each Defendant gave substantial assistance to the other Defendants herein accomplishing the tortious acts alleged by agreeing, either expressly or tacitly, not to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities.

142. As a result of the joint negligence of the Defendants herein alleged, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

143. Each Defendant is liable for the negligent acts of each of the other Defendants herein in the respects herein alleged that caused or contributed to cause injury to the minor plaintiffs.

**<u>JURY TRIAL DEMAND</u>**

Plaintiffs demand a jury trial as to all claims and issues triable of right by a jury.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court do the following:

A. an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSANDS DOLLARS ($25,000);

B. for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

C. for their costs and expenses;

D. for pre- and post-judgment interest as allowed by statute and law; and

E. for such other and further relief the Court deems just and proper.

F. Grant such other relief as is just and proper.

Dated: February 21, 2026.

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By: /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

36

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| MONSIGNOR ALFRED SCHULER AS NEXT FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., )<br><br>Plaintiffs, )<br><br>v. )<br><br>DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFREY L. ZELMS, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT., )<br><br>Defendants. | Case:<br><br>Division: |

**MOTION TO PERMIT THE USE OF PLAINTIFFS' INITIALS IN PLACE OF FULL NAMES IN ALL DOCUMENTS TO BE FILED WITH THE COURT**

COME NOW Plaintiffs and hereby move this Court to permit Plaintiffs to use initials rather than full name of minor Plaintiffs to identify Plaintiffs: Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J.

Counsel for Plaintiffs respectfully submits to the Court that it is in the best interest of the Plaintiffs that an Order be entered to identify the Plaintiffs by their initials only in order to prevent disclosure of their identity. This is needed based upon the fact that these are all minors, and their identities should be concealed from the general public in order to protect the children and their families from harassment and/or publicity.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order allowing Plaintiffs to use their initials rather than full names to identify them in any documents filed in this case.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By: /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| MONSIGNOR ALFRED SCHULER AS NEXT FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., <br><br> Plaintiffs, <br><br> v. <br><br> DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFREY L. ZELMS, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case: <br> ) <br> ) Division: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION TO PERMIT THE FILING OF
PETITION FOR APPOINTMENT OF NEXT FRIEND**

COME NOW Plaintiffs and hereby move this Court to permit Plaintiffs to File a Petition for Appointment of Next Friend and in support thereof state as follows:

Counsel for Plaintiffs respectfully submits to the Court that it is in the best interest of the Plaintiffs that an Order be entered allowing for the filing of Petitions to Appoint Next Friend in this matter for these Plaintiffs. This is needed based upon the fact that Plaintiffs are minors and their identities should be concealed from the general public in order to protect the children and their families from harassment and or publicity.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order allowing Plaintiffs to file a Petition for Next Friend.

Dated this 21st day of February, 2026.

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:   /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

2

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

MONSIGNOR ALFRED SCHULER AS NEXT )
FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., )
S.J.Q.O, and D.Y.C.J., )
                            )
       Plaintiffs, )
                            )
      v. )   Case:
                            )
DOE RUN RESOURCES CORPORATION, D.R )   Division:
ACQUISITION CORP., MARVIN K. KAISER, )
ALBERT BRUCE NEIL, JEFFREY L. ZELMS, )
THEODORE P. FOX III, THE RENCO GROUP, )
INC., RENCO HOLDINGS, INC., and IRA L. )
RENNERT., )
       Defendants. )

**<u>MOTION TO PERMIT THE USE OF PLAINTIFFS' INITIALS IN PLACE OF FULL
NAMES IN ALL DOCUMENTS TO BE FILED WITH THE COURT</u>**

COME NOW Plaintiffs and hereby move this Court to permit Plaintiffs to use initials rather than full name of minor Plaintiffs to identify Plaintiffs: Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J.

Counsel for Plaintiffs respectfully submits to the Court that it is in the best interest of the Plaintiffs that an Order be entered to identify the Plaintiffs by their initials only in order to prevent disclosure of their identity. This is needed based upon the fact that these are all minors, and their identities should be concealed from the general public in order to protect the children and their families from harassment and/or publicity.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order allowing Plaintiffs to use their initials rather than full names to identify them in any documents filed in this case.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:  /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**EN ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

Ŷ.Y.S.R.

Menor,

<table>
<tr><td>Demandante,</td><td>Causa No.</td></tr>
<tr><td>vs.</td><td>División No.</td></tr>
<tr><td>DOE RUN RESOURCES CORPORATION, DR. ACQUISTION CORP., MARVIN K. KAISER, JEFFERY L. ZELMS, THEODORE P. FOX III, JERRY PYATT, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., AND IRA L. RENNERT,</td><td>Lesiones Personales que sobrepasan los Veinticinco Mil Dólares<br><br>Juicio con Jurado Solicitado</td></tr>
<tr><td>Demandados</td><td></td></tr>
</table>

_____/

<u>PETICIÒN PARA LA DESIGNACIÒN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÒN</u>

COMPARECE __Y.Y.S.R.__, Peticionario/a (en lo adelante mencionado como "el/la Menor" o "el/la Peticionario/a") y según el Reglamento 52.02 (c) presenta esta Petición para la Designación de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Menor nació el __Redacted__.

2. Que el/la Menor tiene más de catorce (14) años de edad y no tiene tutor legalmente designado.

3. Que el/la Menor desea iniciar un proceso en este Tribunal contra los demandados nombrados anteriormente por lesiones personales.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

4. Que el/la Menor vive con _Jovana Eva Povichagua Ventura_ en _Calle Arequipa - Suitucancha._ y se ha entregado notificación de la presente Petición a dichas personas.

5. Que el/la Menor solicita al Tribunal que _Monsignor Alfred Schuler_ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

6. Que el/la Menor declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando _Monsignor Alfred Schuler_ como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: _Martes 3 Mayo 2022._

TESTIGO:

_____
Firma

_Jovana Eva Ravichagua Ventura_
Nombre

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____        Fecha: _____

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

_YY.S.R._

Minor,

Plaintiff,

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

Case No.

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW _Y. Y. S. R._ (hereinafter referred to as "Minor" or "Petitioner") pursuant to Rule 52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the following:

1. That Minor was born _Redacted_

2. That Minor is over the age of fourteen (14) and has no legally appointed guardian.

3. That Minor desires to commence an action in this Court against the Defendants named above for personal injuries.

4. That Minor lives with _Jovana Eva. Rovichagua Ventura._ at _Calle Arequipa 3/u Suitocancha._, and notice of this Petition has been given to such persons.

5. That Minor petitions the court to appoint _Monsignor Alfred Schulte_ who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

6. That Minor further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Minor is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing _Monsignor Alfred Schulte_ as Next Friend for the purpose of prosecuting in this court a claim for damages against the above named Defendants.

_____
Petitioner

Date: _Mortes 3 Mayo 2022_

WITNESSED BY:

_____
Signature

_Jovona Eva Rauichagua Ventura,_
Print Name

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENT

I, _____ . hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____                                          Date:_____

Respectfully submitted.

**NAPOLI SHKOLNIK PLLC**                     **THE GORI LAW FIRM, P.C.**

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville. IL 62025
(618) 307-4528
pnapoli@napolilaw.com
w.ikes@napolilaw.com

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ. P.A.**

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle. Suite 1150
Coral Gables. FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI

__M. T. Q. O.__ menor, por

medio de su Padre/Madre

Demandante,

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Demandados.

Causa No.

División No.

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

## PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN

COMPARECE Sadut Esther Ortega Mendoza , Peticionario/a y padre/madre

natural de ___M. T. Q. O.___ , (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de

   dieciocho (18) años de edad.

2. Que el/la Menor nació ___Redacted___

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente

   designado.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con _Sadit Esther Ortega Mendoza_ en _junta Vecinal Miraflores MZ V LT 15_ y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que _Monsignor Alfred Schuler_ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando _Monsignor Alfred Schuler_ como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: _28 Enero 2022._

TESTIGO:

_____
Firma

_Elizabeth Yrene Arroyo Jimenez_
Nombre

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____     Fecha: _____

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

M.T. Q. O.

Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

Case No.

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW Sadit Esther Ortega Mendoza, Petitioner and natural parent of

M.T. Q. O. (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

    years.

2. That Minor was born _ _Redacted_.

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

    above for personal injuries.

5. That Minor lives with Sadit Esther Ortega Mendoza, at Junta Vecinal Miraflores Mz v LT 15, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint Nfred Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing Alfred Schuler as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: 28 Enero 2022.

WITNESSED BY:

_____
Signature

Elizabeth Yrene Arroyo Jimenez.
Print Name

## CONSENT

I, _____ , hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____                    Date:_____

Respectfully submitted,

NAPOLI SHKOLNIK PLLC                    THE GORI LAW FIRM, P.C.

By: /s/ Wilson D. Sikes                 By: /s/ N. Ryan Mayfield
Wilson D. Sikes (MO Bar #69579)         N. Ryan Mayfield, MO Bar #67322
Paul J. Napoli (Pro Hac Vice pending)   Sara M. Salger, MO Bar #61393
Mark Twain Plaza II                     156 N. Main Street
103 West Vandalia Street, Suite 125     Edwardsville, IL 62025
Edwardsville, IL 62025                  (618) 659-9833
(618) 307-4528                          rmayfield@gorilaw.com
pnapoli@napolilaw.com                   sara@gorilaw.com
w.ikes@napolilaw.com


RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
vt@rtgr-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

A. P. B. C.

medio de su Padre/Madre                              menor, por

Demandante,                          Causa No.

vs.                                  División No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

Demandados.

PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA
MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN

COMPARECE PAOLA KARINA CASO CUOA, Peticionario/a y padre/madre natural de A. P. B. C., (en lo adelante mencionado como "el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de dieciocho (18) años de edad.

2. Que el/la Menor nació Redacted

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con PAOLA KARINA CASO CUBA en PJe MANTARO – CALLE IQUITOS – OROYA y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que Alfred Schuler quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando Alfred Schuler como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: 08 MARZO 2022

TESTIGO:

_____
Firma

_____
Nombre

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____     Fecha: _____

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

A. P. B. C.

Minor, by and through his/her parent.

    Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

    Defendants.

_____/

Case No.

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW PAOLA KARINA CASO CUDA, Petitioner and natural parent of

A. P. B. C. _____ (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

   years.

2. That Minor was born _ Redacted _

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

   above for personal injuries.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

5. That Minor lives with ___PAOLA KARINA CASO CUBA___ at ___Pje MANTARO- CALLE IQUITOS -OROYA___, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint _Alfred Schuler_ who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing _Alfred Schuler_ as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_PCuffE_
Petitioner

Date: 08 MARZO 2022

WITNESSED BY:

_____
Signature

_Fidel Burgos Guadalupe_
Print Name

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENT

I, _____ . hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____                    Date:_____

Respectfully submitted.

NAPOLI SHKOLNIK PLLC                THE GORI LAW FIRM, P.C.

By: /s/ Wilson D. Sikes            By: /s/ N. Ryan Mayfield
Wilson D. Sikes (MO Bar #69579)    N. Ryan Mayfield, MO Bar #67322
Paul J. Napoli (Pro Hac Vice pending)   Sara M. Salger, MO Bar #61393
Mark Twain Plaza II                156 N. Main Street
103 West Vandalia Street, Suite 125   Edwardsville, IL 62025
Edwardsville, IL 62025             (618) 659-9833
(618) 307-4528                     rmayfield@gorilaw.com
pnapoli@napolilaw.com              sara@gorilaw.com
wsikes@napolilaw.com


RODRIGUEZ TRAMONT + NUÑEZ. P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle. Suite 1150
Coral Gables. FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI

S. J. Q. O.                    _____ menor, por

medio de su Padre/Madre

                    Demandante,                    Causa No.

        vs.                                         División No.

DOE RUN RESOURCES                    Lesiones Personales que
CORPORATION, DR. ACQUISTION          sobrepasan los Veinticinco Mil
CORP., MARVIN K. KAISER,             Dólares
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,                Juicio con Jurado Solicitado
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

                    Demandados.

## PETICIÒN PARA LA DESIGNACIÒN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÒN

COMPARECE Sadet Esther Ortega Mendoza , Peticionario/a y padre/madre natural de S. J. Q. O. _____, (en lo adelante mencionado como "el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de dieciocho (18) años de edad.

2. Que el/la Menor nació _____ Redacted _____

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con _Sadit Esther Ortega Mendoza_ en _Junta Vecinal Miraflores. MZVLT15_ y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que _Alfred Schuler_ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando _Alfred Schuler_ como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: _28 Enero 2022._

TESTIGO:

_____
Firma

_Elizabeth Yrene Arroyo Jimenez_
Nombre

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____          Fecha: _____

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

S. J. Q. O.
Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

Case No.

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

### PETITION FOR APPOINTMENT OF NEXT FRIEND
### FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW Sadit Esther Ortega Mendoza Petitioner and natural parent of
S. J. Q. O. (hereinafter referred to as "Minor") and pursuant to Rule
52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the
following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18) years.

2. That Minor was born _Redacted_.

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named above for personal injuries.

5. That Minor lives with _Sodit Esther Ortega Mendoza_ at Junta Vecinal Miraflores MzV Lt 15___, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint _Alfred Schuler_ who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing _Alfred Schuler_ as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: _28 Enero  2022._

WITNESSED BY:

_____
Signature

_Elizabeth Yrene Arroyo Jimenez._
Print Name

## CONSENT

I, _____ . hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____              Date:_____

Respectfully submitted.

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
w.ikes@napolilaw.com

THE GORI LAW FIRM, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ. P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle. Suite 1150
Coral Gables. FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgr-law.com

EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI

D. Y. C. J. _____, menor, por
medio de su Padre/Madre

|  |  |
|---|---|
| Demandante, | Causa No. |
| vs. | División No. |

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

Demandados.

## PETICIÒN PARA LA DESIGNACIÒN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÒN

COMPARECE Mila Jimenez Porras. _____, Peticionario/a y padre/madre

natural de - D. Y. C. J. _____, (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de

dieciocho (18) años de edad.

2. Que el/la Menor nació D. Y. C. J.

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente

designado.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con Mila Jimenez Porras en Jr Manco Capac S/N. Huancayo. y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que Alfred Schuler quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando Alfred Schuler como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: 04 Febrero 2022

TESTIGO:

_____
Firma

elizabeth Yrene Arroyo Jiménez
Nombre

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____          Fecha: _____

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

D.Y.C.J.
Minor, by and through his/her parent,

<table>
<tr><td>Plaintiff</td><td>Case No.</td></tr>
<tr><td>vs.</td><td>Division No.</td></tr>
<tr><td>DOE RUN RESOURCES<br>CORPORATION, DR. ACQUISTION<br>CORP., MARVIN K. KAISER,<br>JEFFERY L. ZELMS, THEODORE<br>P. FOX III, JERRY PYATT,<br>THE RENCO GROUP, INC., RENCO<br>HOLDINGS, INC., AND IRA L. RENNERT,</td><td>Personal Injury in Excess of<br>Twenty Five Thousand Dollars<br><br>Jury Trial Demanded</td></tr>
<tr><td>Defendants.</td><td></td></tr>
</table>

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW Hila Jimenez Porras. , Petitioner and natural parent of

D.Y.C.J. _ (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

years.

2. That Minor was born Redacted

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

above for personal injuries.

5. That Minor lives with ___Mila Jimenez Porras.___ at ___Jr Manco Capoc s/n .Huancayo.___, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint _Alfred Schuler_ who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing _Alfred Schuler_ as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____

Petitioner

Date: _01 Febrero 2022._

WITNESSED BY:

_____

Signature

_Elizabeth Yrene Arroyo Jimenez_

Print Name

## CONSENT

I, _____ . hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____                                    Date:_____

Respectfully submitted.

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville. IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

THE GORI LAW FIRM, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ. P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle. Suite 1150
Coral Gables. FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

MONSIGNOR ALFRED SCHULER AS NEXT
FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C.,
S.J.Q.O, and D.Y.C.J.,

      Plaintiffs,

    v.

DOE RUN RESOURCES CORPORATION, D.R
ACQUISITION CORP., MARVIN K. KAISER,
ALBERT BRUCE NEIL, JEFFREY L. ZELMS,
THEODORE P. FOX III, THE RENCO GROUP,
INC., RENCO HOLDINGS, INC., and IRA L.
RENNERT.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case:

Division:

## ORDER APPOINTING NEXT FRIEND

Upon consideration of The Petitions for Appointment of Next Friend of Petitioners for

appointment of Msgr. Alfred Schuler as their Next Friend, the written request of the Petitioners

that such appointment be made, and the written consent of Msgr. Alfred Schuler to serve as Next

Friend having been filed with the Court, and for good cause appearing, it is hereby ORDERED

that Msgr. Alfred Schuler is appointed as Next Friend of Petitioners to institute and prosecute the

above-entitled action, pursuant to Missouri Rule of Civil Procedure 52.02.

                    SO ORDERED:

_____           _____

Date:  February _____, 2026             Circuit Judge

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

MONSIGNOR ALFRED SCHULER AS NEXT )
FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., )
S.J.Q.O, and D.Y.C.J., )
         )
        Plaintiffs, )
         )  Case:
        v. )
         )  Division:
DOE RUN RESOURCES CORPORATION, D.R )
ACQUISITION CORP., MARVIN K. KAISER, )
ALBERT BRUCE NEIL, JEFFREY L. ZELMS, )
THEODORE P. FOX III, THE RENCO GROUP, )
INC., RENCO HOLDINGS, INC., and IRA L. )
RENNERT., )
         )
        Defendants.

**PLAINTIFFS' REQUEST FOR SUMMONS**
**FOR SERVICE BY MAIL**

COME NOW Plaintiffs and hereby request a Summons to be issued for service by mail

for the following Defendants:

Doe Run Resources Corporation
A New York Corporation
CT Corporation System
120 South Central Avenue
Clayton, MO 63105

D.R. Acquisition Corp.
A Missouri Corporation
CT Corporation System
120 South Central Avenue
Clayton, MO 63105

Marvin K. Kaiser
10 North Kingshighway, Apt. 10C
St. Louis, MO 63108

Theodore P. Fox, III
10 North Kingshighway, Apt. 10C
St. Louis, MO 63108

1

Albert Bruce Neil
129 E. Clinton Place, Apt. 2D
Kirkwood, MO 63122

Jeffrey L. Zelms
406 North Point Drive
Camdenton, MO 65020

Renco Holdings, Inc.
A New York Corporation
30 Rockefeller Plaza
42nd Floor, Suite 4225
New York, NY 10112

The Renco Group, Inc.
A New York Corporation
30 Rockefeller Plaza
42nd Floor, Suite 4225
New York, NY 10112

Ira L. Rennert
30 Rockefeller Plaza
42nd Floor, Suite 4225
New York, NY 10112

WHEREFORE, Plaintiffs respectfully request that the Court enter a Summons allowing

Plaintiffs to serve the above-mentioned Defendants by mail.

Dated this 21st day of February, 2026.

**NAPOLI SHKOLNIK as registered
tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

2

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**
By: /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.                                   vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to**: **DOE RUN RESOURCES CORPORATION**
**Alias:**

**CT CORPORATION SYSTEM**
**120 SOUTH CENTRAL AVE**
**CLAYTON, MO  63105**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| | |
|---|---|
| 24-FEB-2026 | THOMAS KLOEPPINGER |
| Date Issued | Clerk |

### Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent DOE RUN RESOURCES CORPORATION by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 |
| Plaintiff/Petitioner:<br>Y.Y. S.R. vs. | Plaintiff's/Petitioner's Attorney/Address: |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

**The State of Missouri to:  D.R. ACQUISITION CORP.**
   **Alias:**

**CT CORPORATION SYSTEM**
**120 SOUTH CENTRAL**
**AVENUE**
**CLAYTON, MO  63105**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

***COURT SEAL OF***



***CITY OF ST LOUIS***

| | |
|---|---|
| 24-FEB-2026 | THOMAS KLOEPPINGER |
| Date Issued | Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent D.R. ACQUISITION CORP. by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____        _____

# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.                           vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to**: **MARVIN K KAISER**
                        **Alias:**

**10 N KINGSHIGHWAY APT**
**10C**
**SAINT LOUIS, MO  63108**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent MARVIN K KAISER by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____        _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.        vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to: ALBERT BRUCE NEIL**
              **Alias:**

**129 E CLINTON PLACE APT**
**2D**
**KIRKWOOD, MO 63122**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

***COURT SEAL OF***



***CITY OF ST LOUIS***

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

### Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent ALBERT BRUCE NEIL by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____        _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.          VS. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to: JEFFREY ZELMS**
      **Alias:**

**406 NORTH POINT DRIVE**
**CAMDENTON, MO 65020**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

***COURT SEAL OF***



***CITY OF ST LOUIS***

|  |  |
|---|---|
| 24-FEB-2026 | THOMAS KLOEPPINGER |
| Date Issued | Clerk |

### Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent JEFFREY ZELMS by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____      _____

# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R. vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to: THEODORE P. FOX III**
**Alias:**

**10 NORTH KINGSHIGHWAY,**
**APT. 10**
**ST. LOUIS, MO 63108**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent THEODORE P. FOX III by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____     _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 |
|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.                             vs. | Plaintiff's/Petitioner's Attorney/Address: |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

**The State of Missouri to:  THE RENCO GROUP INC**
**Alias:**

**30 ROCKEFELLER PLAZA**
**42ND FLOOR SUITE 4225**
**NEW YORK, NY  10112**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| | |
|---|---|
| 24-FEB-2026 | THOMAS KLOEPPINGER |
| Date Issued | Clerk |

### Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent THE RENCO GROUP INC by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____        _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 |
|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.                                 vs. | Plaintiff's/Petitioner's Attorney/Address: |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

**The State of Missouri to:  RENCO HOLDINGS INC**
**Alias:**

**30 ROCKEFELLER PLAZA**
**42ND FLOOR  SUITE 4225**
**NEW YORK, NY  10112**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent RENCO HOLDINGS INC by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____          _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.        vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to: IRA L RENNERT**
              **Alias:**

**30 ROCKEFELLER PLAZA**
**42ND FLOOR SUITE 4225**
**NEW YORK, NY 10112**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent IRA L RENNERT by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

MONSIGNOR ALFRED SCHULER AS NEXT )
FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., )
S.J.Q.O, and D.Y.C.J., )
                                   )
       Plaintiffs, )     Case: 2622-CC00366
                                   )
      v. )     Division:
                                   )
DOE RUN RESOURCES CORPORATION, D.R )
ACQUISITION CORP., MARVIN K. KAISER, )     Personal Injury in Excess of Twenty-
ALBERT BRUCE NEIL, THEODORE P. FOX III, )     Five Thousand Dollars
THE RENCO GROUP, INC., RENCO )
HOLDINGS, INC., and IRA L. RENNERT., )     JURY TRIAL DEMANDED
                                 )
       Defendants. )

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, Monsignor Alfred Schuler, as Next Friend of Y.Y.S.R.,

M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., by and through undersigned counsel, on behalf of

themselves, sue Defendants, DOE RUN RESOURCES CORPORATION, D.R ACQUISITION

CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, THEODORE P. FOX III, THE

RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT, (collectively

"Defendants") and for their Complaint allege, upon information and belief and based on the

investigation to date of their counsel, as follows:

**INTRODUCTION**

*"No safe blood lead level in children has been identified. Lead exposure can affect nearly
every system in the body."*

> -National Center for Environmental Health, Division of Emergency and
> Environmental Health Services[1]

---

[1] http://www.cdc.gov/nceh/lead/.

1

Time Magazine has named La Oroya, Peru as one of the 10 most polluted places in the world.[2] This is an action to seek damages from Defendants for injuries, damages and losses suffered by each and every minor plaintiff named herein, who were minors or *in utero* at the time of their initial exposures and injuries as a result of exposure to the release of lead and other toxic substances from Defendants' ownership, use, management, supervision, storage, maintenance, disposal and release of materials containing lead and other toxic substances from the lead smelter owned and/or operated by the Defendants in the region of La Oroya, Peru. At critical times during gestation and/or their developmental years and to the present, the minor plaintiffs were exposed to damaging levels of lead and other toxic substances.

## THE PARTIES

**PLAINTIFFS**

1. All of the minor Plaintiffs have lived or were *in* utero in the region of La Oroya Peru during relevant times, for the purpose of prosecuting the claims alleged herein.

2. Plaintiff's Next Friend Msgr. Alfred Schuler is and at all relevant times herein has been a resident of the City of Saint Louis, Missouri.

**DEFENDANTS**

3. Defendant The Doe Run Resources Corporation ("Doe Run") is an international natural resource company focused on mining, smelting and fabrication of metals. At all relevant times, Doe Run was a New York corporation with its principal place of business in St. Louis, Missouri. At all relevant times, Defendant Doe Run owned, and either directly or through other Defendants, operated, used, managed and supervised, the La Oroya metallurgical complex (the "La Oroya Complex") which stored, maintained, or controlled various properties, including a lead

---

[2] Walsh, Bryan, *The World's Most Polluted Places,* Time Magazine, 2007

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

smelter, and the waste on such properties. The La Oroya Complex also stored materials containing lead and other toxic substances released from the complex. Upon information and belief, Doe Run is the second largest lead producer in the world and has reported profits in the 100's of millions of dollars.

4.      Defendant Doe Run wholly owns Doe Run Cayman, Ltd., a Cayman Island corporation, which owns Doe Run Peru.

5.      Doe Run Cayman Ltd. has no operations separate from "owning" Doe Run Peru.

6.      At all relevant times, Defendant Doe Run both directly and through its ownership of Doe Run Cayman, Ltd., controlled and operated Doe Run Peru. Doe Run Peru was an agent of the Defendants. Defendants expressly or impliedly consented to Doe Run Peru acting on their behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries. Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru

7.      Defendant D.R. Acquisition Corp. is and at all times relevant herein was a Missouri corporation with its principal place of business in Missouri. D.R. Acquisition Corp. owns 100% of Doe Run.

8.      Defendant Renco Holdings, Inc. and Defendant The Renco Group, Inc. (collectively "Renco") are New York corporations with their principal places of business in New York. At all relevant times, Defendant D.R. Acquisition Corp., the current owner of Doe Run Peru, has been a wholly owned subsidiary of Defendant Renco. Renco owns 100% of stock of Defendant Doe Run directly or indirectly through D.R. Acquisition Corp.

3

9.     At all relevant times, Defendant Renco was doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run through its agents, servants, and employees acting within the course and scope of their employment, service, and agency. As the owner who controls Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya Complex since the date Defendants' purchased the complex, October 24, 1997.

10.     Defendant Ira L. Rennert is a resident of the City of New York, State of New York. At all relevant times, Defendant Rennert was a director, officer, and agent of Defendant Renco and Defendant Doe Run and the controlling owner of all of the corporate defendants. Defendant Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

11.     Defendant Marvin K. Kaiser is a resident of the City of St. Louis, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately February 2006, Defendant Kaiser was an officer and agent of Defendant Doe Run.

12.     Defendant Albert Bruce Neil is a resident of the City of Kirkwood, State of Missouri. From approximately 2003, Defendant Neil was and continues to be an officer and agent of Defendant Doe Run.

13.     Defendant Jerry Pyatt is a resident of Kirkwood, Missouri. From approximately 2003 to the present, Defendant Pyatt has been an officer and agent of Defendant Doe Run.

14.     Defendant Theodore P. Fox III is a resident of the City of Eureka, State of Missouri. From approximately September 2006, Defendant Fox was and continues to be an officer and agent of Doe Run.

**FURTHER IDENTIFICATION OF THE DEFENDANTS**

15. Defendants Doe Run and Renco purchased the La Oroya metallurgical complex in 1997.

16. As owner of the La Oroya metallurgical complex, Doe Run is liable for the activities and the toxic environmental releases from the complex since the date Defendants' purchased the complex, October 24, 1997.

17. At relevant times, Doe Run Peru was an agent of the Defendants. Defendants consented, expressly or impliedly, to Doe Run Peru acting on its behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries. Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru.

18. Defendant Doe Run is the second largest total lead producer in the world and has reported profits in the 100's of millions of dollars during relevant times. Doe Run is an international natural resource company based in St. Louis, Missouri and focused on the mining, smelting, recycling and fabrication of metals.

19. Defendants owned, operated, maintained, managed and/or used the La Oroya metallurgical complex and related operations and facilities, or acted in conspiracy with each other defendant and continue to do so in a way that negligently, carelessly and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which minor plaintiffs have in the past and/or continue to reside, use and visit, and/or were exposed, and purposefully withheld

5

information and/or deliberately deceived the minor plaintiffs with regard to the dangers of such exposures, resulting in toxic exposure to minor plaintiffs.

20. Defendant D.R. Acquisition Corp., a wholly owned subsidiary of defendant Renco, owns 100% of Defendant Doe Run's common stock, both voting and non-voting. There is no established public trading market for these shares. All (100%) of Doe Run's issued and outstanding common and preferred stock is directly or indirectly owned by Renco through D.R. Acquisition Corp.

21. Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer, for himself and members of his family. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

22. At all times relevant hereto, Defendant Renco was and continues to be a corporation organized and existing by virtue of law doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run by and through its agents, servants, and employees acting within the course and scope of their employment, service, and agency and continues to do so. As owner of Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya metallurgical complex since the date Defendants' purchased the complex, October 24, 1997.

23. Each of the corporate Defendants owned, operated, used, managed, supervised, and/or controlled the La Oroya complex and related operations and facilities in La Oroya and/or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by the partnership. As owners, operators and/or partners in the Doe Run Company, the corporate Defendants are jointly and

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

severally liable for acts and releases related to the La Oroya complex and related operations and facilities.

24.     Some or all of the corporate Defendants, pursuant to various written agreements, including the various Doe Run partnership agreements as amended and restated, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya complex and related operations and facilities since October 24, 1997. In addition and alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions from Defendants' metallurgical complex and related operations and facilities that Defendants knew were being transported to properties on which minor plaintiffs have and/or continue to reside, use or visit, and/or not to implement adequate pollution controls at Defendants' metallurgical complex and related operations and facilities, and or and purposefully concealing information and/or deliberately deceiving the minor plaintiffs with regard to the dangers of such exposures, with the purpose of the cost and reduction of profits, bonuses and the value of wages, stock, and/or stock options of Doe Run as well as the corporate Defendants.

25.     The corporate Defendants, while located in the States of Missouri and/or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

26.     At all times, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

27.     As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

## JURISDICTION

28.     This Court has personal jurisdiction over all parties.

29.     The acts and omissions complained of in this action occurred in this State by Defendants and employees and officers of the corporate defendants, all acting within the course and scope of their agency and employment in this state.

## VENUE

30.     Venue is proper in this Court pursuant to §508.010 RSMo (2014).

## FACTUAL ALLEGATIONS

31.      The town of La Oroya is a mining town located in the central Andean highlands of Peru, at an elevation of approximately 3,750 meters above sea-level. For more than 500 years, the settlements near La Oroya are believed to have been working small-scale mining operations. In the last one hundred years however, with the creation of the La Oroya Complex, production

8

dramatically increased, contaminating the local population with it. The La Oroya Complex is located only meters from the city center.

32. The La Oroya Complex recovers 11 metals including copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium and antimony, as well as numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines

33. In 1922, the privately owned Cerro de Pasco Copper Corporation established the La Oroya Complex for copper smelting and refining. Cerro de Pasco added a lead smelter and refinery in 1928, a sulfuric acid plant in 1939, a silver refinery in 1950, and a zinc refinery in 1952.

34. The Complex comprises four key circuits. These circuits are the copper smelter and refinery (the "Copper Circuit"); the lead smelter and refinery (the "Lead Circuit"); an anode residue plant and silver refinery (the "Precious Metals Circuit"); and zinc roasting plant, leaching and purification plant and refinery (the "Zinc Circuit," and collectively the "Circuits.")

35. The Complex also includes numerous other facilities designed to process by-products released during the smelting process, including sulfuric acid plants, an oxygen plant, and several pilot plants to recover minor metallic by-products.

36. The following diagram shows the main facilities in each circuit and the interrelationships between the four circuits:

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM



37.     Because smelters process concentrates to create a pure ore by burning-off and/or separating out unwanted impurities, it is very difficult to control emissions of such substances.

38.     This is true of any smelter, but the La Oroya Complex faces particular challenges in this regard because the integrated smelting processes are among the most complex in the world.

39.     Indeed, the La Oroya Complex is one of only four smelting facilities worldwide capable of recovering numerous metals and by-products from complex, poly-metallic concentrates with high levels of impurities.

40.     While most smelters recover only one or two metals and a few by-products from a "clean" concentrate (i.e., a concentrate with a high level of the target metal and a low level of

10

impurities), the La Oroya Complex recovers 11 metals (copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium, and antimony) and numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, and zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines.

41. The composition of the concentrates processed at the Complex has major implications for its design and operation and for its potential environmental impacts.

42. The Complex's four circuits (copper, lead, precious metals, and zinc) are integrated so as to allow by-products and intermediary substances produced during the processing of concentrates in one circuit to be further processed and refined in the other circuits, thus maximizing the recovery of valuable metals.

43. At the same time, the concentrates contain high levels of other substances that either lack economic value or that cannot be fully recovered, including: sulfur, arsenic, and cadmium.

44. Thus, the process of isolating and refining the target metals creates substantial quantities of by-products, which contain substances that may be harmful to the environment and human health.

45. In 1974, the Peruvian government nationalized the company and operated the smelter and mine as a state enterprise, Centromin Peru S.A.

46. In November 1991, the Peruvian Government issued Legislative Decree 708, declaring the promotion of private investment in the mining sector in the national interest and eliminating the exclusive rights that previously had been granted to State-owned mining companies.

11

47.     As the Peruvian Government later explained in its official 1999 White Paper[3]:

> Since 1960 the governing criterion was that the best way to promote the economic growth and redistribute their benefits was through the state intervention that allocated resources according to the criteria set by centralized planning.
>
> In contrast, in 1990, the implementation of a set of policies aimed at reducing the economic role of the State as well as to increase private sector activity assumes even greater importance.
>
> From that time on, there was a significant change in the role of the State starting to create the necessary conditions to attract foreign investment and, in parallel, to design a privatization policy aimed at ensuring that the private sector is the dynamic engine of the economy.

48.     A 1992 Resolution included Centromin in the privatization process. Peru created a special committee to oversee Centromin's privatization (Comité Especial de Privatización), including the sale of the La Oroya Complex (the "Special Privatization Committee" or "CEPRI").

49.     At the same time, the Peruvian Government began to implement a modern environmental legal framework.

50.     The new Environmental and Natural Resources Code (enacted in September 1990) imposed several general requirements on mining and metallurgical companies, including obligations to include in their facilities equipment for control of contaminants and to treat wastewaters used in the processing of minerals.

51.     In June 1993, the Peruvian Government issued Regulations for Environmental Protection in Mining and Metallurgy. Article 5 of the Regulations provided that companies operating in the sector would be "liable for any emissions, discharges and disposal of waste to the environment occurring as a result of processes carried out at their installations," and it

---

[3] Government of Peru, White Paper concerning the Fractional Privatization of Centromin, 1999

12

obligated them "to avoid and prevent any elements and/or substances from surpassing the maximum allowable levels" to be issued by the Ministry of Energy & Mines.

52. The outside consulting firm Knight Piésold advised in its 1996 report to the Peruvian Government that:

(i) There was no simple remedy to the existing air quality problem, which extended to lead, SO2 and other particulate emissions.

(ii) Any solution would require "detailed engineering evaluation beyond the scope of the present evaluation."

(iii) Implementation of adequate controls to meet standards may take "in excess of the ten year implementation schedule being considered by the Peruvian Ministry."

(iv) "Considerable flexibility in the implementation and application of new standards will be necessary if La Oroya is to continue as an economically viable operation."

(v) "Continued long-term operation of the smelter and progress on privatization can be achieved only if La Oroya is subject to realistic requirements to gradually reduce emissions."

53. With this knowledge and understanding, Doe Run, part of the Renco Group, purchased the smelter complex in 1997 from the state.

54. As the owners and operators of the La Oroya Complex, Defendants are liable for the activities and the toxic environmental releases from the complex since the date Defendants purchased the complex, October 24, 1997.

55. Plaintiffs have lived in the region of La Oroya, Peru and have been exposed to and harmed by the dangerous and toxic substances released from the La Oroya Complex.

56. The smelter took the name of Doe Run Peru (DRP) metallurgical complex.

57. When Doe Run purchased the facility it agreed to improve the facility and lessen its environmental impact.

58. Doe Run failed to implement the environmental management plan that was a condition of its purchase of the smelter in 1997.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

59. Doe Run received several extensions of time from the Peruvian government to complete the environmental management plan. Despite these extensions, it failed to complete the plan.

60. In 2002, The National Council for the Environment of Peru reported that Doe Run Peru emitted 3,312 tons/year of particulate matter, 380,136 tons/year of sulfur dioxide, 226 tons/year of nitrogen oxides, 847 tons/year of lead, 423 tons/year of arsenic, and 43 tons/year of cadmium.

61. In November 2005, the Centers for Disease Control (CDC) in Atlanta analyzed blood and urine samples of two population samples, one from La Oroya, the study site, and one from Concepcion, the control site. These results indicated that 97% of children between six months and six years of age and 98% of children between seven and 12 years had elevated blood lead levels, in some cases three or four times the level of concern. According to the CDC, an elevated level is any level equal to or greater than 10 µg/dl in 2005 and now is 5 µg/dl.

62. Doe Run halted operations at the facility in 2009 when it was unable to access financing as a result of environmental requirements for the site.

63. The operation of the Doe Run facility has, by this point, harmed tens of thousands of people spanning decades and generations of families.

64. The minor plaintiffs in this case live or have lived in or around La Oroya, Peru and were exposed to and injured by the harmful and toxic substances released from the Defendants' metallurgical complex.

65. A group of research scientists from Saint Louis University School of Public Health in Saint Louis, Missouri who have studied La Oroya have concluded that the conditions in La Oroya constitute a public health crisis that poses serious health risks for all population

14

groups and especially for the most vulnerable groups such as infants and young children, including the minor plaintiffs. Beginning in 2005, these public health experts have performed ongoing studies to assess the health effects of environmental contamination produced by Defendants' La Oroya metallurgical complex. The purpose of these studies is to determine the extent of toxic metal exposure suffered by La Oroya residents and the studies have confirmed the gravity of the public health situation caused by Defendants' metallurgical complex. The study performed by Saint Louis University, show that over 99 percent of children in La Oroya have blood lead levels of greater than 10 µg/dl, which is the level considered to be dangerous and to cause permanent injuries.

66.     During the course of their ownership, operation, use, management, supervision, storage, maintenance, and/or control of operations of their metallurgical complex and related properties in La Oroya, Peru, and at all times relevant hereto, the Defendants, while located in the States of Missouri and/or New York, negligently, carelessly and recklessly, made decisions that resulted in the release of metals and other toxic and harmful substances, including but not limited to lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto the properties on which the minor plaintiffs have in the past and/or continue to reside, use and visit, which has resulted in toxic and harmful exposures to minor plaintiffs.

67.     The air quality level is critical not only because the minor plaintiffs must breathe this polluted air but also because the particulate matter within the air is dispersed in a dust form that enters and settles inside the minor plaintiffs' houses and is deposited on the ground and on all surfaces, including furniture, clothing, water, and crops.

68.     The health effects of lead poisoning are well known. The CDC has noted that: "No safe blood lead level in children has been identified. Even low levels of lead in blood have

15

been shown to affect IQ, ability to pay attention, and academic achievement." Lead impacts nearly every organ and system of the human body. Lead causes multitudinous and serious injuries to the nervous system, which can lead to convulsions, coma and brain death.  It causes learning and behavioral disorders, memory loss, nausea, anemia, hearing loss, fatigue, colic, hypertension, and myalgia. Moreover, children under the age of 6 years old are more susceptible to the toxic effects of lead than are adults since the brain and central nervous system are not completely developed.

69.    Sulfur dioxide, another pollutant emitted continuously and at an excessive level from Defendants' metallurgical complex, damages circulatory and respiratory system, increases mortality, and is linked to lung cancer, especially when present along with elevated levels of particulate matter, as is the case in La Oroya. Due to the wrongful actions of the Defendants described herein, the level of sulfur dioxide in the air of La Oroya is unreasonably high and dangerous to the minor plaintiffs.

70.    The Saint Louis University study also shows that urine levels of cadmium in residents of La Oroya are at a level that causes injury. Cadmium is a recognized carcinogen. The Saint Louis University study also shows that La Oroya residents have elevated levels of arsenic, another known carcinogen.  Although suitable technologies and processes exist to prevent the pollution caused by the activities at the Defendants' metallurgical complex, such technology has not been implemented by Defendants at their La Oroya Complex.

71.    A recent study by researchers at Yale University found that the Metallurgical Complex of La Oroya (CMLH) exceeded the maximum limits of heavy metals in the air. These high levels were recorded even when the smelter was not operating, between December 2009 and July 2012. Hassan Sipra, a student researcher at the Environmental Protection Clinic at Yale

16

University, found that "[w]hen the [metallurgical] complex was supposedly not operating, there were some records where the maximum permissible limit (LMP) was exceeded."

72.    Lead, cadmium and carbon dioxide exceeded maximum limits of concentration in the air.

73.    The preliminary research of Yale University found that levels of lead in the air were up to three times the maximum limits.

74.    The preliminary research of Yale University found that levels of sulfur dioxide (SO2) in the air exceeded up to 4500 times the maximum limit.

75.    The preliminary research of Yale University found that levels of cadmium in the air exceeded 45% and the highest recorded level was three times the maximum allowable limit (LMP).

76.    This research used information provided by Doe Run and the medical center of La Oroya between December 2009 and February 2014.

77.    During the course of their ownership, operation, use, management, supervision, storage, maintenance, or control of operations of the La Oroya Complex and related properties in La Oroya, Peru, the Defendants, while located in the States of Missouri or New York, made decisions regarding the operations of the complex. Those decisions were negligent, careless or reckless and resulted in the release of metals and other toxic and harmful substances, including lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto properties on which the minor plaintiffs reside, use or visit, which has resulted in toxic and harmful exposures to the minor plaintiffs.

17

78. Although suitable technologies and processes exist to prevent the pollution caused by the activities at the La Oroya Complex, such technology has not been implemented by Defendants at the complex.

79. Defendants owned, operated, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with other defendants and continue to do so in a way that negligently, carelessly or recklessly generated, handled, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex. This resulted in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or to which they were exposed. Defendants also purposefully withheld information or deliberately deceived the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, resulting in toxic exposure to the minor plaintiffs.

80. Each of the corporate Defendants owned, operated, used, managed, supervised, or controlled the La Oroya Complex and related operations and facilities in La Oroya or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by Renco or the partnership. As owners, operators or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya Complex and related operations and facilities.

81. Some or all of the corporate Defendants, pursuant to written or oral agreements, including the various Doe Run partnership agreements, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya Complex and related operations and facilities since October 24, 1997. Alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions

18

from the La Oroya Complex and related operations and facilities that Defendants knew were being transported to properties on which the minor plaintiffs have or continue to reside, use or visit, or not to implement adequate pollution controls at the complex and related operations and facilities, or purposefully concealing information or deliberately deceiving the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, with the purpose of the cost reduction of profits, bonuses and the value of wages, stock, or stock options of Doe Run as well as the corporate Defendants.

82. The corporate Defendants, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to the minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This heinous use of control proximately caused the minor plaintiffs' injuries.

83. At all relevant times herein, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

84. As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of

19

medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

**PLAINTIFFS' EXPOSURE**

85. The minor Plaintiffs have all been exposed to lead and/or other toxic substances as a result of the operations of the lead smelter owned and/or operated in La Oroya, Peru, by the Defendants.

86. Plaintiffs have been exposed through the lead and/or other toxic substances being released into the air, soil, and water in and around La Oroya, Peru.

87. Plaintiffs, where applicable, have also been exposed *in utero* when the mother carrying the child was pregnant and resided in La Oroya, Peru.

<u>**COUNT I**</u>

**(NEGLIGENCE – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., AND RENCO HOLDINGS, INC.)**

88. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

89. Defendant Doe Run Resources Corporation together with Defendant D.R. Acquisition Corp. and Defendant Renco, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants Doe Run Resources, D.R. Acquisition Corp., and Renco control from the States of Missouri and New York, the expenditures, production practices, use of technology that would limit emissions, and policies including public relations and decision-making policies regarding information given to the minor plaintiffs. Such

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

90.     Because Defendants Doe Run Resources Corporation, D.R. Acquisition Corp, and Renco, while located in the States of Missouri or New York, make decisions regarding expenditures, production practices, use of technology, policies regarding the operation of the La Oroya Complex, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants, Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco owe and have owed a duty to the minor plaintiffs who live in the vicinity of the complex, to control and contain the metals and other toxic substances it has generated, handled, stored, and disposed of at the La Oroya Complex and related operations and facilities at safe and non-toxic levels, and to warn and continue to warn the minor plaintiffs of the release of these toxic and harmful substances.

91.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco through decisions made in the States of Missouri or New York and through their agents, owned, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with each other defendant and continues to do so in a way that negligently, carelessly, and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

92.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also negligently, carelessly, and recklessly failed and continue to fail to warn the minor plaintiffs of release of the toxic metals and gases and other toxic substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, including the properties on which the minor plaintiffs have in the past or continue to reside, and of the reasonably foreseeable effects of such releases, including the dangers of inhaling or ingesting these toxic metals, gases, and other toxic substances.

93.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of exposure to the toxic substances released into the environment by their metallurgical complex and related operations and facilities.

94.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco knew or should have known that the generation, handling, storage, release and disposal of the described metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities would proximately cause damage to the minor plaintiffs.

95.     As a direct and proximate result of the releases from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other

22

expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

96. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT II

**(CIVIL CONSPIRACY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

97. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

98. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves and through their agents, servants and employees, have acted jointly and in conspiracy with the individual Defendants to commit the torts alleged in this Petition, and are jointly and severally liable for the activities and toxic environmental releases from the operations of the La Oroya Complex.

99. Defendants agreed to a scheme by which, from the States of Missouri or New York, they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. From the States of Missouri or New York, Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the minor

plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

100. One of the purposes of the conspiracy agreed upon between Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco and the other Defendants includes to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to avoid the cost of instituting procedures at and purchasing equipment for Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and Defendant Renco, and to increase the incomes of the Defendants, and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

101. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco together with the other Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

102. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendant Doe Run Resources Corporation together with the other Defendants and their agents, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses

24

and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

103. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York were outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT III

### (ABSOLUTE or STRICT LIABILITY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP, THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)

104. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

105. The ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities for which Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are jointly and severally liable, constituted and continues to constitute an abnormally dangerous activity or ultra-hazardous activity, because such activities create a high risk of significant harm.

106. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

107. The collection, handling, storage, and disposal of metals and other toxic substances by Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves or through their agents, servants and employees at Defendants' properties, has directly and

25

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

108. As a direct and proximate result of the releases from Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

109. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT IV

### (NEGLIGENCE – Defendants THEODORE P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

110. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

111. During times relevant herein, Defendant Kaiser was Vice President, Chief Financial Officer, and Chief Administrative Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Kaiser is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable

26

in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

112. During times relevant herein, Defendant Fox was Vice President of Finance and Chief Financial Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Fox is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

113. During times relevant herein, Defendant Pyatt was and continues to be the Chief Executive Officer of Defendant Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. He is also currently the President of Doe Run Resources Corporation and served as the President of Doe Run Peru from approximately September 2003 to March 2006 and as the General Manager of Doe Run Peru from approximately September 2003 to January 2006. As an officer of Doe Run, Defendant Pyatt is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

114. At all relevant times herein, Defendant Rennert was and is the Chairman and Chief Executive Officer of Defendant Renco and Chairman of Defendant Doe Run Resources Corporation. As an officer of Renco and Doe Run, Defendant Rennert is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious wrongful conduct and participated in it, and thus is individually liable. This liability is in addition to and independent of any liability based on conspiracy.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

115.    As officers of Defendant Doe Run Resources Corporation, Defendants Fox, Pyatt, Rennert, and Kaiser are liable to the minor plaintiffs because they had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it, including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

116.    In particular, Defendants Fox, Pyatt, Rennert, and Kaiser's responsibilities, actions and omissions included but were not limited to approval of expenditures for pollution control measures and expenditures for the remediation of properties. Defendants Fox, Pyatt, Rennert, and Kaiser's had involvement in the budgeting process of Doe Run including setting environmental goals and the pollution control budget for the La Oroya Complex and related operations and facilities. Defendants Fox, Pyatt, Rennert, and Kaiser also had knowledge of technologies owned by the Doe Run Company that were available to remediate contaminated soil which were not used. Defendants Fox, Pyatt, Rennert, and Kaiser had knowledge of the release of emissions from the La Oroya Complex and related operations and facilities to the La Oroya communities surrounding them, including properties on which the minor plaintiffs have resided or continue to reside, use and visit and failed to inform these communities or take any action to eliminate or reduce the release of metals and other toxic substances. Defendants Fox, Pyatt, Rennert, and Kaiser participated in and approved budgets which delayed implementation of proper pollution control measures and delayed remediation of properties contaminated by the releases from the complex and related operations and facilities. Defendants Fox, Pyatt, Rennert, and Kaiser purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of the toxic substances released from the La Oroya Complex and related operations and facilities.

117. As a direct and proximate result of the releases of toxic materials from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

118. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT V

### (CIVIL CONSPIRACY – Defendants TERRY P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

119. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

120. During times relevant herein, Defendants Fox, Pyatt, Rennert, and Kaiser were acting jointly and in conspiracy with each other and with the corporate Defendants. Defendants agreed to a scheme by which they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is

used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

121. Defendants Fox, Pyatt, Rennert, and Kaiser had and have an economic motive and personally benefited from the conspiracy. The objectives of the conspiracy included to fail to adequately control the toxic environmental releases from the La Oroya Complex and related operations and facilities that Defendants knew were being released or transported to properties on which the minor plaintiffs have in the past or continue to reside, visit or use; or not to implement adequate pollution controls at the complex because of the cost and reduction of profits, value, bonuses and the value of wages, stock or stock options of Doe Run as well as other Defendants.

122. One of the purposes of the conspiracy agreed upon between Defendants Fox, Pyatt, Rennert, and Kaiser and the corporate Defendants included to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and defendant Renco, and to increase the incomes of the Defendants and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

123. Defendants Fox, Pyatt, Rennert, and Kaiser together with the corporate Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

30

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

124. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendants Fox, Pyatt, Rennert, and Kaiser together with the corporate Defendants, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

125. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT VI

### (ABSOLUTE or STRICT LIABILITY – Defendants TERRY P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

126. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

127. Defendants Fox, Pyatt, Rennert, and Kaiser had actual knowledge of the corporate Defendants' tortious conduct and participated in it, including the acts and omissions of Defendants described herein, involving the ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities which constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm, and is thus jointly and severally liable in his individual capacity.

31

128.     Defendants Fox, Pyatt, Rennert, and Kaiser are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

129.     The collection, handling, storage, and disposal of metals and other toxic substances at Defendants' properties has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

130.     As a direct and proximate result of the releases from the Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

131.     The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

<u>**COUNT VII**</u>

**(CONTRIBUTION BASED ON TORTIOUS CONDUCT OF ENTITIES ACTING IN CONCERT – ALL DEFENDANTS)**

132.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

133. Each Defendant bears joint liability with all other defendants for the claims of negligence, conspiracy, and strict liability on the part of each Defendant in the respects hereinafter alleged, which caused or contributed to the injuries claimed by the minor plaintiffs.

134. The release by Defendants of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use, and visit or were exposed was caused or contributed to be caused by the negligence of each Defendant in the respects hereinafter alleged.

135. Each Defendant was and continues to be negligent in the following respects:

a. Negligently, carelessly, and recklessly generating, handling, storing, releasing, disposing of, or failing to control and contain the metals and other toxic substances used and generated by the complex.

b. Negligently, carelessly, recklessly failing to warn the minor plaintiffs of the release of toxic metals and gases and other substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, or deliberate deceiving the minor plaintiffs with regard to the dangers of the toxic substances released by Defendants.

c. Negligently, carelessly, and recklessly failing to warn the minor plaintiffs of the dangers of inhaling or ingesting toxic metals, gases, and other toxic substances generated by and released from the La Oroya Complex and related operations and facilities, or the potential of ingesting harmful levels of toxic metals and other toxic substances.

136. Each Defendant acted in concert with the other Defendants and pursuant to a common design with the other Defendants in committing the tortious acts alleged above because each Defendant did not want to have to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and

related operations and facilities to avoid the costs of instituting procedures and purchasing equipment at the complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

137. Each Defendant also acted in concert with the other Defendants and pursuant to a common design with the other Defendants to exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding information given to the minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

138. Each Defendant knew that the tortious acts of the other Defendants herein breached a legal duty of the other Defendants, yet each Defendant gave substantial assistance and encouragement to the other Defendants to commit such tortious acts because each Defendant knew that if the other Defendants acted otherwise, to avoid the costs of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

139. Each Defendant gave substantial assistance to the other Defendants herein accomplishing the tortious acts alleged by agreeing, either expressly or tacitly, not to acknowledge,

34

warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities.

140. As a result of the joint negligence of the Defendants herein alleged, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

141. Each Defendant is liable for the negligent acts of each of the other Defendants herein in the respects herein alleged that caused or contributed to cause injury to the minor plaintiffs.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims and issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court do the following:

A. an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSANDS DOLLARS ($25,000);

B. for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

C. for their costs and expenses;

D. for pre- and post-judgment interest as allowed by statute and law; and

E.  for such other and further relief the Court deems just and proper.

F.  Grant such other relief as is just and proper.

Dated: March 9, 2026.

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

**THE GORI LAW FIRM, P.C.**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By: /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**EN EL TRIBUNAL DE CIRCUITO DE ST. LOUIS**
**CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

Y Y J R

Menor,

Demandante,

Causa No. 2622-CC00366

vs.

División No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

Demandados

_____/

## PETICIÒN PARA LA DESIGNACIÒN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÒN

COMPARECE , ___Y YJR___, "Peticionario/a (en lo adelante mencionado como "el/la Menor" o "el/la Peticionario/a") y según el Reglamento 52.02 (c) presenta esta Petición para la Designación de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Menor nació el ___Redacted___.

2. Que el/la Menor tiene más de catorce (14) años de edad y no tiene tutor legalmente designado.

3. Que el/la Menor desea iniciar un proceso en este Tribunal contra los demandados nombrados anteriormente por lesiones personales.

4. Que el/la Menor vive con *Jovona Eva Ravichagua Venturo* en *Calle Arequipa - Scrtuconcha.* y se ha entregado notificación de la presente Petición a dichas personas.

5. Que el/la Menor solicita al Tribunal que *MSGR. John A. Schuler* quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

6. Que el/la Menor declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: *Martes 3 Mayo 2022.*

TESTIGO:

_____
Firma

*Jovona Eva Ravichagua Ventura*
Nombre

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENTIMIENTO

Yo, MSGR. A. *JOHN SCHULER* por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____
Msgr. A. John Schuler

Fecha: __2/20/26__

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI**

YYSR

Minor,

 Plaintiff,

 vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

 Defendants.

Case No. 2622-CC00366

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

---

<u>PETITION FOR APPOINTMENT OF NEXT FRIEND</u>
<u>FOR MINOR AND CONSENT TO APPOINTMENT</u>

COMES NOW ___YYSR___ ᶠ hereinafter referred to as "Minor" or
"Petitioner") pursuant to Rule 52.02 (c) submits this Petition for Appointment of Next Friend
and represents to the Court the following:

1. That Minor was born ___Redacted___

2. That Minor is over the age of fourteen (14) and has no legally appointed guardian.

3. That Minor desires to commence an action in this Court against the Defendants named
   above for personal injuries.

4. That Minor lives with _Jovona Eva. Rouchagva Venturo._ at
   _Calle Arequipa 3/u Soitocancha._, and notice of this Petition has been
   given to such persons.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

5. That Minor petitions the court to appoint MSGR. John A Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

6. That Minor further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Minor is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing MSGR. John A Schuler as Next Friend for the purpose of prosecuting in this court a claim for damages against the above named Defendants.

_____
Petitioner

Date: Martes 3 Mayo 2022

WITNESSED BY:

_____
Signature

Jovona Eva Ravichagua Ventura,
Print Name

## CONSENT

I, MSGR. A. JOHN SCHULER, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

*Msgr. A. John Schuler*                    Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC                    GORI JULIAN & ASSOCIATES, P.C.

By: /s/ Wilson D. Sikes                    By: /s/ N. Ryan Mayfield
Wilson D. Sikes (MO Bar #69579)            N. Ryan Mayfield, MO Bar #67322
Paul J. Napoli (Pro Hac Vice pending)      Sara M. Salger, MO Bar #61393
Mark Twain Plaza II                        156 N. Main Street
103 West Vandalia Street, Suite 125        Edwardsville, IL 62025
Edwardsville, IL 62025                     (618) 659-9833
(618) 307-4528                             rmayfield@gorilaw.com
pnapoli@napolilaw.com                      sara@gorilaw.com
wsikes@napolilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS**
**CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

A,P β C.                                    menor, por
medio de su Padre/Madre

                    Demandante,                    Causa No. 2622- CC00366

vs.                                                División No.

DOE RUN RESOURCES                          Lesiones Personales que
CORPORATION, DR. ACQUISTION                sobrepasan los Veinticinco Mil
CORP., MARVIN K. KAISER,                    Dólares
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,                       Juicio con Jurado Solicitado
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT.

                    Demandados.

<u>PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA
MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN</u>

COMPARECE PAOLA KARINA CASO CUOA, Peticionario/a y padre/madre natural de A P β C (en lo adelante mencionado como "el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de dieciocho (18) años de edad.

2. Que el/la Menor nació Redactad

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con ___PAOLA KARINA CASO CUBA___ en ___PJE MANTARO - CALLE IQUITOS - OROYA___ y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que ___MSGR. John A. schuler___ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7 Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

___PQ/iS___
Peticionario/a

Fecha: ___08 MARZO 2022___

TESTIGO:

_____
Firma

___Fidel Burges Gonzales___
Nombre

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENT

I, *USR A·JCHN SCHULER*, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

*[signature]*                                    Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC                      GORI JULIAN & ASSOCIATES, P.C.

By: /s/ Wilson D. Sikes                    By: /s/ D. Todd Mathews
Wilson D. Sikes (MO Bar #69579)            D. Todd Mathews (MO Bar #52502)
Paul J. Napoli (Pro Hac Vice pending)      Randy L. Gori (MO Bar #47619)
Mark Twain Plaza II                        156 N. Main Street
103 West Vandalia Street, Suite 125        Edwardsville, IL 62025
Edwardsville, IL 62025                     Telephone: (618) 659-9833
(618) 307-4528                             Facsimile: (618) 659-9834
pnapoli@napolilaw.com
wsikes@napolilaw.com


RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

__A P B C__ ‗ ‗ ‗ - - -
Minor, by and through his/her parent,

Plaintiff

Case No. 2622- CC00366

vs

Division No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

Defendants.

_____ /

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW __PAOLA KARINA CASO CUOA__, Petitioner and natural parent of
__A P B C__ (hereinafter referred to as "Minor") and pursuant to Rule
52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the
following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)
   years.

2. That Minor was born ‗ __Redacted__

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named
   above for personal injuries.

5. That Minor lives with ___PAOLA KARINA CASO CUBA___ at ___Pje MANTARO — CALLE IBUTOS — ORCYA___, and notice of this Petition has been given to such persons.

6. That Petitioner. who is an individual over the age of eighteen (18) years of age. petitions the court to appoint MSGR. John A. Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend. as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document. reviewed and signed by Petitioner is attached hereto.

WHEREFORE. Petitioner prays for an Order appointing MSGR. John A Schuler as Next Friend for the purpose of prosecuting in this court. on Minor's behalf a claim for damages against the above named Defendants.

___PCofE___
Petitioner

Date: ___08 MARZO 2022___

WITNESSED BY,

___
Signature

___
Print Name

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENT

I, MSCR. A. JUHN SCHULED, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

*Msgr. A. John Schulz*              Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

GORI JULIAN & ASSOCIATES, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

**EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS**
**CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

_____ ᴎᴛ ᵃᵛ _____ menor, por

medio de su Padre/Madre

Demandante,

Causa No. 2622 - CC00366

vs.

División No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

Demandados.

## PETICIÒN PARA LA DESIGNACIÒN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÒN

COMPARECE Sadut Esther Ortega Mendoza , Peticionario/a y padre/madre

natural de \ MTaᴗ ᴗ ___, (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de

   dieciocho (18) años de edad.

2. Que el/la Menor nació _ Redacted _____

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente

   designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con Sadit Esther Ortega Mendoza. en junta Vecinal Muoflores M2 V LT 15 y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que MSGA. John A. Schuler quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: 28 Enero 2022.

TESTIGO:

_____
Firma

Elizabeth Yrene Arroyo Jimenez
Nombre

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENTIMIENTO

Yo, _M TERI A._ _JOHN SCHULER_ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_Mrs. A. John Schuler_                    Fecha: _2/20/36_

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI**

MTao

_____

Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

_____/

Case No. 2622 - CC00366

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

**PETITION FOR APPOINTMENT OF NEXT FRIEND**
**FOR MINOR AND CONSENT TO APPOINTMENT**

COMES NOW Sadit Esther Ortega Mendoza , Petitioner and natural parent of

MTao _____ (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

   years.

2. That Minor was born ____Redacted____.

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

   above for personal injuries.

5. That Minor lives with _Sodit Esther Ortega Mendoza_ at Junta Vecinal Miraflores MzV Lt 15___, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint MSGR. John A. Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing MSGR. John A. Schuler as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: 28 Enero 2022.

WITNESSED BY:

_____
Signature

_Elizabeth Yrene Arroyo Jimenez._
Print Name

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENT

I, MSCR. A. JHN SCHOLED, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_Msgr. A. John Schulz_

Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

GORI JULIAN & ASSOCIATES, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

**EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

S J a o _____ __ menor, por
medio de su Padre/Madre

Demandante,

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Demandados.

Causa No. 2622-CC00366

División No.

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

## PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN

COMPARECE Sadet Esther Ortega Mendoza , Peticionario/a y padre/madre

natural d. _ _ S J a o _____ _____, (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de

    dieciocho (18) años de edad.

2. Que el/la Menor nació Redacted .

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente

    designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con _Sadit Esther Ortega Mendoza_ en _Junta Vecinal Miraflores. MeVLT15_ y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que _MSGR. John A. Schuler_ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: _28 Enero 2022._

TESTIGO:

_____
Firma

_Elizabeth Yrene Arroyo Jimenez_
Nombre

## CONSENTIMIENTO

Yo, _MSGR. A. JOHN SCHULER_ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.


_Msgr. A. John Schuh_                    Fecha: _2/20/26_

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

_ SJQo

Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

/

Case No. 2622-CC00366

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW _Sadit Esther Ortega Mendoza_ Petitioner and natural parent of

_ SJQo _ (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

    years.

2. That Minor was born ___ Redacted ___

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

    above for personal injuries.

5. That Minor lives with Sadit Esther Ortega Mendoza, at Junta Vecinal Miraflores Mz v LT 15, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint MSGA. John A. Schuyler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native-language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing MS GR. John A. Schuler as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: 28 Enero 2022.

WITNESSED BY:

_____
Signature

Elizabeth Yrene Arroyo Jimenez.
Print Name

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENT

I, MSGR. A. JOHN SCHOLEO, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

*Msgr. A. John Schuler*                    Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

GORI JULIAN & ASSOCIATES, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS**
**CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

_____ D Y C J _____, menor, por

medio de su Padre/Madre

Demandante,

Causa No. 2622-CC00366

vs.

División No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

Demandados.

## PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN

COMPARECE Mila Jimenez Porras. _____, Peticionario/a y padre/madre

natural de ⁻ _____ D Y C J _____, (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de dieciocho (18) años de edad.

2. Que el/la Menor nació _ Redacted _.

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con Hila Jimenez Porras _____ en jr Hanco Capac S/N. Huancayo. y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que MSGR. John A Schuler quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: 04 Febrero 2022

TESTIGO:

_____
Firma

elizabeth Yrene Arroyo Jimenez
_____
Nombre

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENTIMIENTO .

Yo, *MSCR. A. JOHN SCHULER* por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____          Fecha: _2/30/26_____

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI**

D Y C J,

Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

Case No. 2622-CC00366

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW Hila Jimenez Porras, Petitioner and natural parent of

D Y C J (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

   years.

2. That Minor was born Redacted

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

   above for personal injuries.

5. That Minor lives with ___Hila Jimenez Porras.___ at ___Jr Marco Capac s/n .Huancayo.___, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint MSGR John A. Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing MSGR. John A Schuler as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: 01 Febrero 2022.

WITNESSED BY:

_____
Signature

Elizabeth Yrene Arroyo Jimenez
Print Name

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENT

I, MSGR. A. JOHN SCHULER, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

*Msgr. A. John Schuler*          Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

GORI JULIAN & ASSOCIATES, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

YAIR YERSI SALVADOR RAVICHAGUA and
MONSIGNOR ALFRED SCHULER AS NEXT
FRIEND OF, M.T.Q.O., A.P.B.C., S.J.Q.O, and
D.Y.C.J.,

        Plaintiffs,

        v.

DOE RUN RESOURCES CORPORATION, D.R
ACQUISITION CORP., MARVIN K. KAISER,
ALBERT BRUCE NEIL, THEODORE P. FOX III,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., and IRA L. RENNERT.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 2622-CC00366

Division:

Personal Injury in Excess of Twenty-
Five Thousand Dollars

JURY TRIAL DEMANDED

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COME NOW Plaintiffs and hereby move this Court to permit Plaintiffs to file a Second Amended Complaint.

Counsel for Plaintiffs respectfully submits to the Court that Plaintiff YAIR YERSI SALVADOR RAVICHAGUA has reached the age of majority and now finds it appropriate to amend his petition to identify his full name for the record. Counsel for Plaintiffs has conferred with Counsel for Defendants and they consent to the filing of a Second Amended Complaint.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order allowing Plaintiffs to file a Second Amended Complaint.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:   /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 01:02 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

YAIR YERSI SALVADOR RAVICHAGUA and MONSIGNOR ALFRED SCHULER AS NEXT FRIEND OF, M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J.,

    Plaintiffs,

  v.

DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 2622-CC00366

Division:

Personal Injury in Excess of Twenty-Five Thousand Dollars

JURY TRIAL DEMANDED

## NOTICE OF WITHDRAWAL OF
## NEXT FRIEND PETITION

COMES NOW Plaintiff YAIR YERSI SALVADOR RAVICHAGUA and hereby withdraws his Petition for Next Friend and in support thereof state as follows:

Plaintiff has reached the age of majority and a Next Friend is no longer necessary.

WHEREFORE, Plaintiff respectfully requests that the Court disregard the Next Friend Petition filed for Plaintiff YAIR YERSI SALVADOR RAVICHAGUA. The other minor plaintiffs have not reached majority and their respective Next Friend Petitions should not be impacted by the present motion.

Dated this 12th day of March, 2026.

          Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:  /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 01:02 PM

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

YAIR YERSI SALVADOR RAVICHAGUA and
MONSIGNOR ALFRED SCHULER AS NEXT
FRIEND OF, M.T.Q.O., A.P.B.C., S.J.Q.O, and
D.Y.C.J.,

       Plaintiffs,

    v.

DOE RUN RESOURCES CORPORATION, D.R
ACQUISITION CORP., MARVIN K. KAISER,
ALBERT BRUCE NEIL, THEODORE P. FOX III,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., and IRA L. RENNERT.,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 2622-CC00366

Division:

Personal Injury in Excess of Twenty-
Five Thousand Dollars

JURY TRIAL DEMANDED

## SECOND AMENDED COMPLAINT

COMES NOW, Plaintiffs, Yair Yersi Salvador Ravichagua and Monsignor Alfred

Schuler, as Next Friend of M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., by and through

undersigned counsel, on behalf of themselves, sue Defendants, DOE RUN RESOURCES

CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE

NEIL, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and

IRA L. RENNERT, (collectively "Defendants") and for their Complaint allege, upon information

and belief and based on the investigation to date of their counsel, as follows:

## INTRODUCTION

*"No safe blood lead level in children has been identified. Lead exposure can affect nearly
every system in the body."*

      -National Center for Environmental Health, Division of Emergency and
Environmental Health Services[1]

---

[1] http://www.cdc.gov/nceh/lead/.

Time Magazine has named La Oroya, Peru as one of the 10 most polluted places in the world.[2] This is an action to seek damages from Defendants for injuries, damages and losses suffered by each and every plaintiff named herein, who were minors or *in utero* at the time of their initial exposures and injuries as a result of exposure to the release of lead and other toxic substances from Defendants' ownership, use, management, supervision, storage, maintenance, disposal and release of materials containing lead and other toxic substances from the lead smelter owned and/or operated by the Defendants in the region of La Oroya, Peru. At critical times during gestation and/or their developmental years and to the present, the plaintiffs were exposed to damaging levels of lead and other toxic substances.

## THE PARTIES

**PLAINTIFFS**

1. All of the Plaintiffs have lived or were *in* utero in the region of La Oroya Peru during relevant times, for the purpose of prosecuting the claims alleged herein.

2. Plaintiff's Next Friend Msgr. Alfred Schuler is and at all relevant times herein has been a resident of the City of Saint Louis, Missouri.

**DEFENDANTS**

3. Defendant The Doe Run Resources Corporation ("Doe Run") is an international natural resource company focused on mining, smelting and fabrication of metals. At all relevant times, Doe Run was a New York corporation with its principal place of business in St. Louis, Missouri. At all relevant times, Defendant Doe Run owned, and either directly or through other Defendants, operated, used, managed and supervised, the La Oroya metallurgical complex (the "La Oroya Complex") which stored, maintained, or controlled various properties, including a lead

---

[2] Walsh, Bryan, *The World's Most Polluted Places,* Time Magazine, 2007

2

smelter, and the waste on such properties. The La Oroya Complex also stored materials containing lead and other toxic substances released from the complex. Upon information and belief, Doe Run is the second largest lead producer in the world and has reported profits in the 100's of millions of dollars.

4.      Defendant Doe Run wholly owns Doe Run Cayman, Ltd., a Cayman Island corporation, which owns Doe Run Peru.

5.      Doe Run Cayman Ltd. has no operations separate from "owning" Doe Run Peru.

6.      At all relevant times, Defendant Doe Run both directly and through its ownership of Doe Run Cayman, Ltd., controlled and operated Doe Run Peru. Doe Run Peru was an agent of the Defendants. Defendants expressly or impliedly consented to Doe Run Peru acting on their behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the plaintiffs' injuries.  Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru

7.      Defendant D.R. Acquisition Corp. is and at all times relevant herein was a Missouri corporation with its principal place of business in Missouri. D.R. Acquisition Corp. owns 100% of Doe Run.

8.      Defendant Renco Holdings, Inc. and Defendant The Renco Group, Inc. (collectively "Renco") are New York corporations with their principal places of business in New York.  At all relevant times, Defendant D.R. Acquisition Corp., the current owner of Doe Run Peru, has been a wholly owned subsidiary of Defendant Renco.  Renco owns 100% of stock of Defendant Doe Run directly or indirectly through D.R. Acquisition Corp.

9. At all relevant times, Defendant Renco was doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run through its agents, servants, and employees acting within the course and scope of their employment, service, and agency. As the owner who controls Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya Complex since the date Defendants' purchased the complex, October 24, 1997.

10. Defendant Ira L. Rennert is a resident of the City of New York, State of New York. At all relevant times, Defendant Rennert was a director, officer, and agent of Defendant Renco and Defendant Doe Run and the controlling owner of all of the corporate defendants. Defendant Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

11. Defendant Marvin K. Kaiser is a resident of the City of St. Louis, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately February 2006, Defendant Kaiser was an officer and agent of Defendant Doe Run.

12. Defendant Albert Bruce Neil is a resident of the City of Kirkwood, State of Missouri. From approximately 2003, Defendant Neil was and continues to be an officer and agent of Defendant Doe Run.

13. Defendant Jerry Pyatt is a resident of Kirkwood, Missouri. From approximately 2003 to the present, Defendant Pyatt has been an officer and agent of Defendant Doe Run.

14. Defendant Theodore P. Fox III is a resident of the City of Eureka, State of Missouri. From approximately September 2006, Defendant Fox was and continues to be an officer and agent of Doe Run.

## FURTHER IDENTIFICATION OF THE DEFENDANTS

4

15. Defendants Doe Run and Renco purchased the La Oroya metallurgical complex in 1997.

16. As owner of the La Oroya metallurgical complex, Doe Run is liable for the activities and the toxic environmental releases from the complex since the date Defendants' purchased the complex, October 24, 1997.

17. At relevant times, Doe Run Peru was an agent of the Defendants. Defendants consented, expressly or impliedly, to Doe Run Peru acting on its behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the plaintiffs' injuries. Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru.

18. Defendant Doe Run is the second largest total lead producer in the world and has reported profits in the 100's of millions of dollars during relevant times. Doe Run is an international natural resource company based in St. Louis, Missouri and focused on the mining, smelting, recycling and fabrication of metals.

19. Defendants owned, operated, maintained, managed and/or used the La Oroya metallurgical complex and related operations and facilities, or acted in conspiracy with each other defendant and continue to do so in a way that negligently, carelessly and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which plaintiffs have in the past and/or continue to reside, use and visit, and/or were exposed, and purposefully withheld

5

information and/or deliberately deceived the plaintiffs with regard to the dangers of such exposures, resulting in toxic exposure to plaintiffs.

20.     Defendant D.R. Acquisition Corp., a wholly owned subsidiary of defendant Renco, owns 100% of Defendant Doe Run's common stock, both voting and non-voting. There is no established public trading market for these shares. All (100%) of Doe Run's issued and outstanding common and preferred stock is directly or indirectly owned by Renco through D.R. Acquisition Corp.

21.     Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer, for himself and members of his family. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

22.     At all times relevant hereto, Defendant Renco was and continues to be a corporation organized and existing by virtue of law doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run by and through its agents, servants, and employees acting within the course and scope of their employment, service, and agency and continues to do so. As owner of Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya metallurgical complex since the date Defendants' purchased the complex, October 24, 1997.

23.     Each of the corporate Defendants owned, operated, used, managed, supervised, and/or controlled the La Oroya complex and related operations and facilities in La Oroya and/or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by the partnership. As owners, operators and/or partners in the Doe Run Company, the corporate Defendants are jointly and

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

severally liable for acts and releases related to the La Oroya complex and related operations and facilities.

24.    Some or all of the corporate Defendants, pursuant to various written agreements, including the various Doe Run partnership agreements as amended and restated, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya complex and related operations and facilities since October 24, 1997. In addition and alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions from Defendants' metallurgical complex and related operations and facilities that Defendants knew were being transported to properties on which plaintiffs have and/or continue to reside, use or visit, and/or not to implement adequate pollution controls at Defendants' metallurgical complex and related operations and facilities, and or and purposefully concealing information and/or deliberately deceiving the plaintiffs with regard to the dangers of such exposures, with the purpose of the cost and reduction of profits, bonuses and the value of wages, stock, and/or stock options of Doe Run as well as the corporate Defendants.

25.    The corporate Defendants, while located in the States of Missouri and/or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

7

26. At all times, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

27. As a direct and proximate result of the releases by Defendants, plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

## JURISDICTION

28. This Court has personal jurisdiction over all parties.

29. The acts and omissions complained of in this action occurred in this State by Defendants and employees and officers of the corporate defendants, all acting within the course and scope of their agency and employment in this state.

## VENUE

30. Venue is proper in this Court pursuant to §508.010 RSMo (2014).

## FACTUAL ALLEGATIONS

31. The town of La Oroya is a mining town located in the central Andean highlands of Peru, at an elevation of approximately 3,750 meters above sea-level. For more than 500 years, the settlements near La Oroya are believed to have been working small-scale mining operations. In the last one hundred years however, with the creation of the La Oroya Complex, production

8

dramatically increased, contaminating the local population with it. The La Oroya Complex is located only meters from the city center.

32.     The La Oroya Complex recovers 11 metals including copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium and antimony, as well as numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines

33.      In 1922, the privately owned Cerro de Pasco Copper Corporation established the La Oroya Complex for copper smelting and refining. Cerro de Pasco added a lead smelter and refinery in 1928, a sulfuric acid plant in 1939, a silver refinery in 1950, and a zinc refinery in 1952.

34.     The Complex comprises four key circuits. These circuits are the copper smelter and refinery (the "Copper Circuit"); the lead smelter and refinery (the "Lead Circuit"); an anode residue plant and silver refinery (the "Precious Metals Circuit"); and zinc roasting plant, leaching and purification plant and refinery (the "Zinc Circuit," and collectively the "Circuits.")

35.     The Complex also includes numerous other facilities designed to process by-products released during the smelting process, including sulfuric acid plants, an oxygen plant, and several pilot plants to recover minor metallic by-products.

36.     The following diagram shows the main facilities in each circuit and the interrelationships between the four circuits:

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM



37.     Because smelters process concentrates to create a pure ore by burning-off and/or separating out unwanted impurities, it is very difficult to control emissions of such substances.

38.     This is true of any smelter, but the La Oroya Complex faces particular challenges in this regard because the integrated smelting processes are among the most complex in the world.

39.     Indeed, the La Oroya Complex is one of only four smelting facilities worldwide capable of recovering numerous metals and by-products from complex, poly-metallic concentrates with high levels of impurities.

40.     While most smelters recover only one or two metals and a few by-products from a "clean" concentrate (i.e., a concentrate with a high level of the target metal and a low level of

10

impurities), the La Oroya Complex recovers 11 metals (copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium, and antimony) and numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, and zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines.

41. The composition of the concentrates processed at the Complex has major implications for its design and operation and for its potential environmental impacts.

42. The Complex's four circuits (copper, lead, precious metals, and zinc) are integrated so as to allow by-products and intermediary substances produced during the processing of concentrates in one circuit to be further processed and refined in the other circuits, thus maximizing the recovery of valuable metals.

43. At the same time, the concentrates contain high levels of other substances that either lack economic value or that cannot be fully recovered, including: sulfur, arsenic, and cadmium.

44. Thus, the process of isolating and refining the target metals creates substantial quantities of by-products, which contain substances that may be harmful to the environment and human health.

45. In 1974, the Peruvian government nationalized the company and operated the smelter and mine as a state enterprise, Centromin Peru S.A.

46. In November 1991, the Peruvian Government issued Legislative Decree 708, declaring the promotion of private investment in the mining sector in the national interest and eliminating the exclusive rights that previously had been granted to State-owned mining companies.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

47.     As the Peruvian Government later explained in its official 1999 White Paper[3]:

> Since 1960 the governing criterion was that the best way to promote the economic growth and redistribute their benefits was through the state intervention that allocated resources according to the criteria set by centralized planning.
>
> In contrast, in 1990, the implementation of a set of policies aimed at reducing the economic role of the State as well as to increase private sector activity assumes even greater importance.
>
> From that time on, there was a significant change in the role of the State starting to create the necessary conditions to attract foreign investment and, in parallel, to design a privatization policy aimed at ensuring that the private sector is the dynamic engine of the economy.

48.     A 1992 Resolution included Centromin in the privatization process. Peru created a special committee to oversee Centromin's privatization (Comité Especial de Privatización), including the sale of the La Oroya Complex (the "Special Privatization Committee" or "CEPRI").

49.     At the same time, the Peruvian Government began to implement a modern environmental legal framework.

50.     The new Environmental and Natural Resources Code (enacted in September 1990) imposed several general requirements on mining and metallurgical companies, including obligations to include in their facilities equipment for control of contaminants and to treat wastewaters used in the processing of minerals.

51.     In June 1993, the Peruvian Government issued Regulations for Environmental Protection in Mining and Metallurgy. Article 5 of the Regulations provided that companies operating in the sector would be "liable for any emissions, discharges and disposal of waste to the environment occurring as a result of processes carried out at their installations," and it

---

[3] Government of Peru, White Paper concerning the Fractional Privatization of Centromin, 1999

12

obligated them "to avoid and prevent any elements and/or substances from surpassing the maximum allowable levels" to be issued by the Ministry of Energy & Mines.

52. The outside consulting firm Knight Piésold advised in its 1996 report to the Peruvian Government that:

(i) There was no simple remedy to the existing air quality problem, which extended to lead, SO2 and other particulate emissions.

(ii) Any solution would require "detailed engineering evaluation beyond the scope of the present evaluation."

(iii) Implementation of adequate controls to meet standards may take "in excess of the ten year implementation schedule being considered by the Peruvian Ministry."

(iv) "Considerable flexibility in the implementation and application of new standards will be necessary if La Oroya is to continue as an economically viable operation."

(v) "Continued long-term operation of the smelter and progress on privatization can be achieved only if La Oroya is subject to realistic requirements to gradually reduce emissions."

53. With this knowledge and understanding, Doe Run, part of the Renco Group, purchased the smelter complex in 1997 from the state.

54. As the owners and operators of the La Oroya Complex, Defendants are liable for the activities and the toxic environmental releases from the complex since the date Defendants purchased the complex, October 24, 1997.

55. Plaintiffs have lived in the region of La Oroya, Peru and have been exposed to and harmed by the dangerous and toxic substances released from the La Oroya Complex.

56. The smelter took the name of Doe Run Peru (DRP) metallurgical complex.

57. When Doe Run purchased the facility it agreed to improve the facility and lessen its environmental impact.

58. Doe Run failed to implement the environmental management plan that was a condition of its purchase of the smelter in 1997.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

59. Doe Run received several extensions of time from the Peruvian government to complete the environmental management plan. Despite these extensions, it failed to complete the plan.

60. In 2002, The National Council for the Environment of Peru reported that Doe Run Peru emitted 3,312 tons/year of particulate matter, 380,136 tons/year of sulfur dioxide, 226 tons/year of nitrogen oxides, 847 tons/year of lead, 423 tons/year of arsenic, and 43 tons/year of cadmium.

61. In November 2005, the Centers for Disease Control (CDC) in Atlanta analyzed blood and urine samples of two population samples, one from La Oroya, the study site, and one from Concepcion, the control site. These results indicated that 97% of children between six months and six years of age and 98% of children between seven and 12 years had elevated blood lead levels, in some cases three or four times the level of concern. According to the CDC, an elevated level is any level equal to or greater than 10 µg/dl in 2005 and now is 5 µg/dl.

62. Doe Run halted operations at the facility in 2009 when it was unable to access financing as a result of environmental requirements for the site.

63. The operation of the Doe Run facility has, by this point, harmed tens of thousands of people spanning decades and generations of families.

64. The plaintiffs in this case live or have lived in or around La Oroya, Peru and were exposed to and injured by the harmful and toxic substances released from the Defendants' metallurgical complex.

65. A group of research scientists from Saint Louis University School of Public Health in Saint Louis, Missouri who have studied La Oroya have concluded that the conditions in La Oroya constitute a public health crisis that poses serious health risks for all population

14

groups and especially for the most vulnerable groups such as infants and young children, including the plaintiffs. Beginning in 2005, these public health experts have performed ongoing studies to assess the health effects of environmental contamination produced by Defendants' La Oroya metallurgical complex. The purpose of these studies is to determine the extent of toxic metal exposure suffered by La Oroya residents and the studies have confirmed the gravity of the public health situation caused by Defendants' metallurgical complex. The study performed by Saint Louis University, show that over 99 percent of children in La Oroya have blood lead levels of greater than 10 µg/dl, which is the level considered to be dangerous and to cause permanent injuries.

66.     During the course of their ownership, operation, use, management, supervision, storage, maintenance, and/or control of operations of their metallurgical complex and related properties in La Oroya, Peru, and at all times relevant hereto, the Defendants, while located in the States of Missouri and/or New York, negligently, carelessly and recklessly, made decisions that resulted in the release of metals and other toxic and harmful substances, including but not limited to lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto the properties on which the plaintiffs have in the past and/or continue to reside, use and visit, which has resulted in toxic and harmful exposures to plaintiffs.

67.     The air quality level is critical not only because the plaintiffs must breathe this polluted air but also because the particulate matter within the air is dispersed in a dust form that enters and settles inside the plaintiffs' houses and is deposited on the ground and on all surfaces, including furniture, clothing, water, and crops.

68.     The health effects of lead poisoning are well known. The CDC has noted that: "No safe blood lead level in children has been identified. Even low levels of lead in blood have

been shown to affect IQ, ability to pay attention, and academic achievement." Lead impacts nearly every organ and system of the human body. Lead causes multitudinous and serious injuries to the nervous system, which can lead to convulsions, coma and brain death.  It causes learning and behavioral disorders, memory loss, nausea, anemia, hearing loss, fatigue, colic, hypertension, and myalgia. Moreover, children under the age of 6 years old are more susceptible to the toxic effects of lead than are adults since the brain and central nervous system are not completely developed.

69.     Sulfur dioxide, another pollutant emitted continuously and at an excessive level from Defendants' metallurgical complex, damages circulatory and respiratory system, increases mortality, and is linked to lung cancer, especially when present along with elevated levels of particulate matter, as is the case in La Oroya. Due to the wrongful actions of the Defendants described herein, the level of sulfur dioxide in the air of La Oroya is unreasonably high and dangerous to the plaintiffs.

70.     The Saint Louis University study also shows that urine levels of cadmium in residents of La Oroya are at a level that causes injury. Cadmium is a recognized carcinogen. The Saint Louis University study also shows that La Oroya residents have elevated levels of arsenic, another known carcinogen.  Although suitable technologies and processes exist to prevent the pollution caused by the activities at the Defendants' metallurgical complex, such technology has not been implemented by Defendants at their La Oroya Complex.

71.     A recent study by researchers at Yale University found that the Metallurgical Complex of La Oroya (CMLH) exceeded the maximum limits of heavy metals in the air. These high levels were recorded even when the smelter was not operating, between December 2009 and July 2012. Hassan Sipra, a student researcher at the Environmental Protection Clinic at Yale

University, found that "[w]hen the [metallurgical] complex was supposedly not operating, there were some records where the maximum permissible limit (LMP) was exceeded."

72. Lead, cadmium and carbon dioxide exceeded maximum limits of concentration in the air.

73. The preliminary research of Yale University found that levels of lead in the air were up to three times the maximum limits.

74. The preliminary research of Yale University found that levels of sulfur dioxide (SO2) in the air exceeded up to 4500 times the maximum limit.

75. The preliminary research of Yale University found that levels of cadmium in the air exceeded 45% and the highest recorded level was three times the maximum allowable limit (LMP).

76. This research used information provided by Doe Run and the medical center of La Oroya between December 2009 and February 2014.

77. During the course of their ownership, operation, use, management, supervision, storage, maintenance, or control of operations of the La Oroya Complex and related properties in La Oroya, Peru, the Defendants, while located in the States of Missouri or New York, made decisions regarding the operations of the complex. Those decisions were negligent, careless or reckless and resulted in the release of metals and other toxic and harmful substances, including lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto properties on which the plaintiffs reside, use or visit, which has resulted in toxic and harmful exposures to the plaintiffs.

17

78.     Although suitable technologies and processes exist to prevent the pollution caused by the activities at the La Oroya Complex, such technology has not been implemented by Defendants at the complex.

79.     Defendants owned, operated, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with other defendants and continue to do so in a way that negligently, carelessly or recklessly generated, handled, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex. This resulted in the release of toxic metals and gases and other toxic substances onto and around the properties on which the plaintiffs have in the past or continue to reside, use and visit, or to which they were exposed. Defendants also purposefully withheld information or deliberately deceived the plaintiffs and their parents and guardians with regard to the dangers of such exposures, resulting in toxic exposure to the plaintiffs.

80.     Each of the corporate Defendants owned, operated, used, managed, supervised, or controlled the La Oroya Complex and related operations and facilities in La Oroya or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by Renco or the partnership. As owners, operators or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya Complex and related operations and facilities.

81.     Some or all of the corporate Defendants, pursuant to written or oral agreements, including the various Doe Run partnership agreements, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya Complex and related operations and facilities since October 24, 1997. Alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions

18

from the La Oroya Complex and related operations and facilities that Defendants knew were being transported to properties on which the plaintiffs have or continue to reside, use or visit, or not to implement adequate pollution controls at the complex and related operations and facilities, or purposefully concealing information or deliberately deceiving the plaintiffs and their parents and guardians with regard to the dangers of such exposures, with the purpose of the cost reduction of profits, bonuses and the value of wages, stock, or stock options of Doe Run as well as the corporate Defendants.

82. The corporate Defendants, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to the plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This heinous use of control proximately caused the plaintiffs' injuries.

83. At all relevant times herein, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

84. As a direct and proximate result of the releases by Defendants, plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical,

19

educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

**PLAINTIFFS' EXPOSURE**

85. The plaintiffs have all been exposed to lead and/or other toxic substances as a result of the operations of the lead smelter owned and/or operated in La Oroya, Peru, by the Defendants.

86. Plaintiffs have been exposed through the lead and/or other toxic substances being released into the air, soil, and water in and around La Oroya, Peru.

87. Plaintiffs, where applicable, have also been exposed *in utero* when the mother carrying the child was pregnant and resided in La Oroya, Peru.

<u>COUNT I</u>

**(NEGLIGENCE – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., AND RENCO HOLDINGS, INC.)**

88. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

89. Defendant Doe Run Resources Corporation together with Defendant D.R. Acquisition Corp. and Defendant Renco, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants Doe Run Resources, D.R. Acquisition Corp., and Renco control from the States of Missouri and New York, the expenditures, production practices, use of technology that would limit emissions, and policies including public relations and decision-making policies regarding information given to the plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

90.     Because Defendants Doe Run Resources Corporation, D.R. Acquisition Corp, and Renco, while located in the States of Missouri or New York, make decisions regarding expenditures, production practices, use of technology, policies regarding the operation of the La Oroya Complex, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants, Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco owe and have owed a duty to the plaintiffs who live in the vicinity of the complex, to control and contain the metals and other toxic substances it has generated, handled, stored, and disposed of at the La Oroya Complex and related operations and facilities at safe and non-toxic levels, and to warn and continue to warn the plaintiffs of the release of these toxic and harmful substances.

91.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco through decisions made in the States of Missouri or New York and through their agents, owned, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with each other defendant and continues to do so in a way that negligently, carelessly, and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which the plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the plaintiffs.

92.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also

21

negligently, carelessly, and recklessly failed and continue to fail to warn the plaintiffs of release of the toxic metals and gases and other toxic substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, including the properties on which the plaintiffs have in the past or continue to reside, and of the reasonably foreseeable effects of such releases, including the dangers of inhaling or ingesting these toxic metals, gases, and other toxic substances.

93. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also purposefully withheld information or deliberately deceived the plaintiffs with regard to the dangers of exposure to the toxic substances released into the environment by their metallurgical complex and related operations and facilities.

94. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco knew or should have known that the generation, handling, storage, release and disposal of the described metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities would proximately cause damage to the plaintiffs.

95. As a direct and proximate result of the releases from the Defendants' properties, operations, and facilities, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

22

96.     The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendants' evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT II

**(CIVIL CONSPIRACY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

97.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

98.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves and through their agents, servants and employees, have acted jointly and in conspiracy with the individual Defendants to commit the torts alleged in this Petition, and are jointly and severally liable for the activities and toxic environmental releases from the operations of the La Oroya Complex.

99.     Defendants agreed to a scheme by which, from the States of Missouri or New York, they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. From the States of Missouri or New York, Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

23

100.     One of the purposes of the conspiracy agreed upon between Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco and the other Defendants includes to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the plaintiffs, in order to avoid the cost of instituting procedures at and purchasing equipment for Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and Defendant Renco, and to increase the incomes of the Defendants, and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

101.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco together with the other Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

102.     As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendant Doe Run Resources Corporation together with the other Defendants and their agents, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

103. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York were outrageous due to Defendants' evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT III

### (ABSOLUTE or STRICT LIABILITY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP, THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)

104. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

105. The ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities for which Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are jointly and severally liable, constituted and continues to constitute an abnormally dangerous activity or ultra-hazardous activity, because such activities create a high risk of significant harm.

106. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are thus strictly liable to the plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

107. The collection, handling, storage, and disposal of metals and other toxic substances by Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves or through their agents, servants and employees at Defendants' properties, has directly and proximately caused release of such substances into the environment and the community

25

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

surrounding these properties including to properties where the plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the plaintiffs.

108. As a direct and proximate result of the releases from Defendants' properties, operations and facilities, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

109. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendant's evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

### COUNT IV

**(NEGLIGENCE – Defendants THEODORE P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

110. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

111. During times relevant herein, Defendant Kaiser was Vice President, Chief Financial Officer, and Chief Administrative Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Kaiser is liable to plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable

26

in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

112. During times relevant herein, Defendant Fox was Vice President of Finance and Chief Financial Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Fox is liable to the plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

113. During times relevant herein, Defendant Pyatt was and continues to be the Chief Executive Officer of Defendant Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. He is also currently the President of Doe Run Resources Corporation and served as the President of Doe Run Peru from approximately September 2003 to March 2006 and as the General Manager of Doe Run Peru from approximately September 2003 to January 2006. As an officer of Doe Run, Defendant Pyatt is liable to the plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

114. At all relevant times herein, Defendant Rennert was and is the Chairman and Chief Executive Officer of Defendant Renco and Chairman of Defendant Doe Run Resources Corporation. As an officer of Renco and Doe Run, Defendant Rennert is liable to the plaintiffs because he had actual knowledge of Doe Run's tortious wrongful conduct and participated in it, and thus is individually liable. This liability is in addition to and independent of any liability based on conspiracy.

27

115.    As officers of Defendant Doe Run Resources Corporation, Defendants Fox, Pyatt, Rennert, and Kaiser are liable to the plaintiffs because they had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it, including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

116.    In particular, Defendants Fox, Pyatt, Rennert, and Kaiser's responsibilities, actions and omissions included but were not limited to approval of expenditures for pollution control measures and expenditures for the remediation of properties. Defendants Fox, Pyatt, Rennert, and Kaiser's had involvement in the budgeting process of Doe Run including setting environmental goals and the pollution control budget for the La Oroya Complex and related operations and facilities. Defendants Fox, Pyatt, Rennert, and Kaiser also had knowledge of technologies owned by the Doe Run Company that were available to remediate contaminated soil which were not used. Defendants Fox, Pyatt, Rennert, and Kaiser had knowledge of the release of emissions from the La Oroya Complex and related operations and facilities to the La Oroya communities surrounding them, including properties on which the plaintiffs have resided or continue to reside, use and visit and failed to inform these communities or take any action to eliminate or reduce the release of metals and other toxic substances. Defendants Fox, Pyatt, Rennert, and Kaiser participated in and approved budgets which delayed implementation of proper pollution control measures and delayed remediation of properties contaminated by the releases from the complex and related operations and facilities. Defendants Fox, Pyatt, Rennert, and Kaiser purposefully withheld information or deliberately deceived the plaintiffs with regard to the dangers of the toxic substances released from the La Oroya Complex and related operations and facilities.

117. As a direct and proximate result of the releases of toxic materials from the Defendants' properties, operations, and facilities, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

118. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT V

### (CIVIL CONSPIRACY – Defendants TERRY P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

119. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

120. During times relevant herein, Defendants Fox, Pyatt, Rennert, and Kaiser were acting jointly and in conspiracy with each other and with the corporate Defendants. Defendants agreed to a scheme by which they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is

29

used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

121. Defendants Fox, Pyatt, Rennert, and Kaiser had and have an economic motive and personally benefited from the conspiracy. The objectives of the conspiracy included to fail to adequately control the toxic environmental releases from the La Oroya Complex and related operations and facilities that Defendants knew were being released or transported to properties on which the plaintiffs have in the past or continue to reside, visit or use; or not to implement adequate pollution controls at the complex because of the cost and reduction of profits, value, bonuses and the value of wages, stock or stock options of Doe Run as well as other Defendants.

122. One of the purposes of the conspiracy agreed upon between Defendants Fox, Pyatt, Rennert, and Kaiser and the corporate Defendants included to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the plaintiffs, in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and defendant Renco, and to increase the incomes of the Defendants and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

123. Defendants Fox, Pyatt, Rennert, and Kaiser together with the corporate Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

124. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendants Fox, Pyatt, Rennert, and Kaiser together with the corporate Defendants, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

125. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT VI

**(ABSOLUTE or STRICT LIABILITY – Defendants TERRY P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

126. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

127. Defendants Fox, Pyatt, Rennert, and Kaiser had actual knowledge of the corporate Defendants' tortious conduct and participated in it, including the acts and omissions of Defendants described herein, involving the ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities which constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm, and is thus jointly and severally liable in his individual capacity.

31

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

128.     Defendants Fox, Pyatt, Rennert, and Kaiser are thus strictly liable to the plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

129.     The collection, handling, storage, and disposal of metals and other toxic substances at Defendants' properties has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the plaintiffs.

130.     As a direct and proximate result of the releases from the Defendants' properties, operations and facilities, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

131.     The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT VII

**(CONTRIBUTION BASED ON TORTIOUS CONDUCT OF ENTITIES ACTING IN CONCERT – ALL DEFENDANTS)**

132.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

133. Each Defendant bears joint liability with all other defendants for the claims of negligence, conspiracy, and strict liability on the part of each Defendant in the respects hereinafter alleged, which caused or contributed to the injuries claimed by the plaintiffs.

134. The release by Defendants of toxic metals and gases and other toxic substances onto and around the properties on which the plaintiffs have in the past or continue to reside, use, and visit or were exposed was caused or contributed to be caused by the negligence of each Defendant in the respects hereinafter alleged.

135. Each Defendant was and continues to be negligent in the following respects:

a. Negligently, carelessly, and recklessly generating, handling, storing, releasing, disposing of, or failing to control and contain the metals and other toxic substances used and generated by the complex.

b. Negligently, carelessly, recklessly failing to warn the plaintiffs of the release of toxic metals and gases and other substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, or deliberate deceiving the plaintiffs with regard to the dangers of the toxic substances released by Defendants.

c. Negligently, carelessly, and recklessly failing to warn the plaintiffs of the dangers of inhaling or ingesting toxic metals, gases, and other toxic substances generated by and released from the La Oroya Complex and related operations and facilities, or the potential of ingesting harmful levels of toxic metals and other toxic substances.

136. Each Defendant acted in concert with the other Defendants and pursuant to a common design with the other Defendants in committing the tortious acts alleged above because each Defendant did not want to have to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and

33

related operations and facilities to avoid the costs of instituting procedures and purchasing equipment at the complex and related operations and facilities that would protect public health and the health of the plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

137. Each Defendant also acted in concert with the other Defendants and pursuant to a common design with the other Defendants to exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding information given to the plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

138. Each Defendant knew that the tortious acts of the other Defendants herein breached a legal duty of the other Defendants, yet each Defendant gave substantial assistance and encouragement to the other Defendants to commit such tortious acts because each Defendant knew that if the other Defendants acted otherwise, to avoid the costs of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

139. Each Defendant gave substantial assistance to the other Defendants herein accomplishing the tortious acts alleged by agreeing, either expressly or tacitly, not to acknowledge,

warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities.

140. As a result of the joint negligence of the Defendants herein alleged, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

141. Each Defendant is liable for the negligent acts of each of the other Defendants herein in the respects herein alleged that caused or contributed to cause injury to the plaintiffs.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims and issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court do the following:

A. an amount of damages in such sum as is fair and reasonable to compensate the plaintiffs in an amount in excess of TWENTY FIVE THOUSANDS DOLLARS ($25,000);

B. for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

C. for their costs and expenses;

D. for pre- and post-judgment interest as allowed by statute and law; and

E. for such other and further relief the Court deems just and proper.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

F.   Grant such other relief as is just and proper.

Dated:  March 12, 2026.

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:   /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**2622-CC00366**

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| MONSIGNOR ALFRED SCHULER AS NEXT FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., <br><br> Plaintiffs, <br><br> v. <br><br> DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFREY L. ZELMS, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT., <br><br> Defendants. | Case: <br><br> Division: <br><br> Personal Injury in Excess of Twenty-Five Thousand Dollars <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW, Plaintiff, Monsignor Alfred Schuler, as Next Friend of Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., by and through undersigned counsel, on behalf of themselves, sue Defendants, DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFREY L. ZELMS, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT, (collectively "Defendants") and for their Complaint allege, upon information and belief and based on the investigation to date of their counsel, as follows:

**INTRODUCTION**

*"No safe blood lead level in children has been identified. Lead exposure can affect nearly every system in the body."*

-National Center for Environmental Health, Division of Emergency and Environmental Health Services[1]

---

[1] http://www.cdc.gov/nceh/lead/.

Time Magazine has named La Oroya, Peru as one of the 10 most polluted places in the world.[2] This is an action to seek damages from Defendants for injuries, damages and losses suffered by each and every minor plaintiff named herein, who were minors or *in utero* at the time of their initial exposures and injuries as a result of exposure to the release of lead and other toxic substances from Defendants' ownership, use, management, supervision, storage, maintenance, disposal and release of materials containing lead and other toxic substances from the lead smelter owned and/or operated by the Defendants in the region of La Oroya, Peru. At critical times during gestation and/or their developmental years and to the present, the minor plaintiffs were exposed to damaging levels of lead and other toxic substances.

### THE PARTIES

**PLAINTIFFS**

1. All of the minor Plaintiffs have lived or were *in* utero in the region of La Oroya Peru during relevant times, for the purpose of prosecuting the claims alleged herein.

2. Plaintiff's Next Friend Msgr. Alfred Schuler is and at all relevant times herein has been a resident of the City of Saint Louis, Missouri.

**DEFENDANTS**

3. Defendant The Doe Run Resources Corporation ("Doe Run") is an international natural resource company focused on mining, smelting and fabrication of metals. At all relevant times, Doe Run was a New York corporation with its principal place of business in St. Louis, Missouri. At all relevant times, Defendant Doe Run owned, and either directly or through other Defendants, operated, used, managed and supervised, the La Oroya metallurgical complex (the "La Oroya Complex") which stored, maintained, or controlled various properties, including a lead

---

[2] Walsh, Bryan, *The World's Most Polluted Places,* Time Magazine, 2007

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

smelter, and the waste on such properties. The La Oroya Complex also stored materials containing lead and other toxic substances released from the complex. Upon information and belief, Doe Run is the second largest lead producer in the world and has reported profits in the 100's of millions of dollars.

4. Defendant Doe Run wholly owns Doe Run Cayman, Ltd., a Cayman Island corporation, which owns Doe Run Peru.

5. Doe Run Cayman Ltd. has no operations separate from "owning" Doe Run Peru.

6. At all relevant times, Defendant Doe Run both directly and through its ownership of Doe Run Cayman, Ltd., controlled and operated Doe Run Peru. Doe Run Peru was an agent of the Defendants. Defendants expressly or impliedly consented to Doe Run Peru acting on their behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries. Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru

7. Defendant D.R. Acquisition Corp. is and at all times relevant herein was a Missouri corporation with its principal place of business in Missouri. D.R. Acquisition Corp. owns 100% of Doe Run.

8. Defendant Renco Holdings, Inc. and Defendant The Renco Group, Inc. (collectively "Renco") are New York corporations with their principal places of business in New York. At all relevant times, Defendant D.R. Acquisition Corp., the current owner of Doe Run Peru, has been a wholly owned subsidiary of Defendant Renco. Renco owns 100% of stock of Defendant Doe Run directly or indirectly through D.R. Acquisition Corp.

3

9.      At all relevant times, Defendant Renco was doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run through its agents, servants, and employees acting within the course and scope of their employment, service, and agency.  As the owner who controls Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya Complex since the date Defendants' purchased the complex, October 24, 1997.

10.      Defendant Ira L. Rennert is a resident of the City of New York, State of New York. At all relevant times, Defendant Rennert was a director, officer, and agent of Defendant Renco and Defendant Doe Run and the controlling owner of all of the corporate defendants. Defendant Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

11.      Defendant Marvin K. Kaiser is a resident of the City of St. Louis, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately February 2006, Defendant Kaiser was an officer and agent of Defendant Doe Run.

12.      Defendant Albert Bruce Neil is a resident of the City of Kirkwood, State of Missouri. From approximately 2003, Defendant Neil was and continues to be an officer and agent of Defendant Doe Run.

13.      Defendant Jerry Pyatt is a resident of Kirkwood, Missouri. From approximately 2003 to the present, Defendant Pyatt has been an officer and agent of Defendant Doe Run.

14.      Defendant Jeffery L. Zelms is a resident of the City of Camdenton, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately April 2006, Defendant Zelms was an officer and agent of Doe Run.

4

15. Defendant Theodore P. Fox III is a resident of the City of Eureka, State of Missouri. From approximately September 2006, Defendant Fox was and continues to be an officer and agent of Doe Run.

**FURTHER IDENTIFICATION OF THE DEFENDANTS**

16. Defendants Doe Run and Renco purchased the La Oroya metallurgical complex in 1997.

17. As owner of the La Oroya metallurgical complex, Doe Run is liable for the activities and the toxic environmental releases from the complex since the date Defendants' purchased the complex, October 24, 1997.

18. At relevant times, Doe Run Peru was an agent of the Defendants. Defendants consented, expressly or impliedly, to Doe Run Peru acting on its behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries. Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru.

19. Defendant Doe Run is the second largest total lead producer in the world and has reported profits in the 100's of millions of dollars during relevant times. Doe Run is an international natural resource company based in St. Louis, Missouri and focused on the mining, smelting, recycling and fabrication of metals.

20. Defendants owned, operated, maintained, managed and/or used the La Oroya metallurgical complex and related operations and facilities, or acted in conspiracy with each other defendant and continue to do so in a way that negligently, carelessly and recklessly generated,

5

handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which minor plaintiffs have in the past and/or continue to reside, use and visit, and/or were exposed, and purposefully withheld information and/or deliberately deceived the minor plaintiffs with regard to the dangers of such exposures, resulting in toxic exposure to minor plaintiffs.

21.     Defendant D.R. Acquisition Corp., a wholly owned subsidiary of defendant Renco, owns 100% of Defendant Doe Run's common stock, both voting and non-voting. There is no established public trading market for these shares. All (100%) of Doe Run's issued and outstanding common and preferred stock is directly or indirectly owned by Renco through D.R. Acquisition Corp.

22.     Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer, for himself and members of his family. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

23.     At all times relevant hereto, Defendant Renco was and continues to be a corporation organized and existing by virtue of law doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run by and through its agents, servants, and employees acting within the course and scope of their employment, service, and agency and continues to do so. As owner of Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya metallurgical complex since the date Defendants' purchased the complex, October 24, 1997.

24.     Each of the corporate Defendants owned, operated, used, managed, supervised, and/or controlled the La Oroya complex and related operations and facilities in La Oroya and/or

was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by the partnership. As owners, operators and/or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya complex and related operations and facilities.

25. Some or all of the corporate Defendants, pursuant to various written agreements, including the various Doe Run partnership agreements as amended and restated, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya complex and related operations and facilities since October 24, 1997. In addition and alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions from Defendants' metallurgical complex and related operations and facilities that Defendants knew were being transported to properties on which minor plaintiffs have and/or continue to reside, use or visit, and/or not to implement adequate pollution controls at Defendants' metallurgical complex and related operations and facilities, and or and purposefully concealing information and/or deliberately deceiving the minor plaintiffs with regard to the dangers of such exposures, with the purpose of the cost and reduction of profits, bonuses and the value of wages, stock, and/or stock options of Doe Run as well as the corporate Defendants.

26. The corporate Defendants, while located in the States of Missouri and/or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to minor plaintiffs. Such

7

control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

27. At all times, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

28. As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

## JURISDICTION

29. This Court has personal jurisdiction over all parties.

30. The acts and omissions complained of in this action occurred in this State by Defendants and employees and officers of the corporate defendants, all acting within the course and scope of their agency and employment in this state.

## VENUE

31. Venue is proper in this Court pursuant to §508.010 RSMo (2014).

## FACTUAL ALLEGATIONS

32. The town of La Oroya is a mining town located in the central Andean highlands of Peru, at an elevation of approximately 3,750 meters above sea-level. For more than 500 years,

8

the settlements near La Oroya are believed to have been working small-scale mining operations. In the last one hundred years however, with the creation of the La Oroya Complex, production dramatically increased, contaminating the local population with it. The La Oroya Complex is located only meters from the city center.

33.     The La Oroya Complex recovers 11 metals including copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium and antimony, as well as numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines

34.      In 1922, the privately owned Cerro de Pasco Copper Corporation established the La Oroya Complex for copper smelting and refining. Cerro de Pasco added a lead smelter and refinery in 1928, a sulfuric acid plant in 1939, a silver refinery in 1950, and a zinc refinery in 1952.

35.     The Complex comprises four key circuits. These circuits are the copper smelter and refinery (the "Copper Circuit"); the lead smelter and refinery (the "Lead Circuit"); an anode residue plant and silver refinery (the "Precious Metals Circuit"); and zinc roasting plant, leaching and purification plant and refinery (the "Zinc Circuit," and collectively the "Circuits.")

36.     The Complex also includes numerous other facilities designed to process by-products released during the smelting process, including sulfuric acid plants, an oxygen plant, and several pilot plants to recover minor metallic by-products.

37.     The following diagram shows the main facilities in each circuit and the interrelationships between the four circuits:

9

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM



38.     Because smelters process concentrates to create a pure ore by burning-off and/or separating out unwanted impurities, it is very difficult to control emissions of such substances.

39.     This is true of any smelter, but the La Oroya Complex faces particular challenges in this regard because the integrated smelting processes are among the most complex in the world.

40.     Indeed, the La Oroya Complex is one of only four smelting facilities worldwide capable of recovering numerous metals and by-products from complex, poly-metallic concentrates with high levels of impurities.

41.     While most smelters recover only one or two metals and a few by-products from a "clean" concentrate (i.e., a concentrate with a high level of the target metal and a low level of

10

impurities), the La Oroya Complex recovers 11 metals (copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium, and antimony) and numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, and zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines.

42.     The composition of the concentrates processed at the Complex has major implications for its design and operation and for its potential environmental impacts.

43.     The Complex's four circuits (copper, lead, precious metals, and zinc) are integrated so as to allow by-products and intermediary substances produced during the processing of concentrates in one circuit to be further processed and refined in the other circuits, thus maximizing the recovery of valuable metals.

44.     At the same time, the concentrates contain high levels of other substances that either lack economic value or that cannot be fully recovered, including: sulfur, arsenic, and cadmium.

45.     Thus, the process of isolating and refining the target metals creates substantial quantities of by-products, which contain substances that may be harmful to the environment and human health.

46.     In 1974, the Peruvian government nationalized the company and operated the smelter and mine as a state enterprise, Centromin Peru S.A.

47.     In November 1991, the Peruvian Government issued Legislative Decree 708, declaring the promotion of private investment in the mining sector in the national interest and eliminating the exclusive rights that previously had been granted to State-owned mining companies.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

48.     As the Peruvian Government later explained in its official 1999 White Paper[3]:

> Since 1960 the governing criterion was that the best way to promote the economic growth and redistribute their benefits was through the state intervention that allocated resources according to the criteria set by centralized planning.
>
> In contrast, in 1990, the implementation of a set of policies aimed at reducing the economic role of the State as well as to increase private sector activity assumes even greater importance.
>
> From that time on, there was a significant change in the role of the State starting to create the necessary conditions to attract foreign investment and, in parallel, to design a privatization policy aimed at ensuring that the private sector is the dynamic engine of the economy.

49.     A 1992 Resolution included Centromin in the privatization process. Peru created a special committee to oversee Centromin's privatization (Comité Especial de Privatización), including the sale of the La Oroya Complex (the "Special Privatization Committee" or "CEPRI").

50.     At the same time, the Peruvian Government began to implement a modern environmental legal framework.

51.     The new Environmental and Natural Resources Code (enacted in September 1990) imposed several general requirements on mining and metallurgical companies, including obligations to include in their facilities equipment for control of contaminants and to treat wastewaters used in the processing of minerals.

52.     In June 1993, the Peruvian Government issued Regulations for Environmental Protection in Mining and Metallurgy. Article 5 of the Regulations provided that companies operating in the sector would be "liable for any emissions, discharges and disposal of waste to the environment occurring as a result of processes carried out at their installations," and it

---

[3] Government of Peru, White Paper concerning the Fractional Privatization of Centromin, 1999

obligated them "to avoid and prevent any elements and/or substances from surpassing the maximum allowable levels" to be issued by the Ministry of Energy & Mines.

53. The outside consulting firm Knight Piésold advised in its 1996 report to the Peruvian Government that:

(i) There was no simple remedy to the existing air quality problem, which extended to lead, SO2 and other particulate emissions.

(ii) Any solution would require "detailed engineering evaluation beyond the scope of the present evaluation."

(iii) Implementation of adequate controls to meet standards may take "in excess of the ten year implementation schedule being considered by the Peruvian Ministry."

(iv) "Considerable flexibility in the implementation and application of new standards will be necessary if La Oroya is to continue as an economically viable operation."

(v) "Continued long-term operation of the smelter and progress on privatization can be achieved only if La Oroya is subject to realistic requirements to gradually reduce emissions."

54. With this knowledge and understanding, Doe Run, part of the Renco Group, purchased the smelter complex in 1997 from the state.

55. As the owners and operators of the La Oroya Complex, Defendants are liable for the activities and the toxic environmental releases from the complex since the date Defendants purchased the complex, October 24, 1997.

56. Plaintiffs have lived in the region of La Oroya, Peru and have been exposed to and harmed by the dangerous and toxic substances released from the La Oroya Complex.

57. The smelter took the name of Doe Run Peru (DRP) metallurgical complex.

58. When Doe Run purchased the facility it agreed to improve the facility and lessen its environmental impact.

59. Doe Run failed to implement the environmental management plan that was a condition of its purchase of the smelter in 1997.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

60.     Doe Run received several extensions of time from the Peruvian government to complete the environmental management plan. Despite these extensions, it failed to complete the plan.

61.     In 2002, The National Council for the Environment of Peru reported that Doe Run Peru emitted 3,312 tons/year of particulate matter, 380,136 tons/year of sulfur dioxide, 226 tons/year of nitrogen oxides, 847 tons/year of lead, 423 tons/year of arsenic, and 43 tons/year of cadmium.

62.     In November 2005, the Centers for Disease Control (CDC) in Atlanta analyzed blood and urine samples of two population samples, one from La Oroya, the study site, and one from Concepcion, the control site. These results indicated that 97% of children between six months and six years of age and 98% of children between seven and 12 years had elevated blood lead levels, in some cases three or four times the level of concern. According to the CDC, an elevated level is any level equal to or greater than 10 µg/dl in 2005 and now is 5 µg/dl.

63.     Doe Run halted operations at the facility in 2009 when it was unable to access financing as a result of environmental requirements for the site.

64.     The operation of the Doe Run facility has, by this point, harmed tens of thousands of people spanning decades and generations of families.

65.     The minor plaintiffs in this case live or have lived in or around La Oroya, Peru and were exposed to and injured by the harmful and toxic substances released from the Defendants' metallurgical complex.

66.     A group of research scientists from Saint Louis University School of Public Health in Saint Louis, Missouri who have studied La Oroya have concluded that the conditions in La Oroya constitute a public health crisis that poses serious health risks for all population

14

groups and especially for the most vulnerable groups such as infants and young children, including the minor plaintiffs. Beginning in 2005, these public health experts have performed ongoing studies to assess the health effects of environmental contamination produced by Defendants' La Oroya metallurgical complex. The purpose of these studies is to determine the extent of toxic metal exposure suffered by La Oroya residents and the studies have confirmed the gravity of the public health situation caused by Defendants' metallurgical complex. The study performed by Saint Louis University, show that over 99 percent of children in La Oroya have blood lead levels of greater than 10 µg/dl, which is the level considered to be dangerous and to cause permanent injuries.

67.     During the course of their ownership, operation, use, management, supervision, storage, maintenance, and/or control of operations of their metallurgical complex and related properties in La Oroya, Peru, and at all times relevant hereto, the Defendants, while located in the States of Missouri and/or New York, negligently, carelessly and recklessly, made decisions that resulted in the release of metals and other toxic and harmful substances, including but not limited to lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto the properties on which the minor plaintiffs have in the past and/or continue to reside, use and visit, which has resulted in toxic and harmful exposures to minor plaintiffs.

68.     The air quality level is critical not only because the minor plaintiffs must breathe this polluted air but also because the particulate matter within the air is dispersed in a dust form that enters and settles inside the minor plaintiffs' houses and is deposited on the ground and on all surfaces, including furniture, clothing, water, and crops.

69.     The health effects of lead poisoning are well known. The CDC has noted that: "No safe blood lead level in children has been identified. Even low levels of lead in blood have

15

been shown to affect IQ, ability to pay attention, and academic achievement." Lead impacts nearly every organ and system of the human body. Lead causes multitudinous and serious injuries to the nervous system, which can lead to convulsions, coma and brain death. It causes learning and behavioral disorders, memory loss, nausea, anemia, hearing loss, fatigue, colic, hypertension, and myalgia. Moreover, children under the age of 6 years old are more susceptible to the toxic effects of lead than are adults since the brain and central nervous system are not completely developed.

70. Sulfur dioxide, another pollutant emitted continuously and at an excessive level from Defendants' metallurgical complex, damages circulatory and respiratory system, increases mortality, and is linked to lung cancer, especially when present along with elevated levels of particulate matter, as is the case in La Oroya. Due to the wrongful actions of the Defendants described herein, the level of sulfur dioxide in the air of La Oroya is unreasonably high and dangerous to the minor plaintiffs.

71. The Saint Louis University study also shows that urine levels of cadmium in residents of La Oroya are at a level that causes injury. Cadmium is a recognized carcinogen. The Saint Louis University study also shows that La Oroya residents have elevated levels of arsenic, another known carcinogen. Although suitable technologies and processes exist to prevent the pollution caused by the activities at the Defendants' metallurgical complex, such technology has not been implemented by Defendants at their La Oroya Complex.

72. A recent study by researchers at Yale University found that the Metallurgical Complex of La Oroya (CMLH) exceeded the maximum limits of heavy metals in the air. These high levels were recorded even when the smelter was not operating, between December 2009 and July 2012. Hassan Sipra, a student researcher at the Environmental Protection Clinic at Yale

16

University, found that "[w]hen the [metallurgical] complex was supposedly not operating, there were some records where the maximum permissible limit (LMP) was exceeded."

73. Lead, cadmium and carbon dioxide exceeded maximum limits of concentration in the air.

74. The preliminary research of Yale University found that levels of lead in the air were up to three times the maximum limits.

75. The preliminary research of Yale University found that levels of sulfur dioxide (SO2) in the air exceeded up to 4500 times the maximum limit.

76. The preliminary research of Yale University found that levels of cadmium in the air exceeded 45% and the highest recorded level was three times the maximum allowable limit (LMP).

77. This research used information provided by Doe Run and the medical center of La Oroya between December 2009 and February 2014.

78. During the course of their ownership, operation, use, management, supervision, storage, maintenance, or control of operations of the La Oroya Complex and related properties in La Oroya, Peru, the Defendants, while located in the States of Missouri or New York, made decisions regarding the operations of the complex. Those decisions were negligent, careless or reckless and resulted in the release of metals and other toxic and harmful substances, including lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto properties on which the minor plaintiffs reside, use or visit, which has resulted in toxic and harmful exposures to the minor plaintiffs.

79.     Although suitable technologies and processes exist to prevent the pollution caused by the activities at the La Oroya Complex, such technology has not been implemented by Defendants at the complex.

80.     Defendants owned, operated, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with other defendants and continue to do so in a way that negligently, carelessly or recklessly generated, handled, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex. This resulted in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or to which they were exposed. Defendants also purposefully withheld information or deliberately deceived the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, resulting in toxic exposure to the minor plaintiffs.

81.     Each of the corporate Defendants owned, operated, used, managed, supervised, or controlled the La Oroya Complex and related operations and facilities in La Oroya or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by Renco or the partnership. As owners, operators or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya Complex and related operations and facilities.

82.     Some or all of the corporate Defendants, pursuant to written or oral agreements, including the various Doe Run partnership agreements, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya Complex and related operations and facilities since October 24, 1997. Alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions

18

from the La Oroya Complex and related operations and facilities that Defendants knew were being transported to properties on which the minor plaintiffs have or continue to reside, use or visit, or not to implement adequate pollution controls at the complex and related operations and facilities, or purposefully concealing information or deliberately deceiving the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, with the purpose of the cost reduction of profits, bonuses and the value of wages, stock, or stock options of Doe Run as well as the corporate Defendants.

83. The corporate Defendants, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to the minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This heinous use of control proximately caused the minor plaintiffs' injuries.

84. At all relevant times herein, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

85. As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity.  Such injuries, damages and loses are reasonably likely to continue to occur in the future.

**PLAINTIFFS' EXPOSURE**

86.    The minor Plaintiffs have all been exposed to lead and/or other toxic substances as a result of the operations of the lead smelter owned and/or operated in La Oroya, Peru, by the Defendants.

87.    Plaintiffs have been exposed through the lead and/or other toxic substances being released into the air, soil, and water in and around La Oroya, Peru.

88.    Plaintiffs, where applicable, have also been exposed *in utero* when the mother carrying the child was pregnant and resided in La Oroya, Peru.

<u>**COUNT I**</u>

**(NEGLIGENCE – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., AND RENCO HOLDINGS, INC.)**

89.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

90.    Defendant Doe Run Resources Corporation together with Defendant D.R. Acquisition Corp. and Defendant Renco, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants Doe Run Resources, D.R. Acquisition Corp., and Renco control from the States of Missouri and New York, the expenditures, production practices, use of technology that would limit emissions, and policies including public relations and decision-making policies regarding information given to the minor plaintiffs. Such

control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

91.     Because Defendants Doe Run Resources Corporation, D.R. Acquisition Corp, and Renco, while located in the States of Missouri or New York, make decisions regarding expenditures, production practices, use of technology, policies regarding the operation of the La Oroya Complex, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants, Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco owe and have owed a duty to the minor plaintiffs who live in the vicinity of the complex, to control and contain the metals and other toxic substances it has generated, handled, stored, and disposed of at the La Oroya Complex and related operations and facilities at safe and non-toxic levels, and to warn and continue to warn the minor plaintiffs of the release of these toxic and harmful substances.

92.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco through decisions made in the States of Missouri or New York and through their agents, owned, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with each other defendant and continues to do so in a way that negligently, carelessly, and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

93. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also negligently, carelessly, and recklessly failed and continue to fail to warn the minor plaintiffs of release of the toxic metals and gases and other toxic substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, including the properties on which the minor plaintiffs have in the past or continue to reside, and of the reasonably foreseeable effects of such releases, including the dangers of inhaling or ingesting these toxic metals, gases, and other toxic substances.

94. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of exposure to the toxic substances released into the environment by their metallurgical complex and related operations and facilities.

95. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco knew or should have known that the generation, handling, storage, release and disposal of the described metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities would proximately cause damage to the minor plaintiffs.

96. As a direct and proximate result of the releases from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other

22

expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

97. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

**COUNT II**

**(CIVIL CONSPIRACY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

98. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

99. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves and through their agents, servants and employees, have acted jointly and in conspiracy with the individual Defendants to commit the torts alleged in this Petition, and are jointly and severally liable for the activities and toxic environmental releases from the operations of the La Oroya Complex.

100. Defendants agreed to a scheme by which, from the States of Missouri or New York, they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. From the States of Missouri or New York, Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the minor

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

101. One of the purposes of the conspiracy agreed upon between Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco and the other Defendants includes to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to avoid the cost of instituting procedures at and purchasing equipment for Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and Defendant Renco, and to increase the incomes of the Defendants, and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

102. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco together with the other Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

103. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendant Doe Run Resources Corporation together with the other Defendants and their agents, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses

24

and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

104. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York were outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT III

### (ABSOLUTE or STRICT LIABILITY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP, THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)

105. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

106. The ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities for which Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are jointly and severally liable, constituted and continues to constitute an abnormally dangerous activity or ultra-hazardous activity, because such activities create a high risk of significant harm.

107. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

108. The collection, handling, storage, and disposal of metals and other toxic substances by Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves or through their agents, servants and employees at Defendants' properties, has directly and

25

proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

109. As a direct and proximate result of the releases from Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

110. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT IV

**(NEGLIGENCE – Defendants THEODORE P. FOX, JERRY PYATT, JEFFERY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

111. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

112. During times relevant herein, Defendant Kaiser was Vice President, Chief Financial Officer, and Chief Administrative Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Kaiser is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable

26

in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

113. During times relevant herein, Defendant Fox was Vice President of Finance and Chief Financial Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Fox is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

114. During times relevant herein, Defendant Pyatt was and continues to be the Chief Executive Officer of Defendant Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. He is also currently the President of Doe Run Resources Corporation and served as the President of Doe Run Peru from approximately September 2003 to March 2006 and as the General Manager of Doe Run Peru from approximately September 2003 to January 2006. As an officer of Doe Run, Defendant Pyatt is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

115. During times relevant herein, Defendant Zelms was President and Chief Executive Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Zelms is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

116. At all relevant times herein, Defendant Rennert was and is the Chairman and Chief Executive Officer of Defendant Renco and Chairman of Defendant Doe Run Resources Corporation. As an officer of Renco and Doe Run, Defendant Rennert is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious wrongful conduct and participated in it, and thus is individually liable. This liability is in addition to and independent of any liability based on conspiracy.

117. As officers of Defendant Doe Run Resources Corporation, Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser are liable to the minor plaintiffs because they had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it, including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

118. In particular, Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser's responsibilities, actions and omissions included but were not limited to approval of expenditures for pollution control measures and expenditures for the remediation of properties. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser's had involvement in the budgeting process of Doe Run including setting environmental goals and the pollution control budget for the La Oroya Complex and related operations and facilities. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser also had knowledge of technologies owned by the Doe Run Company that were available to remediate contaminated soil which were not used. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser had knowledge of the release of emissions from the La Oroya Complex and related operations and facilities to the La Oroya communities surrounding them, including properties on which the minor plaintiffs have resided or continue to reside, use and visit and failed to inform these communities or take any action to eliminate or reduce the release of metals and other toxic substances. Defendants Fox,

28

Pyatt, Zelms, Rennert, and Kaiser participated in and approved budgets which delayed implementation of proper pollution control measures and delayed remediation of properties contaminated by the releases from the complex and related operations and facilities. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of the toxic substances released from the La Oroya Complex and related operations and facilities.

119. As a direct and proximate result of the releases of toxic materials from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

120. The actions of Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## **COUNT V**

### **(CIVIL CONSPIRACY – Defendants TERRY P. FOX, JERRY PYATT, JEFFERY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

121. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

122. During times relevant herein, Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were acting jointly and in conspiracy with each other and with the corporate Defendants.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Defendants agreed to a scheme by which they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

123.    Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser had and have an economic motive and personally benefited from the conspiracy. The objectives of the conspiracy included to fail to adequately control the toxic environmental releases from the La Oroya Complex and related operations and facilities that Defendants knew were being released or transported to properties on which the minor plaintiffs have in the past or continue to reside, visit or use; or not to implement adequate pollution controls at the complex because of the cost and reduction of profits, value, bonuses and the value of wages, stock or stock options of Doe Run as well as other Defendants.

124.    One of the purposes of the conspiracy agreed upon between Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser and the corporate Defendants included to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and defendant Renco, and

30

to increase the incomes of the Defendants and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

125. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser together with the corporate Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

126. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser together with the corporate Defendants, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

127. The actions of Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT VI

### (ABSOLUTE or STRICT LIABILITY – Defendants TERRY P. FOX, JERRY PYATT, JEFFERY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

128. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

129. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser had actual knowledge of the corporate Defendants' tortious conduct and participated in it, including the acts and omissions of

31

Defendants described herein, involving the ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities which constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm, and is thus jointly and severally liable in his individual capacity.

130. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

131. The collection, handling, storage, and disposal of metals and other toxic substances at Defendants' properties has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

132. As a direct and proximate result of the releases from the Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

133. The actions of Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT VII

### (CONTRIBUTION BASED ON TORTIOUS CONDUCT OF ENTITIES ACTING IN CONCERT – ALL DEFENDANTS)

134. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

135. Each Defendant bears joint liability with all other defendants for the claims of negligence, conspiracy, and strict liability on the part of each Defendant in the respects hereinafter alleged, which caused or contributed to the injuries claimed by the minor plaintiffs.

136. The release by Defendants of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use, and visit or were exposed was caused or contributed to be caused by the negligence of each Defendant in the respects hereinafter alleged.

137. Each Defendant was and continues to be negligent in the following respects:

a. Negligently, carelessly, and recklessly generating, handling, storing, releasing, disposing of, or failing to control and contain the metals and other toxic substances used and generated by the complex.

b. Negligently, carelessly, recklessly failing to warn the minor plaintiffs of the release of toxic metals and gases and other substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, or deliberate deceiving the minor plaintiffs with regard to the dangers of the toxic substances released by Defendants.

33

c.     Negligently, carelessly, and recklessly failing to warn the minor plaintiffs of the dangers of inhaling or ingesting toxic metals, gases, and other toxic substances generated by and released from the La Oroya Complex and related operations and facilities, or the potential of ingesting harmful levels of toxic metals and other toxic substances.

138.    Each Defendant acted in concert with the other Defendants and pursuant to a common design with the other Defendants in committing the tortious acts alleged above because each Defendant did not want to have to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities to avoid the costs of instituting procedures and purchasing equipment at the complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

139.    Each Defendant also acted in concert with the other Defendants and pursuant to a common design with the other Defendants to exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding information given to the minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

140.    Each Defendant knew that the tortious acts of the other Defendants herein breached a legal duty of the other Defendants, yet each Defendant gave substantial assistance and encouragement to the other Defendants to commit such tortious acts because each Defendant knew that if the other Defendants acted otherwise, to avoid the costs of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

141.    Each Defendant gave substantial assistance to the other Defendants herein accomplishing the tortious acts alleged by agreeing, either expressly or tacitly, not to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities.

142.    As a result of the joint negligence of the Defendants herein alleged, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

143.    Each Defendant is liable for the negligent acts of each of the other Defendants herein in the respects herein alleged that caused or contributed to cause injury to the minor plaintiffs.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims and issues triable of right by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court do the following:

A. an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSANDS DOLLARS ($25,000);

B. for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

C. for their costs and expenses;

D. for pre- and post-judgment interest as allowed by statute and law; and

E. for such other and further relief the Court deems just and proper.

F. Grant such other relief as is just and proper.

Dated: February 21, 2026.

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:  /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

37

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

MONSIGNOR ALFRED SCHULER AS NEXT
FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C.,
S.J.Q.O, and D.Y.C.J.,

        Plaintiffs,

        v.

DOE RUN RESOURCES CORPORATION, D.R
ACQUISITION CORP., MARVIN K. KAISER,
ALBERT BRUCE NEIL, THEODORE P. FOX III,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., and IRA L. RENNERT.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 2622-CC00366

Division:

Personal Injury in Excess of Twenty-
Five Thousand Dollars

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, Monsignor Alfred Schuler, as Next Friend of Y.Y.S.R.,

M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., by and through undersigned counsel, on behalf of

themselves, sue Defendants, DOE RUN RESOURCES CORPORATION, D.R ACQUISITION

CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, THEODORE P. FOX III, THE

RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT, (collectively

"Defendants") and for their Complaint allege, upon information and belief and based on the

investigation to date of their counsel, as follows:

## INTRODUCTION

*"No safe blood lead level in children has been identified. Lead exposure can affect nearly
every system in the body."*

        -National Center for Environmental Health, Division of Emergency and
        Environmental Health Services[1]

---

[1] http://www.cdc.gov/nceh/lead/.

1

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

Time Magazine has named La Oroya, Peru as one of the 10 most polluted places in the world.[2] This is an action to seek damages from Defendants for injuries, damages and losses suffered by each and every minor plaintiff named herein, who were minors or *in utero* at the time of their initial exposures and injuries as a result of exposure to the release of lead and other toxic substances from Defendants' ownership, use, management, supervision, storage, maintenance, disposal and release of materials containing lead and other toxic substances from the lead smelter owned and/or operated by the Defendants in the region of La Oroya, Peru. At critical times during gestation and/or their developmental years and to the present, the minor plaintiffs were exposed to damaging levels of lead and other toxic substances.

## THE PARTIES

**PLAINTIFFS**

1. All of the minor Plaintiffs have lived or were *in* utero in the region of La Oroya Peru during relevant times, for the purpose of prosecuting the claims alleged herein.

2. Plaintiff's Next Friend Msgr. Alfred Schuler is and at all relevant times herein has been a resident of the City of Saint Louis, Missouri.

**DEFENDANTS**

3. Defendant The Doe Run Resources Corporation ("Doe Run") is an international natural resource company focused on mining, smelting and fabrication of metals. At all relevant times, Doe Run was a New York corporation with its principal place of business in St. Louis, Missouri. At all relevant times, Defendant Doe Run owned, and either directly or through other Defendants, operated, used, managed and supervised, the La Oroya metallurgical complex (the "La Oroya Complex") which stored, maintained, or controlled various properties, including a lead

---

[2] Walsh, Bryan, *The World's Most Polluted Places,* Time Magazine, 2007

smelter, and the waste on such properties. The La Oroya Complex also stored materials containing lead and other toxic substances released from the complex. Upon information and belief, Doe Run is the second largest lead producer in the world and has reported profits in the 100's of millions of dollars.

4. Defendant Doe Run wholly owns Doe Run Cayman, Ltd., a Cayman Island corporation, which owns Doe Run Peru.

5. Doe Run Cayman Ltd. has no operations separate from "owning" Doe Run Peru.

6. At all relevant times, Defendant Doe Run both directly and through its ownership of Doe Run Cayman, Ltd., controlled and operated Doe Run Peru. Doe Run Peru was an agent of the Defendants. Defendants expressly or impliedly consented to Doe Run Peru acting on their behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries. Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru

7. Defendant D.R. Acquisition Corp. is and at all times relevant herein was a Missouri corporation with its principal place of business in Missouri. D.R. Acquisition Corp. owns 100% of Doe Run.

8. Defendant Renco Holdings, Inc. and Defendant The Renco Group, Inc. (collectively "Renco") are New York corporations with their principal places of business in New York. At all relevant times, Defendant D.R. Acquisition Corp., the current owner of Doe Run Peru, has been a wholly owned subsidiary of Defendant Renco. Renco owns 100% of stock of Defendant Doe Run directly or indirectly through D.R. Acquisition Corp.

9. At all relevant times, Defendant Renco was doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run through its agents, servants, and employees acting within the course and scope of their employment, service, and agency. As the owner who controls Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya Complex since the date Defendants' purchased the complex, October 24, 1997.

10. Defendant Ira L. Rennert is a resident of the City of New York, State of New York. At all relevant times, Defendant Rennert was a director, officer, and agent of Defendant Renco and Defendant Doe Run and the controlling owner of all of the corporate defendants. Defendant Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

11. Defendant Marvin K. Kaiser is a resident of the City of St. Louis, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately February 2006, Defendant Kaiser was an officer and agent of Defendant Doe Run.

12. Defendant Albert Bruce Neil is a resident of the City of Kirkwood, State of Missouri. From approximately 2003, Defendant Neil was and continues to be an officer and agent of Defendant Doe Run.

13. Defendant Jerry Pyatt is a resident of Kirkwood, Missouri. From approximately 2003 to the present, Defendant Pyatt has been an officer and agent of Defendant Doe Run.

14. Defendant Theodore P. Fox III is a resident of the City of Eureka, State of Missouri. From approximately September 2006, Defendant Fox was and continues to be an officer and agent of Doe Run.

**FURTHER IDENTIFICATION OF THE DEFENDANTS**

4

15. Defendants Doe Run and Renco purchased the La Oroya metallurgical complex in 1997.

16. As owner of the La Oroya metallurgical complex, Doe Run is liable for the activities and the toxic environmental releases from the complex since the date Defendants' purchased the complex, October 24, 1997.

17. At relevant times, Doe Run Peru was an agent of the Defendants. Defendants consented, expressly or impliedly, to Doe Run Peru acting on its behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries. Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru.

18. Defendant Doe Run is the second largest total lead producer in the world and has reported profits in the 100's of millions of dollars during relevant times. Doe Run is an international natural resource company based in St. Louis, Missouri and focused on the mining, smelting, recycling and fabrication of metals.

19. Defendants owned, operated, maintained, managed and/or used the La Oroya metallurgical complex and related operations and facilities, or acted in conspiracy with each other defendant and continue to do so in a way that negligently, carelessly and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which minor plaintiffs have in the past and/or continue to reside, use and visit, and/or were exposed, and purposefully withheld

5

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

information and/or deliberately deceived the minor plaintiffs with regard to the dangers of such exposures, resulting in toxic exposure to minor plaintiffs.

20.     Defendant D.R. Acquisition Corp., a wholly owned subsidiary of defendant Renco, owns 100% of Defendant Doe Run's common stock, both voting and non-voting. There is no established public trading market for these shares. All (100%) of Doe Run's issued and outstanding common and preferred stock is directly or indirectly owned by Renco through D.R. Acquisition Corp.

21.     Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer, for himself and members of his family. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

22.     At all times relevant hereto, Defendant Renco was and continues to be a corporation organized and existing by virtue of law doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run by and through its agents, servants, and employees acting within the course and scope of their employment, service, and agency and continues to do so. As owner of Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya metallurgical complex since the date Defendants' purchased the complex, October 24, 1997.

23.     Each of the corporate Defendants owned, operated, used, managed, supervised, and/or controlled the La Oroya complex and related operations and facilities in La Oroya and/or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by the partnership. As owners, operators and/or partners in the Doe Run Company, the corporate Defendants are jointly and

6

severely liable for acts and releases related to the La Oroya complex and related operations and facilities.

24. Some or all of the corporate Defendants, pursuant to various written agreements, including the various Doe Run partnership agreements as amended and restated, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya complex and related operations and facilities since October 24, 1997. In addition and alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions from Defendants' metallurgical complex and related operations and facilities that Defendants knew were being transported to properties on which minor plaintiffs have and/or continue to reside, use or visit, and/or not to implement adequate pollution controls at Defendants' metallurgical complex and related operations and facilities, and or and purposefully concealing information and/or deliberately deceiving the minor plaintiffs with regard to the dangers of such exposures, with the purpose of the cost and reduction of profits, bonuses and the value of wages, stock, and/or stock options of Doe Run as well as the corporate Defendants.

25. The corporate Defendants, while located in the States of Missouri and/or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

26.     At all times, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

27.     As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

## JURISDICTION

28.     This Court has personal jurisdiction over all parties.

29.     The acts and omissions complained of in this action occurred in this State by Defendants and employees and officers of the corporate defendants, all acting within the course and scope of their agency and employment in this state.

## VENUE

30.     Venue is proper in this Court pursuant to §508.010 RSMo (2014).

## FACTUAL ALLEGATIONS

31.     The town of La Oroya is a mining town located in the central Andean highlands of Peru, at an elevation of approximately 3,750 meters above sea-level. For more than 500 years, the settlements near La Oroya are believed to have been working small-scale mining operations. In the last one hundred years however, with the creation of the La Oroya Complex, production

8

dramatically increased, contaminating the local population with it. The La Oroya Complex is located only meters from the city center.

32. The La Oroya Complex recovers 11 metals including copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium and antimony, as well as numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines

33. In 1922, the privately owned Cerro de Pasco Copper Corporation established the La Oroya Complex for copper smelting and refining. Cerro de Pasco added a lead smelter and refinery in 1928, a sulfuric acid plant in 1939, a silver refinery in 1950, and a zinc refinery in 1952.

34. The Complex comprises four key circuits. These circuits are the copper smelter and refinery (the "Copper Circuit"); the lead smelter and refinery (the "Lead Circuit"); an anode residue plant and silver refinery (the "Precious Metals Circuit"); and zinc roasting plant, leaching and purification plant and refinery (the "Zinc Circuit," and collectively the "Circuits.")

35. The Complex also includes numerous other facilities designed to process by-products released during the smelting process, including sulfuric acid plants, an oxygen plant, and several pilot plants to recover minor metallic by-products.

36. The following diagram shows the main facilities in each circuit and the interrelationships between the four circuits:

9



37.    Because smelters process concentrates to create a pure ore by burning-off and/or separating out unwanted impurities, it is very difficult to control emissions of such substances.

38.    This is true of any smelter, but the La Oroya Complex faces particular challenges in this regard because the integrated smelting processes are among the most complex in the world.

39.    Indeed, the La Oroya Complex is one of only four smelting facilities worldwide capable of recovering numerous metals and by-products from complex, poly-metallic concentrates with high levels of impurities.

40.    While most smelters recover only one or two metals and a few by-products from a "clean" concentrate (i.e., a concentrate with a high level of the target metal and a low level of

10

impurities), the La Oroya Complex recovers 11 metals (copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium, and antimony) and numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, and zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines.

41. The composition of the concentrates processed at the Complex has major implications for its design and operation and for its potential environmental impacts.

42. The Complex's four circuits (copper, lead, precious metals, and zinc) are integrated so as to allow by-products and intermediary substances produced during the processing of concentrates in one circuit to be further processed and refined in the other circuits, thus maximizing the recovery of valuable metals.

43. At the same time, the concentrates contain high levels of other substances that either lack economic value or that cannot be fully recovered, including: sulfur, arsenic, and cadmium.

44. Thus, the process of isolating and refining the target metals creates substantial quantities of by-products, which contain substances that may be harmful to the environment and human health.

45. In 1974, the Peruvian government nationalized the company and operated the smelter and mine as a state enterprise, Centromin Peru S.A.

46. In November 1991, the Peruvian Government issued Legislative Decree 708, declaring the promotion of private investment in the mining sector in the national interest and eliminating the exclusive rights that previously had been granted to State-owned mining companies.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

47.     As the Peruvian Government later explained in its official 1999 White Paper[3]:

> Since 1960 the governing criterion was that the best way to promote the economic growth and redistribute their benefits was through the state intervention that allocated resources according to the criteria set by centralized planning.
>
> In contrast, in 1990, the implementation of a set of policies aimed at reducing the economic role of the State as well as to increase private sector activity assumes even greater importance.
>
> From that time on, there was a significant change in the role of the State starting to create the necessary conditions to attract foreign investment and, in parallel, to design a privatization policy aimed at ensuring that the private sector is the dynamic engine of the economy.

48.     A 1992 Resolution included Centromin in the privatization process. Peru created a special committee to oversee Centromin's privatization (Comité Especial de Privatización), including the sale of the La Oroya Complex (the "Special Privatization Committee" or "CEPRI").

49.     At the same time, the Peruvian Government began to implement a modern environmental legal framework.

50.     The new Environmental and Natural Resources Code (enacted in September 1990) imposed several general requirements on mining and metallurgical companies, including obligations to include in their facilities equipment for control of contaminants and to treat wastewaters used in the processing of minerals.

51.     In June 1993, the Peruvian Government issued Regulations for Environmental Protection in Mining and Metallurgy. Article 5 of the Regulations provided that companies operating in the sector would be "liable for any emissions, discharges and disposal of waste to the environment occurring as a result of processes carried out at their installations," and it

---

[3] Government of Peru, White Paper concerning the Fractional Privatization of Centromin, 1999

12

obligated them "to avoid and prevent any elements and/or substances from surpassing the maximum allowable levels" to be issued by the Ministry of Energy & Mines.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

52. The outside consulting firm Knight Piésold advised in its 1996 report to the Peruvian Government that:

(i) There was no simple remedy to the existing air quality problem, which extended to lead, SO2 and other particulate emissions.

(ii) Any solution would require "detailed engineering evaluation beyond the scope of the present evaluation."

(iii) Implementation of adequate controls to meet standards may take "in excess of the ten year implementation schedule being considered by the Peruvian Ministry."

(iv) "Considerable flexibility in the implementation and application of new standards will be necessary if La Oroya is to continue as an economically viable operation."

(v) "Continued long-term operation of the smelter and progress on privatization can be achieved only if La Oroya is subject to realistic requirements to gradually reduce emissions."

53. With this knowledge and understanding, Doe Run, part of the Renco Group, purchased the smelter complex in 1997 from the state.

54. As the owners and operators of the La Oroya Complex, Defendants are liable for the activities and the toxic environmental releases from the complex since the date Defendants purchased the complex, October 24, 1997.

55. Plaintiffs have lived in the region of La Oroya, Peru and have been exposed to and harmed by the dangerous and toxic substances released from the La Oroya Complex.

56. The smelter took the name of Doe Run Peru (DRP) metallurgical complex.

57. When Doe Run purchased the facility it agreed to improve the facility and lessen its environmental impact.

58. Doe Run failed to implement the environmental management plan that was a condition of its purchase of the smelter in 1997.

59.     Doe Run received several extensions of time from the Peruvian government to complete the environmental management plan. Despite these extensions, it failed to complete the plan.

60.     In 2002, The National Council for the Environment of Peru reported that Doe Run Peru emitted 3,312 tons/year of particulate matter, 380,136 tons/year of sulfur dioxide, 226 tons/year of nitrogen oxides, 847 tons/year of lead, 423 tons/year of arsenic, and 43 tons/year of cadmium.

61.     In November 2005, the Centers for Disease Control (CDC) in Atlanta analyzed blood and urine samples of two population samples, one from La Oroya, the study site, and one from Concepcion, the control site. These results indicated that 97% of children between six months and six years of age and 98% of children between seven and 12 years had elevated blood lead levels, in some cases three or four times the level of concern. According to the CDC, an elevated level is any level equal to or greater than 10 µg/dl in 2005 and now is 5 µg/dl.

62.     Doe Run halted operations at the facility in 2009 when it was unable to access financing as a result of environmental requirements for the site.

63.     The operation of the Doe Run facility has, by this point, harmed tens of thousands of people spanning decades and generations of families.

64.     The minor plaintiffs in this case live or have lived in or around La Oroya, Peru and were exposed to and injured by the harmful and toxic substances released from the Defendants' metallurgical complex.

65.     A group of research scientists from Saint Louis University School of Public Health in Saint Louis, Missouri who have studied La Oroya have concluded that the conditions in La Oroya constitute a public health crisis that poses serious health risks for all population

14

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

groups and especially for the most vulnerable groups such as infants and young children, including the minor plaintiffs. Beginning in 2005, these public health experts have performed ongoing studies to assess the health effects of environmental contamination produced by Defendants' La Oroya metallurgical complex. The purpose of these studies is to determine the extent of toxic metal exposure suffered by La Oroya residents and the studies have confirmed the gravity of the public health situation caused by Defendants' metallurgical complex. The study performed by Saint Louis University, show that over 99 percent of children in La Oroya have blood lead levels of greater than 10 µg/dl, which is the level considered to be dangerous and to cause permanent injuries.

66.     During the course of their ownership, operation, use, management, supervision, storage, maintenance, and/or control of operations of their metallurgical complex and related properties in La Oroya, Peru, and at all times relevant hereto, the Defendants, while located in the States of Missouri and/or New York, negligently, carelessly and recklessly, made decisions that resulted in the release of metals and other toxic and harmful substances, including but not limited to lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto the properties on which the minor plaintiffs have in the past and/or continue to reside, use and visit, which has resulted in toxic and harmful exposures to minor plaintiffs.

67.     The air quality level is critical not only because the minor plaintiffs must breathe this polluted air but also because the particulate matter within the air is dispersed in a dust form that enters and settles inside the minor plaintiffs' houses and is deposited on the ground and on all surfaces, including furniture, clothing, water, and crops.

68.     The health effects of lead poisoning are well known. The CDC has noted that: "No safe blood lead level in children has been identified. Even low levels of lead in blood have

been shown to affect IQ, ability to pay attention, and academic achievement." Lead impacts nearly every organ and system of the human body. Lead causes multitudinous and serious injuries to the nervous system, which can lead to convulsions, coma and brain death.  It causes learning and behavioral disorders, memory loss, nausea, anemia, hearing loss, fatigue, colic, hypertension, and myalgia. Moreover, children under the age of 6 years old are more susceptible to the toxic effects of lead than are adults since the brain and central nervous system are not completely developed.

69.     Sulfur dioxide, another pollutant emitted continuously and at an excessive level from Defendants' metallurgical complex, damages circulatory and respiratory system, increases mortality, and is linked to lung cancer, especially when present along with elevated levels of particulate matter, as is the case in La Oroya. Due to the wrongful actions of the Defendants described herein, the level of sulfur dioxide in the air of La Oroya is unreasonably high and dangerous to the minor plaintiffs.

70.     The Saint Louis University study also shows that urine levels of cadmium in residents of La Oroya are at a level that causes injury. Cadmium is a recognized carcinogen. The Saint Louis University study also shows that La Oroya residents have elevated levels of arsenic, another known carcinogen.  Although suitable technologies and processes exist to prevent the pollution caused by the activities at the Defendants' metallurgical complex, such technology has not been implemented by Defendants at their La Oroya Complex.

71.     A recent study by researchers at Yale University found that the Metallurgical Complex of La Oroya (CMLH) exceeded the maximum limits of heavy metals in the air. These high levels were recorded even when the smelter was not operating, between December 2009 and July 2012. Hassan Sipra, a student researcher at the Environmental Protection Clinic at Yale

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

University, found that "[w]hen the [metallurgical] complex was supposedly not operating, there were some records where the maximum permissible limit (LMP) was exceeded."

72. Lead, cadmium and carbon dioxide exceeded maximum limits of concentration in the air.

73. The preliminary research of Yale University found that levels of lead in the air were up to three times the maximum limits.

74. The preliminary research of Yale University found that levels of sulfur dioxide (SO2) in the air exceeded up to 4500 times the maximum limit.

75. The preliminary research of Yale University found that levels of cadmium in the air exceeded 45% and the highest recorded level was three times the maximum allowable limit (LMP).

76. This research used information provided by Doe Run and the medical center of La Oroya between December 2009 and February 2014.

77. During the course of their ownership, operation, use, management, supervision, storage, maintenance, or control of operations of the La Oroya Complex and related properties in La Oroya, Peru, the Defendants, while located in the States of Missouri or New York, made decisions regarding the operations of the complex. Those decisions were negligent, careless or reckless and resulted in the release of metals and other toxic and harmful substances, including lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto properties on which the minor plaintiffs reside, use or visit, which has resulted in toxic and harmful exposures to the minor plaintiffs.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

78. Although suitable technologies and processes exist to prevent the pollution caused by the activities at the La Oroya Complex, such technology has not been implemented by Defendants at the complex.

79. Defendants owned, operated, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with other defendants and continue to do so in a way that negligently, carelessly or recklessly generated, handled, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex. This resulted in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or to which they were exposed. Defendants also purposefully withheld information or deliberately deceived the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, resulting in toxic exposure to the minor plaintiffs.

80. Each of the corporate Defendants owned, operated, used, managed, supervised, or controlled the La Oroya Complex and related operations and facilities in La Oroya or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by Renco or the partnership. As owners, operators or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya Complex and related operations and facilities.

81. Some or all of the corporate Defendants, pursuant to written or oral agreements, including the various Doe Run partnership agreements, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya Complex and related operations and facilities since October 24, 1997. Alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions

from the La Oroya Complex and related operations and facilities that Defendants knew were being transported to properties on which the minor plaintiffs have or continue to reside, use or visit, or not to implement adequate pollution controls at the complex and related operations and facilities, or purposefully concealing information or deliberately deceiving the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, with the purpose of the cost reduction of profits, bonuses and the value of wages, stock, or stock options of Doe Run as well as the corporate Defendants.

82.     The corporate Defendants, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to the minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This heinous use of control proximately caused the minor plaintiffs' injuries.

83.     At all relevant times herein, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

84.      As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of

19

medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

**PLAINTIFFS' EXPOSURE**

85. The minor Plaintiffs have all been exposed to lead and/or other toxic substances as a result of the operations of the lead smelter owned and/or operated in La Oroya, Peru, by the Defendants.

86. Plaintiffs have been exposed through the lead and/or other toxic substances being released into the air, soil, and water in and around La Oroya, Peru.

87. Plaintiffs, where applicable, have also been exposed *in utero* when the mother carrying the child was pregnant and resided in La Oroya, Peru.

**COUNT I**

**(NEGLIGENCE – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., AND RENCO HOLDINGS, INC.)**

88. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

89. Defendant Doe Run Resources Corporation together with Defendant D.R. Acquisition Corp. and Defendant Renco, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants Doe Run Resources, D.R. Acquisition Corp., and Renco control from the States of Missouri and New York, the expenditures, production practices, use of technology that would limit emissions, and policies including public relations and decision-making policies regarding information given to the minor plaintiffs. Such

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

90. Because Defendants Doe Run Resources Corporation, D.R. Acquisition Corp, and Renco, while located in the States of Missouri or New York, make decisions regarding expenditures, production practices, use of technology, policies regarding the operation of the La Oroya Complex, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants, Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco owe and have owed a duty to the minor plaintiffs who live in the vicinity of the complex, to control and contain the metals and other toxic substances it has generated, handled, stored, and disposed of at the La Oroya Complex and related operations and facilities at safe and non-toxic levels, and to warn and continue to warn the minor plaintiffs of the release of these toxic and harmful substances.

91. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco through decisions made in the States of Missouri or New York and through their agents, owned, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with each other defendant and continues to do so in a way that negligently, carelessly, and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

21

92. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also negligently, carelessly, and recklessly failed and continue to fail to warn the minor plaintiffs of release of the toxic metals and gases and other toxic substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, including the properties on which the minor plaintiffs have in the past or continue to reside, and of the reasonably foreseeable effects of such releases, including the dangers of inhaling or ingesting these toxic metals, gases, and other toxic substances.

93. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of exposure to the toxic substances released into the environment by their metallurgical complex and related operations and facilities.

94. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco knew or should have known that the generation, handling, storage, release and disposal of the described metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities would proximately cause damage to the minor plaintiffs.

95. As a direct and proximate result of the releases from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other

22

expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

96. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## **COUNT II**

### **(CIVIL CONSPIRACY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

97. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

98. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves and through their agents, servants and employees, have acted jointly and in conspiracy with the individual Defendants to commit the torts alleged in this Petition, and are jointly and severally liable for the activities and toxic environmental releases from the operations of the La Oroya Complex.

99. Defendants agreed to a scheme by which, from the States of Missouri or New York, they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. From the States of Missouri or New York, Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the minor

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

100. One of the purposes of the conspiracy agreed upon between Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco and the other Defendants includes to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to avoid the cost of instituting procedures at and purchasing equipment for Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and Defendant Renco, and to increase the incomes of the Defendants, and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

101. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco together with the other Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

102. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendant Doe Run Resources Corporation together with the other Defendants and their agents, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses

24

and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

103. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York were outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT III

### (ABSOLUTE or STRICT LIABILITY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP, THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)

104. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

105. The ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities for which Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are jointly and severally liable, constituted and continues to constitute an abnormally dangerous activity or ultra-hazardous activity, because such activities create a high risk of significant harm.

106. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

107. The collection, handling, storage, and disposal of metals and other toxic substances by Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves or through their agents, servants and employees at Defendants' properties, has directly and

25

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

108. As a direct and proximate result of the releases from Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

109. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT IV

### (NEGLIGENCE – Defendants THEODORE P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

110. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

111. During times relevant herein, Defendant Kaiser was Vice President, Chief Financial Officer, and Chief Administrative Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Kaiser is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable

26

in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

112. During times relevant herein, Defendant Fox was Vice President of Finance and Chief Financial Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Fox is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

113. During times relevant herein, Defendant Pyatt was and continues to be the Chief Executive Officer of Defendant Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. He is also currently the President of Doe Run Resources Corporation and served as the President of Doe Run Peru from approximately September 2003 to March 2006 and as the General Manager of Doe Run Peru from approximately September 2003 to January 2006. As an officer of Doe Run, Defendant Pyatt is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

114. At all relevant times herein, Defendant Rennert was and is the Chairman and Chief Executive Officer of Defendant Renco and Chairman of Defendant Doe Run Resources Corporation. As an officer of Renco and Doe Run, Defendant Rennert is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious wrongful conduct and participated in it, and thus is individually liable. This liability is in addition to and independent of any liability based on conspiracy.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

115. As officers of Defendant Doe Run Resources Corporation, Defendants Fox, Pyatt, Rennert, and Kaiser are liable to the minor plaintiffs because they had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it, including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

116. In particular, Defendants Fox, Pyatt, Rennert, and Kaiser's responsibilities, actions and omissions included but were not limited to approval of expenditures for pollution control measures and expenditures for the remediation of properties. Defendants Fox, Pyatt, Rennert, and Kaiser's had involvement in the budgeting process of Doe Run including setting environmental goals and the pollution control budget for the La Oroya Complex and related operations and facilities. Defendants Fox, Pyatt, Rennert, and Kaiser also had knowledge of technologies owned by the Doe Run Company that were available to remediate contaminated soil which were not used. Defendants Fox, Pyatt, Rennert, and Kaiser had knowledge of the release of emissions from the La Oroya Complex and related operations and facilities to the La Oroya communities surrounding them, including properties on which the minor plaintiffs have resided or continue to reside, use and visit and failed to inform these communities or take any action to eliminate or reduce the release of metals and other toxic substances. Defendants Fox, Pyatt, Rennert, and Kaiser participated in and approved budgets which delayed implementation of proper pollution control measures and delayed remediation of properties contaminated by the releases from the complex and related operations and facilities. Defendants Fox, Pyatt, Rennert, and Kaiser purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of the toxic substances released from the La Oroya Complex and related operations and facilities.

28

117. As a direct and proximate result of the releases of toxic materials from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

118. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT V

### (CIVIL CONSPIRACY – Defendants TERRY P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

119. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

120. During times relevant herein, Defendants Fox, Pyatt, Rennert, and Kaiser were acting jointly and in conspiracy with each other and with the corporate Defendants. Defendants agreed to a scheme by which they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is

29

used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

121.   Defendants Fox, Pyatt, Rennert, and Kaiser had and have an economic motive and personally benefited from the conspiracy. The objectives of the conspiracy included to fail to adequately control the toxic environmental releases from the La Oroya Complex and related operations and facilities that Defendants knew were being released or transported to properties on which the minor plaintiffs have in the past or continue to reside, visit or use; or not to implement adequate pollution controls at the complex because of the cost and reduction of profits, value, bonuses and the value of wages, stock or stock options of Doe Run as well as other Defendants.

122.   One of the purposes of the conspiracy agreed upon between Defendants Fox, Pyatt, Rennert, and Kaiser and the corporate Defendants included to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and defendant Renco, and to increase the incomes of the Defendants and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

123.   Defendants Fox, Pyatt, Rennert, and Kaiser together with the corporate Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

30

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

124. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendants Fox, Pyatt, Rennert, and Kaiser together with the corporate Defendants, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

125. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT VI

**(ABSOLUTE or STRICT LIABILITY – Defendants TERRY P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

126. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

127. Defendants Fox, Pyatt, Rennert, and Kaiser had actual knowledge of the corporate Defendants' tortious conduct and participated in it, including the acts and omissions of Defendants described herein, involving the ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities which constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm, and is thus jointly and severally liable in his individual capacity.

31

128. Defendants Fox, Pyatt, Rennert, and Kaiser are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

129. The collection, handling, storage, and disposal of metals and other toxic substances at Defendants' properties has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

130. As a direct and proximate result of the releases from the Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

131. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

## COUNT VII

**(CONTRIBUTION BASED ON TORTIOUS CONDUCT OF ENTITIES ACTING IN CONCERT – ALL DEFENDANTS)**

132. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

32

133. Each Defendant bears joint liability with all other defendants for the claims of negligence, conspiracy, and strict liability on the part of each Defendant in the respects hereinafter alleged, which caused or contributed to the injuries claimed by the minor plaintiffs.

134. The release by Defendants of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use, and visit or were exposed was caused or contributed to be caused by the negligence of each Defendant in the respects hereinafter alleged.

135. Each Defendant was and continues to be negligent in the following respects:

a. Negligently, carelessly, and recklessly generating, handling, storing, releasing, disposing of, or failing to control and contain the metals and other toxic substances used and generated by the complex.

b. Negligently, carelessly, recklessly failing to warn the minor plaintiffs of the release of toxic metals and gases and other substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, or deliberate deceiving the minor plaintiffs with regard to the dangers of the toxic substances released by Defendants.

c. Negligently, carelessly, and recklessly failing to warn the minor plaintiffs of the dangers of inhaling or ingesting toxic metals, gases, and other toxic substances generated by and released from the La Oroya Complex and related operations and facilities, or the potential of ingesting harmful levels of toxic metals and other toxic substances.

136. Each Defendant acted in concert with the other Defendants and pursuant to a common design with the other Defendants in committing the tortious acts alleged above because each Defendant did not want to have to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and

related operations and facilities to avoid the costs of instituting procedures and purchasing equipment at the complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

137. Each Defendant also acted in concert with the other Defendants and pursuant to a common design with the other Defendants to exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding information given to the minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

138. Each Defendant knew that the tortious acts of the other Defendants herein breached a legal duty of the other Defendants, yet each Defendant gave substantial assistance and encouragement to the other Defendants to commit such tortious acts because each Defendant knew that if the other Defendants acted otherwise, to avoid the costs of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

139. Each Defendant gave substantial assistance to the other Defendants herein accomplishing the tortious acts alleged by agreeing, either expressly or tacitly, not to acknowledge,

34

warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities.

140. As a result of the joint negligence of the Defendants herein alleged, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

141. Each Defendant is liable for the negligent acts of each of the other Defendants herein in the respects herein alleged that caused or contributed to cause injury to the minor plaintiffs.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims and issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court do the following:

A. an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSANDS DOLLARS ($25,000);

B. for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

C. for their costs and expenses;

D. for pre- and post-judgment interest as allowed by statute and law; and

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

E. for such other and further relief the Court deems just and proper.

F. Grant such other relief as is just and proper.

Dated: March 9, 2026.

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:  /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

YAIR YERSI SALVADOR RAVICHAGUA and )
MONSIGNOR ALFRED SCHULER AS NEXT )
FRIEND OF, M.T.Q.O., A.P.B.C., S.J.Q.O, and )
D.Y.C.J., )
 )
      Plaintiffs, )
 )
      v. )
 )
DOE RUN RESOURCES CORPORATION, D.R )
ACQUISITION CORP., MARVIN K. KAISER, )
ALBERT BRUCE NEIL, THEODORE P. FOX III, )
THE RENCO GROUP, INC., RENCO )
HOLDINGS, INC., and IRA L. RENNERT., )
 )
      Defendants. )
 )

Case: 2622-CC00366

Division:

Personal Injury in Excess of Twenty-
Five Thousand Dollars

JURY TRIAL DEMANDED

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COME NOW Plaintiffs and hereby move this Court to permit Plaintiffs to file a Second Amended Complaint.

Counsel for Plaintiffs respectfully submits to the Court that Plaintiff YAIR YERSI SALVADOR RAVICHAGUA has reached the age of majority and now finds it appropriate to amend his petition to identify his full name for the record. Counsel for Plaintiffs has conferred with Counsel for Defendants and they consent to the filing of a Second Amended Complaint.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order allowing Plaintiffs to file a Second Amended Complaint.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:   /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**2622-CC00366**

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| MONSIGNOR ALFRED SCHULER AS NEXT FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case: ) |
| DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFREY L. ZELMS, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT., | ) Division: ) ) ) ) ) ) |
| Defendants. | |

## MOTION TO PERMIT THE USE OF PLAINTIFFS' INITIALS IN PLACE OF FULL NAMES IN ALL DOCUMENTS TO BE FILED WITH THE COURT

COME NOW Plaintiffs and hereby move this Court to permit Plaintiffs to use initials rather than full name of minor Plaintiffs to identify Plaintiffs: Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J.

Counsel for Plaintiffs respectfully submits to the Court that it is in the best interest of the Plaintiffs that an Order be entered to identify the Plaintiffs by their initials only in order to prevent disclosure of their identity. This is needed based upon the fact that these are all minors, and their identities should be concealed from the general public in order to protect the children and their families from harassment and/or publicity.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order allowing Plaintiffs to use their initials rather than full names to identify them in any documents filed in this case.

1

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:  /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

2

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**2622-CC00366**

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MONSIGNOR ALFRED SCHULER AS NEXT FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case: |
| DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, JEFFREY L. ZELMS, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT., | ) ) ) ) ) ) ) ) ) ) | Division: |
| Defendants. | ) | |

**MOTION TO PERMIT THE FILING OF**
**PETITION FOR APPOINTMENT OF NEXT FRIEND**

COME NOW Plaintiffs and hereby move this Court to permit Plaintiffs to File a Petition

for Appointment of Next Friend and in support thereof state as follows:

Counsel for Plaintiffs respectfully submits to the Court that it is in the best interest of the

Plaintiffs that an Order be entered allowing for the filing of Petitions to Appoint Next Friend in

this matter for these Plaintiffs.  This is needed based upon the fact that Plaintiffs are minors and

their identities should be concealed from the general public in order to protect the children and

their families from harassment and or publicity.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order allowing

Plaintiffs to file a Petition for Next Friend.

Dated this 21st day of February, 2026.

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By: /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**EN ELTRIBUNAL DE CIRCUITO DE ST. LOUIS**
**CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

Y Y S R _____
Menor,

Demandante,

Causa No. 2622-CC00366

vs.

División No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

Demandados

/

<u>PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA
MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN</u>

COMPARECE , ___ Y YSR _____, "Peticionario/a (en lo adelante

mencionado como "el/la Menor" o "el/la Peticionario/a") y según el Reglamento 52.02 (c)

presenta esta Petición para la Designación de Acompañante/Tutor y declara al Tribunal lo

siguiente:

1. Que el/la Menor nació el _Redacted_____.

2. Que el/la Menor tiene más de catorce (14) años de edad y no tiene tutor legalmente

   designado.

3. Que el/la Menor desea iniciar un proceso en este Tribunal contra los demandados

   nombrados anteriormente por lesiones personales.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

4. Que el/la Menor vive con _Jovona Eva Ravichagua Ventura_ en _Calle Arequipa - Scitucconcha._ y se ha entregado notificación de la presente Petición a dichas personas.

5. Que el/la Menor solicita al Tribunal que _MSGR. John A. Schuler_ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

6. Que el/la Menor declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: _Martes 3 Mayo 2022,_

TESTIGO:

_____
Firma

_Jovona Eva Ravichagua Ventura_
Nombre

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENTIMIENTO

Yo, *MSGR. A.* *JOHN SCHULER* por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

*Msgr. A. John Schuler*

Fecha: *2/20/26*

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

Y Y S R

Minor,

Plaintiff,

Case No. 2622-CC00366

vs.

Division No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

Defendants.

_____/

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW _____YYSR_____ (hereinafter referred to as "Minor" or

"Petitioner") pursuant to Rule 52.02 (c) submits this Petition for Appointment of Next Friend

and represents to the Court the following:

1. That Minor was born _Redacted_

2. That Minor is over the age of fourteen (14) and has no legally appointed guardian.

3. That Minor desires to commence an action in this Court against the Defendants named

   above for personal injuries.

4. That Minor lives with _Jovana Eva. Rouchagua Venturo._ at

   _Calle Arequipa 3/u Soifocancha._, and notice of this Petition has been

   given to such persons.

5. That Minor petitions the court to appoint MSGR. John A Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

6. That Minor further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Minor is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing MSGR. John A Schuler as Next Friend for the purpose of prosecuting in this court a claim for damages against the above named Defendants.

_____
Petitioner

Date: Marles 3 Mayo 2022

WITNESSED BY:


_____
Signature

Jovona Eva Ravichagua Ventura,
Print Name

## CONSENT

I, _MSCR. A. JOHN SCHOLES_, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_Msgr. A. John Schols_                    Date: _2/20/26_

Respectfully submitted,

NAPOLI SHKOLNIK PLLC                    GORI JULIAN & ASSOCIATES, P.C.

By: /s/ Wilson D. Sikes                    By: /s/ N. Ryan Mayfield
Wilson D. Sikes (MO Bar #69579)            N. Ryan Mayfield, MO Bar #67322
Paul J. Napoli (Pro Hac Vice pending)      Sara M. Salger, MO Bar #61393
Mark Twain Plaza II                        156 N. Main Street
103 West Vandalia Street, Suite 125        Edwardsville, IL 62025
Edwardsville, IL 62025                     (618) 659-9833
(618) 307-4528                             rmayfield@gorilaw.com
pnapoli@napolilaw.com                      sara@gorilaw.com
wsikes@napolilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS**
**CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

A.P.B.C.                                    menor, por
medio de su Padre/Madre

                    Demandante,            Causa No. 2622- CC00366

        vs.                                División No.

DOE RUN RESOURCES                          Lesiones Personales que
CORPORATION, DR. ACQUISTION                sobrepasan los Veinticinco Mil
CORP., MARVIN K. KAISER,                    Dólares
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,                      Juicio con Jurado Solicitado
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

                    Demandados.

<u>PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA
MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN</u>

COMPARECE PAOLA KARINA CASO CUOA, Peticionario/a y padre/madre natural de ___ APBC _____, (en lo adelante mencionado como "el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de dieciocho (18) años de edad.

2. Que el/la Menor nació _____Redacted_____

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente designado.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

4. Que el/la Menor desea iniciar un proceso en este Tribunal. contra los demandados nombrados anteriormente. por lesiones personales.

5. Que el/la Menor vive con <u>PAOLA KARINA CASO CUBA</u> en <u>PJe MANTARO - CALLE IQUITOS - OROYA</u> y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a. quien es una persona mayor de dieciocho (18) años de edad, solicita. al Tribunal que MSGR. John A. Schuler quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor. sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7 Que el/la Peticionario/a. declara además que su lengua materna es el español. y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO. el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor. con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: 08 MARZO 2022

TESTIGO:

_____
Firma

_____
Nombre

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

CONSENT

I, _USGA A. JOHN SCHULER_ , hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

GORI JULIAN & ASSOCIATES, P.C.

By: /s/ D. Todd Mathews
D. Todd Mathews (MO Bar #52502)
Randy L. Gori (MO Bar #47619)
156 N. Main Street
Edwardsville, IL 62025
Telephone: (618) 659-9833
Facsimile: (618) 659-9834

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

_A P B C_

Minor, by and through his/her parent,

Plaintiff

Case No. 2622 - CC00366

vs

Division No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY I. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

Defendants.

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW _PAOLA KARINA CASO CUOA_, Petitioner and natural parent of
_A P B C_ (hereinafter referred to as "Minor") and pursuant to Rule
52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the
following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)
   years.

2. That Minor was born _Redacted_

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named
   above for personal injuries.

5. That Minor lives with __PAOLA KARINA CASO CUOA__ at __Pe MANTARO-CALLE IBUNOS -ORCYA__, and notice of this Petition has been given to such persons.

6. That Petitioner. who is an individual over the age of eighteen (18) years of age. petitions the court to appoint MSGR. John A. Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend. as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE. Petitioner prays for an Order appointing MSGR. John A Schuler as Next Friend for the purpose of prosecuting in this court. on Minor's behalf a claim for damages against the above named Defendants.

__PCole__
Petitioner

Date: __08 MARZO 2022__

WITNESSED BY
_____
Signature

_____
Print Name

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENT

I, _MSGR. A. JOHN SCHULER_ , hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_Msgr. A. John Schuler_            Date: _2/20/26_

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

GORI JULIAN & ASSOCIATES, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
## CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI

_____MTQ₀_____ menor, por

medio de su Padre/Madre

Demandante,

Causa No. 2622 - CC00366

vs.

División No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

Demandados.

## PETICIÒN PARA LA DESIGNACIÒN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÒN

COMPARECE Sodut Esther Ortega Mendoza , Peticionario/a y padre/madre

natural de _____MTQ₀_____ , (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de dieciocho (18) años de edad.

2. Que el/la Menor nació _____Redacted_____

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con Sadit Esther Ortega Mendoza. en junta Vecinal Huoflores M2 U LT 15 y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que MSGR. John A. Schuler quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: 28 Enero 2022.

TESTIGO:

_____
Firma

Elizabeth Yrene Arroyo Jimenez
Nombre

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENTIMIENTO

Yo, _M ЗСЯ₁ А. JOHN SCHULER_ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_Msp A. John Schuler_           Fecha: _2/20/36_

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

MTao

Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

_____/

Case No. 2622 - CC00366

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

PETITION FOR APPOINTMENT OF NEXT FRIEND
FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW Sadit Esther Ortega Mendoza , Petitioner and natural parent of

MTao (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

years.

2. That Minor was born ___Redacted___ .

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

above for personal injuries.

5. That Minor lives with _Sodit Esther Ortega Mendoza_ at Junta Vecinal Miraflores MzV Lt 15___, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint MSGR. John A. Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing MSGR. John A. Schuler as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: 28 Enero 2022.

WITNESSED BY:

_____
Signature

Elizabeth Yrene Arroyo Jimenez.
Print Name

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENT

I, MSCR. A. JOHN SCHOLEO, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

*Msgr. A. John Schmidt*                    Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

GORI JULIAN & ASSOCIATES, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

S Jao _____ ___ menor, por
medio de su Padre/Madre

Demandante,                     Causa No. 2622- CC00366

vs.                             División No.

DOE RUN RESOURCES               Lesiones Personales que
CORPORATION, DR. ACQUISTION     sobrepasan los Veinticinco Mil
CORP., MARVIN K. KAISER,        Dólares
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,           Juicio con Jurado Solicitado
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Demandados.

## PETICIÒN PARA LA DESIGNACIÒN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÒN

COMPARECE Sadet Esther Ortega Mendoza, Peticionario/a y padre/madre

natural de ___ ___ SJao _____ _____, (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de

   dieciocho (18) años de edad.

2. Que el/la Menor nació Redacted _____ .

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente

   designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con _Sadit Esther Ortega Mendoza_ en _Junta Vecinal Miraflores .MzVLT15_ y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que _MSGR. John A. Schuler_ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: _28 Enero 2022._

TESTIGO:

_____
Firma

_Elizabeth Yrene Arroyo Jimenez_
Nombre

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## <u>CONSENTIMIENTO</u>

Yo, *MSGR. A. JOHN SCHULER* por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_Msgr. A John Schuler_        Fecha: _2/20/26_

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

_SJQO_

Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

Case No. 2622-CC00366

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

/

### PETITION FOR APPOINTMENT OF NEXT FRIEND
### FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW _Sadit Esther Ortega Mendoza_ Petitioner and natural parent of

_SJQO_ (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

   years.

2. That Minor was born ___Redacted___

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

   above for personal injuries.

5. That Minor lives with Sadit Esther Ortega Mendoza, at Junta Vecinal Miraflores Mz v LT 15, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint MsGA. John A. Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native-language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing MS GR. John A. Schuler as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: 28 Enero 2022.

WITNESSED BY:

_____
Signature

Elizabeth Yrene Arroyo Jimenez.
Print Name

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENT

I, MSGR. A. JOHN SCHULER, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

*Msgr. A. John Schuler*                    Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

GORI JULIAN & ASSOCIATES, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

**EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS**
**CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

_____D Y C J_____, menor, por

medio de su Padre/Madre

Demandante,                                   Causa No. 2622-CC00366

vs,                                           División No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION          Lesiones Personales que
CORP., MARVIN K. KAISER,             sobrepasan los Veinticinco Mil
JEFFERY L. ZELMS, THEODORE P.        Dólares
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO         Juicio con Jurado Solicitado
HOLDINGS, INC., AND IRA L. RENNERT,

Demandados.

## PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN

COMPARECE Mila Jimenez Porras._____, Peticionario/a y padre/madre

natural de ·____D Y C J_____, (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de

   dieciocho (18) años de edad.

2. Que el/la Menor nació _ Redacted _.

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente

   designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con ___Hila Jimenez Porras___ en ___jr Manco Capac S/N. Huancayo.___ y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que ___MSGR. John A Schuler___ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando

como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: ___04 Febrero 2022___

TESTIGO:

_____
Firma

___Elizabeth Yrene Arroyo Jimenez___
Nombre

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

## CONSENTIMIENTO .

Yo, MSGR. A. JOHN SCHULER por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

Msgr. A. John Schuler _____     Fecha: 2/30/26 _____

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

D Y C J,

Minor, by and through his/her parent,

Plaintiff

Case No. 2622-CC00366

vs.

Division No.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

Defendants.

_____/

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW Hila Jimenez Porras. , Petitioner and natural parent of

D Y C J (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

   years.

2. That Minor was born. Redacted

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

   above for personal injuries.

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

5. That Minor lives with __Mila Jimenez Porras.__ at __Jr Marco Capac S/N .Huancayo.__ , and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint _MSGR John A. Schuler_ who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing _MSGR. John A Schuler_ as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: __01 Febrero 2022.__

WITNESSED BY:
_____
Signature

_Elizabeth Yrene Arroyo Jimenez_
Print Name

Electronically Filed - CITY OF ST. LOUIS - March 09, 2026 - 10:06 AM

CONSENT

I, MSGR. A. JOHN SCHOCED, hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_Msgr. A. John Schuch_                     Date: 2/20/26

Respectfully submitted,

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

GORI JULIAN & ASSOCIATES, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**2622-CC00366**

## EN ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
## CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI

Ḡ.Y.S.R.

Menor,

    Demandante,

    vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

    Demandados

Causa No.

División No.

Lesiones Personales que
sobrepasan los Veinticinco Mil
Dólares

Juicio con Jurado Solicitado

/

### PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN

COMPARECE __Y.Y.S.R.__ , Peticionario/a (en lo adelante mencionado como "el/la Menor" o "el/la Peticionario/a") y según el Reglamento 52.02 (c) presenta esta Petición para la Designación de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Menor nació el __Redacted__.

2. Que el/la Menor tiene más de catorce (14) años de edad y no tiene tutor legalmente designado.

3. Que el/la Menor desea iniciar un proceso en este Tribunal contra los demandados nombrados anteriormente por lesiones personales.

4. Que el/la Menor vive con _Jovona Eva Povichagua Ventura_ en _Calle Arequipa - Soitoconcha._ y se ha entregado notificación de la presente Petición a dichas personas.

5. Que el/la Menor solicita al Tribunal que _Monsignor Alfred Schuler_ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

6. Que el/la Menor declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando _Monsignor Alfred Schuler_ como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: _Martes 3 Mayo 2022,_

TESTIGO:

_____
Firma

_Jovona Eva Povichagua Ventura_
Nombre

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____          Fecha: _____

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

_YY. S. R._

Minor,

|  |  |
|---|---|
| Plaintiff, | Case No. |
| vs. | Division No. |
| DOE RUN RESOURCES CORPORATION, DR. ACQUISTION CORP., MARVIN K. KAISER, JEFFERY L. ZELMS, THEODORE P. FOX III, JERRY PYATT, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., AND IRA L. RENNERT, | Personal Injury in Excess of Twenty Five Thousand Dollars |
|  | Jury Trial Demanded |
| Defendants. | |

## PETITION FOR APPOINTMENT OF NEXT FRIEND FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW _Y. Y. S. R._ (hereinafter referred to as "Minor" or "Petitioner") pursuant to Rule 52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the following:

1. That Minor was born _Redacted_

2. That Minor is over the age of fourteen (14) and has no legally appointed guardian.

3. That Minor desires to commence an action in this Court against the Defendants named above for personal injuries.

4. That Minor lives with _Jovana eva. Rovichagva Venturo._ at _Calle Arequipa 3/0 Surfucancha._ , and notice of this Petition has been given to such persons.

5. That Minor petitions the court to appoint Monsignor Alfred Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

6. That Minor further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Minor is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing Monsignor Alfred Schuler as Next Friend for the purpose of prosecuting in this court a claim for damages against the above named Defendants.

Petitioner

Date: Morfes 3 Mayo 2022

WITNESSED BY:

_____
Signature

Jovana Eva Ravichagua Ventura,
Print Name

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENT

I, _____ , hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____                                    Date:_____

Respectfully submitted.

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
w.ikes@napolilaw.com

THE GORI LAW FIRM, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
rvt@rtgr-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI

_M.T.Q.O._ menor, por
medio de su Padre/Madre

Demandante,                                    Causa No.

vs.                                            División No.

DOE RUN RESOURCES                              Lesiones Personales que
CORPORATION, DR. ACQUISTION                    sobrepasan los Veinticinco Mil
CORP., MARVIN K. KAISER,                        Dólares
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,                          Juicio con Jurado Solicitado
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Demandados.

PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA
MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN

COMPARECE Sadut Esther Ortega Mendoza , Peticionario/a y padre/madre

natural de _ M.T.Q.O. ___, (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de

   dieciocho (18) años de edad.

2. Que el/la Menor nació ___ Redacted ___

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente

   designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con Sadit Esther Ortega Mendoza en junta Vecinal Miraflores Mz V LT 15 y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que Monsignor Alfced Schuler quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando Monsignor Alfced Schuler como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: 28 Enero 2022.

TESTIGO:

_____
Firma

Elizabeth Yrene Arroyo Jimenez
Nombre

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____       Fecha: _____

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

M.T. Q. O,
Minor, by and through his/her parent,

       Plaintiff

       vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

       Defendants.

Case No.

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW Sadit Esther Ortega Mendoza, Petitioner and natural parent of

M. T. Q. O. (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

years.

2. That Minor was born _Redacted_.

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

above for personal injuries.

5. That Minor lives with Sadit Esther Ortega Mendoza, at Junta Vecinal Miraflores Mz v LT 15, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint Alfred Schuler who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native·language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing Alfred Schuler as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: 28 Enero 2022.

WITNESSED BY:

_____
Signature

Elizabeth Yrene Arroyo Jimenez.
Print Name

## CONSENT

I, _____ , hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____                                     Date:_____

Respectfully submitted,

NAPOLI SHKOLNIK PLLC                    THE GORI LAW FIRM, P.C.

By: /s/ Wilson D. Sikes                          By: /s/ N. Ryan Mayfield
Wilson D. Sikes (MO Bar #69579)          N. Ryan Mayfield, MO Bar #67322
Paul J. Napoli (Pro Hac Vice pending)    Sara M. Salger, MO Bar #61393
Mark Twain Plaza II                              156 N. Main Street
103 West Vandalia Street, Suite 125       Edwardsville, IL 62025
Edwardsville, IL 62025                          (618) 659-9833
(618) 307-4528                                     rmayfield@gorilaw.com
pnapoli@napolilaw.com                         sara@gorilaw.com
w.ikes@napolilaw.com


RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgr-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI**

A. P. B. C.                                    menor, por

medio de su Padre/Madre

　　　　　　　　　Demandante,                Causa No.

　　　vs.                                    División No.

DOE RUN RESOURCES                        Lesiones Personales que
CORPORATION, DR. ACQUISTION              sobrepasan los Veinticinco Mil
CORP., MARVIN K. KAISER,                 Dólares
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,                    Juicio con Jurado Solicitado
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

　　　　　　　　　Demandados.

<u>PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA
MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN</u>

COMPARECE P̶A̶O̶L̶A̶ K̶A̶R̶I̶N̶A̶ C̶A̶S̶O̶ C̶U̶B̶A̶ , Peticionario/a y padre/madre natural de ____A.P.B.C.____ ____, (en lo adelante mencionado como "el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de dieciocho (18) años de edad.

2. Que el/la Menor nació ____Redacted____ .

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con PAOLA KARINA CASO CUBA en PJE MANTARO – CALLE IQUITOS – OROYA y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que Alfred Schuler quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando Alfred Schuler como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_PG/C_
Peticionario/a

Fecha: 08 MARZO 2022

TESTIGO:

_____
Firma

_Fidel Burgos Guadalupe_
Nombre

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.


_____          Fecha: _____

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI**

A. P. B. C.
_____
Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.
_____/

Case No.

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

**PETITION FOR APPOINTMENT OF NEXT FRIEND**
**FOR MINOR AND CONSENT TO APPOINTMENT**

COMES NOW PAOLA KARINA CASO CUOH, Petitioner and natural parent of

A. P. B. C. _____ (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

   years.

2. That Minor was born _ Redacted _.

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

   above for personal injuries.

5. That Minor lives with ___PAOLA KARINA CASO CUBA___ at
___Pje MANTARO - CALLE JEQUITOS - OROYA___, and notice of this Petition has been
given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions
the court to appoint _Alfred Schuler_ who is over the age of eighteen (18) years, and
is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing
and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has
reviewed and signed this document with the assistance of legal counsel. A copy of the
Spanish translation of this document, reviewed and signed by Petitioner is attached
hereto.

WHEREFORE, Petitioner prays for an Order appointing _Alfred Schuler_ as Next Friend
for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against
the above named Defendants.

___PCube___
Petitioner

Date: _08 MARZO 2022_

WITNESSED BY:

_____
Signature

_Fidel Burgos Guadalupe_
Print Name

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENT

I, _____ . hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____                    Date:_____

Respectfully submitted.

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
wsikes@napolilaw.com

THE GORI LAW FIRM, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ. P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle. Suite 1150
Coral Gables. FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgr-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI

S. J. Q. O.                    _____ menor, por

medio de su Padre/Madre

                    Demandante,                    Causa No.

            vs.                                    División No.

DOE RUN RESOURCES                    Lesiones Personales que
CORPORATION, DR. ACQUISTION          sobrepasan los Veinticinco Mil
CORP., MARVIN K. KAISER,             Dólares
JEFFERY L. ZELMS, THEODORE P.
FOX III, JERRY PYATT,                Juicio con Jurado Solicitado
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

                    Demandados.

PETICIÒN PARA LA DESIGNACIÒN DE ACOMPAÑANTE/TUTOR PARA EL/LA
MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÒN

COMPARECE Sadct Esther Ortega Mendoza , Peticionario/a y padre/madre

natural de S. J. Q. O. _____, (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de

    dieciocho (18) años de edad.

2. Que el/la Menor nació _____ Redacted _____

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente

    designado.

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con _Sadit Esther Ortega Hendoza_ en _Junta Vecenal Miraflores. MzVLT15_ y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que _Alfred Schuler_ quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando _Alfred Schuler_ como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: _28 Enero 2022._

TESTIGO:

_____
Firma

_Elizabeth Yrene Arroyo Jimenez_
Nombre

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____        Fecha: _____

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

S.J.Q.O.
_____
Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

Case No.

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW _Sadit Esther Ortega Mendoza_ Petitioner and natural parent of

_S.J.Q.O._ (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

   years.

2. That Minor was born ___Redacted___.

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

   above for personal injuries.

5. That Minor lives with *Sodit Esther Ortega Mendoza* at Junta Vecinal Miraflores MzV Lt 15_____, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint *Alfred Schuller* who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing *Alfred Schuller* as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: _28 Enero 2022._

WITNESSED BY:

_____
Signature

*Elizabeth Yrene Arroyo Jimenez.*
Print Name

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

<u>CONSENT</u>

I, _____ . hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____ Date:_____

Respectfully submitted.

NAPOLI SHKOLNIK PLLC

By: /s/ Wilson D. Sikes
Wilson D. Sikes (MO Bar #69579)
Paul J. Napoli (Pro Hac Vice pending)
Mark Twain Plaza II
103 West Vandalia Street, Suite 125
Edwardsville, IL 62025
(618) 307-4528
pnapoli@napolilaw.com
w.ikes@napolilaw.com

THE GORI LAW FIRM, P.C.

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgn-law.com

## EL ELTRIBUNAL DE CIRCUITO DE ST. LOUIS
## CIRCUITO JUDICIAL VENTIDOS ESTADO DE MISSOURI

D, 4, C. J. _____, menor, por

medio de su Padre/Madre

Demandante,                              Causa No.

vs.                                      División No,

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION          Lesiones Personales que
CORP., MARVIN K. KAISER,             sobrepasan los Veinticinco Mil
JEFFERY L. ZELMS, THEODORE P.        Dólares
FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO         Juicio con Jurado Solicitado
HOLDINGS, INC., AND IRA L. RENNERT,

Demandados.

## PETICIÓN PARA LA DESIGNACIÓN DE ACOMPAÑANTE/TUTOR PARA EL/LA MENOR Y CONSENTIMIENTO PARA LA DESIGNACIÓN

COMPARECE Mila Jimenez Porras. _____, Peticionario/a y padre/madre

natural de - D. Y, C. J. _____, (en lo adelante mencionado como

"el/la Menor") y según el Reglamento 52.02 (c) presenta la presente Petición para la Designación

de Acompañante/Tutor y declara al Tribunal lo siguiente:

1. Que el/la Peticionario/a es el padre/la madre natural de el/la Menor y es mayor de

dieciocho (18) años de edad.

2. Que el/la Menor nació D. Y, C., J.

3. Que el/la Menor tiene menos de catorce (14) años de edad y no tiene tutor legalmente

designado.

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

4. Que el/la Menor desea iniciar un proceso en este Tribunal, contra los demandados nombrados anteriormente, por lesiones personales.

5. Que el/la Menor vive con Mila Jimenez Porras en Jr Manco Capac S/N. Huancayo. y se ha entregado notificación de la presente Petición a dichas personas.

6. Que el/la Peticionario/a, quien es una persona mayor de dieciocho (18) años de edad, solicita, al Tribunal que Alfred Schuler quien es mayor de dieciocho (18) años de edad y reúne todas las condiciones para actuar como Acompañante/Tutor, sea designado Acompañante/Tutor a los efectos de iniciar y encausar esta acción judicial.

7. Que el/la Peticionario/a, declara además que su lengua materna es el español, y que él/ella ha revisado y firmado el presente documento con la ayuda de un asesor jurídico. La presente traducción al español del presente documento original en ingles ha sido revisada y firmada por el/la Peticionario/a.

POR TANTO, el/la Peticionario/a solicita una Orden Designando Alfred Schuler como Acompañante /Tutor, con vistas a una demanda por lesiones personales contra los demandados arriba mencionados.

_____
Peticionario/a

Fecha: 04 Febrero 2022

TESTIGO:

_____
Firma

elizabeth Yrene Arroyo Jimenez
Nombre

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENTIMIENTO

Yo, _____ por el presente consiento en ser designado Acompañante/Tutor de el/la Menor a los efectos de iniciar y encausar una acción judicial contra los demandados descritos en el presente.

_____         Fecha: _____

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT STATE OF MISSOURI

D.Y.C.S.

Minor, by and through his/her parent,

Plaintiff

vs.

DOE RUN RESOURCES
CORPORATION, DR. ACQUISTION
CORP., MARVIN K. KAISER,
JEFFERY L. ZELMS, THEODORE
P. FOX III, JERRY PYATT,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., AND IRA L. RENNERT,

Defendants.

/

Case No.

Division No.

Personal Injury in Excess of
Twenty Five Thousand Dollars

Jury Trial Demanded

## PETITION FOR APPOINTMENT OF NEXT FRIEND
## FOR MINOR AND CONSENT TO APPOINTMENT

COMES NOW Hila Jimenez Porras. , Petitioner and natural parent of

D.Y.C.S. (hereinafter referred to as "Minor") and pursuant to Rule

52.02 (c) submits this Petition for Appointment of Next Friend and represents to the Court the

following:

1. That Petitioner is the natural parent of the Minor, and is over the age of eighteen (18)

   years.

2. That Minor was born _Redacted_

3. That Minor is under the age of fourteen (14) and has no legally appointed guardian.

4. That Minor desires to commence an action in this Court against the Defendants named

   above for personal injuries.

5. That Minor lives with _Mila Jimenez Porras.._ at _Jr Manco Capac S/N .Huancayo._, and notice of this Petition has been given to such persons.

6. That Petitioner, who is an individual over the age of eighteen (18) years of age, petitions the court to appoint _Alfred Schuler_ who is over the age of eighteen (18) years, and is otherwise qualified to act as Next Friend, as Next Friend for purposes of commencing and prosecuting this action.

7. That Petitioner further states that his/her native language is Spanish and that he/she has reviewed and signed this document with the assistance of legal counsel. A copy of the Spanish translation of this document, reviewed and signed by Petitioner is attached hereto.

WHEREFORE, Petitioner prays for an Order appointing _Alfred Schuler_ as Next Friend for the purpose of prosecuting in this court, on Minor's behalf a claim for damages against the above named Defendants.

_____
Petitioner

Date: _01 Febrero 2022._

WITNESSED BY:

_____
Signature

_Elizabeth Yrene Arroyo Jimenez_
Print Name

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

## CONSENT

I, _____. hereby consent to be appointed Next Friend of the Minor for the purposes of commencing and prosecuting an action against the Defendants described herein.

_____                          Date:_____

Respectfully submitted.

NAPOLI SHKOLNIK PLLC                    THE GORI LAW FIRM, P.C.

                                        By: /s/ N. Ryan Mayfield
By: /s/ Wilson D. Sikes                 N. Ryan Mayfield, MO Bar #67322
Wilson D. Sikes (MO Bar #69579)         Sara M. Salger, MO Bar #61393
Paul J. Napoli (Pro Hac Vice pending)   156 N. Main Street
Mark Twain Plaza II                     Edwardsville, IL 62025
103 West Vandalia Street, Suite 125     (618) 659-9833
Edwardsville, IL 62025                  rmayfield@gorilaw.com
(618) 307-4528                          sara@gorilaw.com
pnapoli@napolilaw.com
wilkes@napolilaw.com


RODRIGUEZ TRAMONT + NUÑEZ. P.A.


By: /s/ Andrew V Tramont
Andrew V Tramont, #67632
255 Alhambra Circle. Suite 1150
Coral Gables. FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
avt@rtgr-law.com

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 01:02 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | | |
|---|---|---|
| YAIR YERSI SALVADOR RAVICHAGUA and MONSIGNOR ALFRED SCHULER AS NEXT FRIEND OF, M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case: 2622-CC00366 |
| v. | ) ) | Division: |
| DOE RUN RESOURCES CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE NEIL, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and IRA L. RENNERT., | ) ) ) ) ) ) ) | Personal Injury in Excess of Twenty-Five Thousand Dollars JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**NOTICE OF WITHDRAWAL OF
NEXT FRIEND PETITION**

COMES NOW Plaintiff YAIR YERSI SALVADOR RAVICHAGUA and hereby withdraws his Petition for Next Friend and in support thereof state as follows:

Plaintiff has reached the age of majority and a Next Friend is no longer necessary.

WHEREFORE, Plaintiff respectfully requests that the Court disregard the Next Friend Petition filed for Plaintiff YAIR YERSI SALVADOR RAVICHAGUA. The other minor plaintiffs have not reached majority and their respective Next Friend Petitions should not be impacted by the present motion.

Dated this 12th day of March, 2026.

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:  /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 01:02 PM

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

MONSIGNOR ALFRED SCHULER AS NEXT )
FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., )
S.J.Q.O, and D.Y.C.J., )
                                 )
        Plaintiffs, )
                                 ) Case:
      v. )
                                 ) Division:
DOE RUN RESOURCES CORPORATION, D.R )
ACQUISITION CORP., MARVIN K. KAISER, )
ALBERT BRUCE NEIL, JEFFREY L. ZELMS, )
THEODORE P. FOX III, THE RENCO GROUP, )
INC., RENCO HOLDINGS, INC., and IRA L. )
RENNERT., )
        Defendants. )

## ORDER APPOINTING NEXT FRIEND

Upon consideration of The Petitions for Appointment of Next Friend of Petitioners for appointment of Msgr. Alfred Schuler as their Next Friend, the written request of the Petitioners that such appointment be made, and the written consent of Msgr. Alfred Schuler to serve as Next Friend having been filed with the Court, and for good cause appearing, it is hereby ORDERED that Msgr. Alfred Schuler is appointed as Next Friend of Petitioners to institute and prosecute the above-entitled action, pursuant to Missouri Rule of Civil Procedure 52.02.

                                          SO ORDERED:

_____          _____

Date: February \_\_\_\_, 2026                   Circuit Judge

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

YAIR YERSI SALVADOR RAVICHAGUA and
MONSIGNOR ALFRED SCHULER AS NEXT
FRIEND OF, M.T.Q.O., A.P.B.C., S.J.Q.O, and
D.Y.C.J.,

        Plaintiffs,

        v.

DOE RUN RESOURCES CORPORATION, D.R
ACQUISITION CORP., MARVIN K. KAISER,
ALBERT BRUCE NEIL, THEODORE P. FOX III,
THE RENCO GROUP, INC., RENCO
HOLDINGS, INC., and IRA L. RENNERT.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 2622-CC00366

Division:

Personal Injury in Excess of Twenty-
Five Thousand Dollars

JURY TRIAL DEMANDED

## SECOND AMENDED COMPLAINT

COMES NOW, Plaintiffs, Yair Yersi Salvador Ravichagua and Monsignor Alfred

Schuler, as Next Friend of M.T.Q.O., A.P.B.C., S.J.Q.O, and D.Y.C.J., by and through

undersigned counsel, on behalf of themselves, sue Defendants, DOE RUN RESOURCES

CORPORATION, D.R ACQUISITION CORP., MARVIN K. KAISER, ALBERT BRUCE

NEIL, THEODORE P. FOX III, THE RENCO GROUP, INC., RENCO HOLDINGS, INC., and

IRA L. RENNERT, (collectively "Defendants") and for their Complaint allege, upon information

and belief and based on the investigation to date of their counsel, as follows:

## INTRODUCTION

*"No safe blood lead level in children has been identified. Lead exposure can affect nearly
every system in the body."*

> -National Center for Environmental Health, Division of Emergency and
> Environmental Health Services[1]

---

[1] http://www.cdc.gov/nceh/lead/.

1

Time Magazine has named La Oroya, Peru as one of the 10 most polluted places in the world.[2] This is an action to seek damages from Defendants for injuries, damages and losses suffered by each and every plaintiff named herein, who were minors or *in utero* at the time of their initial exposures and injuries as a result of exposure to the release of lead and other toxic substances from Defendants' ownership, use, management, supervision, storage, maintenance, disposal and release of materials containing lead and other toxic substances from the lead smelter owned and/or operated by the Defendants in the region of La Oroya, Peru. At critical times during gestation and/or their developmental years and to the present, the plaintiffs were exposed to damaging levels of lead and other toxic substances.

## THE PARTIES

**PLAINTIFFS**

1. All of the Plaintiffs have lived or were *in* utero in the region of La Oroya Peru during relevant times, for the purpose of prosecuting the claims alleged herein.

2. Plaintiff's Next Friend Msgr. Alfred Schuler is and at all relevant times herein has been a resident of the City of Saint Louis, Missouri.

**DEFENDANTS**

3. Defendant The Doe Run Resources Corporation ("Doe Run") is an international natural resource company focused on mining, smelting and fabrication of metals. At all relevant times, Doe Run was a New York corporation with its principal place of business in St. Louis, Missouri. At all relevant times, Defendant Doe Run owned, and either directly or through other Defendants, operated, used, managed and supervised, the La Oroya metallurgical complex (the "La Oroya Complex") which stored, maintained, or controlled various properties, including a lead

---

[2] Walsh, Bryan, *The World's Most Polluted Places,* Time Magazine, 2007

2

smelter, and the waste on such properties. The La Oroya Complex also stored materials containing lead and other toxic substances released from the complex. Upon information and belief, Doe Run is the second largest lead producer in the world and has reported profits in the 100's of millions of dollars.

4.      Defendant Doe Run wholly owns Doe Run Cayman, Ltd., a Cayman Island corporation, which owns Doe Run Peru.

5.      Doe Run Cayman Ltd. has no operations separate from "owning" Doe Run Peru.

6.      At all relevant times, Defendant Doe Run both directly and through its ownership of Doe Run Cayman, Ltd., controlled and operated Doe Run Peru. Doe Run Peru was an agent of the Defendants. Defendants expressly or impliedly consented to Doe Run Peru acting on their behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the plaintiffs' injuries.  Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru

7.      Defendant D.R. Acquisition Corp. is and at all times relevant herein was a Missouri corporation with its principal place of business in Missouri. D.R. Acquisition Corp. owns 100% of Doe Run.

8.      Defendant Renco Holdings, Inc. and Defendant The Renco Group, Inc. (collectively "Renco") are New York corporations with their principal places of business in New York.  At all relevant times, Defendant D.R. Acquisition Corp., the current owner of Doe Run Peru, has been a wholly owned subsidiary of Defendant Renco.  Renco owns 100% of stock of Defendant Doe Run directly or indirectly through D.R. Acquisition Corp.

3

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

9. At all relevant times, Defendant Renco was doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run through its agents, servants, and employees acting within the course and scope of their employment, service, and agency. As the owner who controls Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya Complex since the date Defendants' purchased the complex, October 24, 1997.

10. Defendant Ira L. Rennert is a resident of the City of New York, State of New York. At all relevant times, Defendant Rennert was a director, officer, and agent of Defendant Renco and Defendant Doe Run and the controlling owner of all of the corporate defendants. Defendant Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

11. Defendant Marvin K. Kaiser is a resident of the City of St. Louis, State of Missouri. From the time of Doe Run's purchase of the metallurgical complex until approximately February 2006, Defendant Kaiser was an officer and agent of Defendant Doe Run.

12. Defendant Albert Bruce Neil is a resident of the City of Kirkwood, State of Missouri. From approximately 2003, Defendant Neil was and continues to be an officer and agent of Defendant Doe Run.

13. Defendant Jerry Pyatt is a resident of Kirkwood, Missouri. From approximately 2003 to the present, Defendant Pyatt has been an officer and agent of Defendant Doe Run.

14. Defendant Theodore P. Fox III is a resident of the City of Eureka, State of Missouri. From approximately September 2006, Defendant Fox was and continues to be an officer and agent of Doe Run.

**FURTHER IDENTIFICATION OF THE DEFENDANTS**

4

15. Defendants Doe Run and Renco purchased the La Oroya metallurgical complex in 1997.

16. As owner of the La Oroya metallurgical complex, Doe Run is liable for the activities and the toxic environmental releases from the complex since the date Defendants' purchased the complex, October 24, 1997.

17. At relevant times, Doe Run Peru was an agent of the Defendants. Defendants consented, expressly or impliedly, to Doe Run Peru acting on its behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the plaintiffs' injuries. Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru.

18. Defendant Doe Run is the second largest total lead producer in the world and has reported profits in the 100's of millions of dollars during relevant times. Doe Run is an international natural resource company based in St. Louis, Missouri and focused on the mining, smelting, recycling and fabrication of metals.

19. Defendants owned, operated, maintained, managed and/or used the La Oroya metallurgical complex and related operations and facilities, or acted in conspiracy with each other defendant and continue to do so in a way that negligently, carelessly and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which plaintiffs have in the past and/or continue to reside, use and visit, and/or were exposed, and purposefully withheld

5

information and/or deliberately deceived the plaintiffs with regard to the dangers of such exposures, resulting in toxic exposure to plaintiffs.

20. Defendant D.R. Acquisition Corp., a wholly owned subsidiary of defendant Renco, owns 100% of Defendant Doe Run's common stock, both voting and non-voting. There is no established public trading market for these shares. All (100%) of Doe Run's issued and outstanding common and preferred stock is directly or indirectly owned by Renco through D.R. Acquisition Corp.

21. Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer, for himself and members of his family. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

22. At all times relevant hereto, Defendant Renco was and continues to be a corporation organized and existing by virtue of law doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run by and through its agents, servants, and employees acting within the course and scope of their employment, service, and agency and continues to do so. As owner of Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya metallurgical complex since the date Defendants' purchased the complex, October 24, 1997.

23. Each of the corporate Defendants owned, operated, used, managed, supervised, and/or controlled the La Oroya complex and related operations and facilities in La Oroya and/or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by the partnership. As owners, operators and/or partners in the Doe Run Company, the corporate Defendants are jointly and

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

severally liable for acts and releases related to the La Oroya complex and related operations and facilities.

24.     Some or all of the corporate Defendants, pursuant to various written agreements, including the various Doe Run partnership agreements as amended and restated, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya complex and related operations and facilities since October 24, 1997. In addition and alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions from Defendants' metallurgical complex and related operations and facilities that Defendants knew were being transported to properties on which plaintiffs have and/or continue to reside, use or visit, and/or not to implement adequate pollution controls at Defendants' metallurgical complex and related operations and facilities, and or and purposefully concealing information and/or deliberately deceiving the plaintiffs with regard to the dangers of such exposures, with the purpose of the cost and reduction of profits, bonuses and the value of wages, stock, and/or stock options of Doe Run as well as the corporate Defendants.

25.     The corporate Defendants, while located in the States of Missouri and/or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

26.     At all times, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

27.     As a direct and proximate result of the releases by Defendants, plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

## JURISDICTION

28.     This Court has personal jurisdiction over all parties.

29.     The acts and omissions complained of in this action occurred in this State by Defendants and employees and officers of the corporate defendants, all acting within the course and scope of their agency and employment in this state.

## VENUE

30.     Venue is proper in this Court pursuant to §508.010 RSMo (2014).

## FACTUAL ALLEGATIONS

31.      The town of La Oroya is a mining town located in the central Andean highlands of Peru, at an elevation of approximately 3,750 meters above sea-level. For more than 500 years, the settlements near La Oroya are believed to have been working small-scale mining operations. In the last one hundred years however, with the creation of the La Oroya Complex, production

8

dramatically increased, contaminating the local population with it. The La Oroya Complex is located only meters from the city center.

32. The La Oroya Complex recovers 11 metals including copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium and antimony, as well as numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines

33. In 1922, the privately owned Cerro de Pasco Copper Corporation established the La Oroya Complex for copper smelting and refining. Cerro de Pasco added a lead smelter and refinery in 1928, a sulfuric acid plant in 1939, a silver refinery in 1950, and a zinc refinery in 1952.

34. The Complex comprises four key circuits. These circuits are the copper smelter and refinery (the "Copper Circuit"); the lead smelter and refinery (the "Lead Circuit"); an anode residue plant and silver refinery (the "Precious Metals Circuit"); and zinc roasting plant, leaching and purification plant and refinery (the "Zinc Circuit," and collectively the "Circuits.")

35. The Complex also includes numerous other facilities designed to process by-products released during the smelting process, including sulfuric acid plants, an oxygen plant, and several pilot plants to recover minor metallic by-products.

36. The following diagram shows the main facilities in each circuit and the interrelationships between the four circuits:

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM



37.    Because smelters process concentrates to create a pure ore by burning-off and/or separating out unwanted impurities, it is very difficult to control emissions of such substances.

38.    This is true of any smelter, but the La Oroya Complex faces particular challenges in this regard because the integrated smelting processes are among the most complex in the world.

39.    Indeed, the La Oroya Complex is one of only four smelting facilities worldwide capable of recovering numerous metals and by-products from complex, poly-metallic concentrates with high levels of impurities.

40.    While most smelters recover only one or two metals and a few by-products from a "clean" concentrate (i.e., a concentrate with a high level of the target metal and a low level of

10

impurities), the La Oroya Complex recovers 11 metals (copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium, and antimony) and numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, and zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines.

41. The composition of the concentrates processed at the Complex has major implications for its design and operation and for its potential environmental impacts.

42. The Complex's four circuits (copper, lead, precious metals, and zinc) are integrated so as to allow by-products and intermediary substances produced during the processing of concentrates in one circuit to be further processed and refined in the other circuits, thus maximizing the recovery of valuable metals.

43. At the same time, the concentrates contain high levels of other substances that either lack economic value or that cannot be fully recovered, including: sulfur, arsenic, and cadmium.

44. Thus, the process of isolating and refining the target metals creates substantial quantities of by-products, which contain substances that may be harmful to the environment and human health.

45. In 1974, the Peruvian government nationalized the company and operated the smelter and mine as a state enterprise, Centromin Peru S.A.

46. In November 1991, the Peruvian Government issued Legislative Decree 708, declaring the promotion of private investment in the mining sector in the national interest and eliminating the exclusive rights that previously had been granted to State-owned mining companies.

47. As the Peruvian Government later explained in its official 1999 White Paper[3]:

> Since 1960 the governing criterion was that the best way to promote the economic growth and redistribute their benefits was through the state intervention that allocated resources according to the criteria set by centralized planning.
>
> In contrast, in 1990, the implementation of a set of policies aimed at reducing the economic role of the State as well as to increase private sector activity assumes even greater importance.
>
> From that time on, there was a significant change in the role of the State starting to create the necessary conditions to attract foreign investment and, in parallel, to design a privatization policy aimed at ensuring that the private sector is the dynamic engine of the economy.

48. A 1992 Resolution included Centromin in the privatization process. Peru created a special committee to oversee Centromin's privatization (Comité Especial de Privatización), including the sale of the La Oroya Complex (the "Special Privatization Committee" or "CEPRI").

49. At the same time, the Peruvian Government began to implement a modern environmental legal framework.

50. The new Environmental and Natural Resources Code (enacted in September 1990) imposed several general requirements on mining and metallurgical companies, including obligations to include in their facilities equipment for control of contaminants and to treat wastewaters used in the processing of minerals.

51. In June 1993, the Peruvian Government issued Regulations for Environmental Protection in Mining and Metallurgy. Article 5 of the Regulations provided that companies operating in the sector would be "liable for any emissions, discharges and disposal of waste to the environment occurring as a result of processes carried out at their installations," and it

---

[3] Government of Peru, White Paper concerning the Fractional Privatization of Centromin, 1999

12

obligated them "to avoid and prevent any elements and/or substances from surpassing the maximum allowable levels" to be issued by the Ministry of Energy & Mines.

52. The outside consulting firm Knight Piésold advised in its 1996 report to the Peruvian Government that:

    (i) There was no simple remedy to the existing air quality problem, which extended to lead, SO2 and other particulate emissions.

    (ii) Any solution would require "detailed engineering evaluation beyond the scope of the present evaluation."

    (iii) Implementation of adequate controls to meet standards may take "in excess of the ten year implementation schedule being considered by the Peruvian Ministry."

    (iv) "Considerable flexibility in the implementation and application of new standards will be necessary if La Oroya is to continue as an economically viable operation."

    (v) "Continued long-term operation of the smelter and progress on privatization can be achieved only if La Oroya is subject to realistic requirements to gradually reduce emissions."

53. With this knowledge and understanding, Doe Run, part of the Renco Group, purchased the smelter complex in 1997 from the state.

54. As the owners and operators of the La Oroya Complex, Defendants are liable for the activities and the toxic environmental releases from the complex since the date Defendants purchased the complex, October 24, 1997.

55. Plaintiffs have lived in the region of La Oroya, Peru and have been exposed to and harmed by the dangerous and toxic substances released from the La Oroya Complex.

56. The smelter took the name of Doe Run Peru (DRP) metallurgical complex.

57. When Doe Run purchased the facility it agreed to improve the facility and lessen its environmental impact.

58. Doe Run failed to implement the environmental management plan that was a condition of its purchase of the smelter in 1997.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

59.     Doe Run received several extensions of time from the Peruvian government to complete the environmental management plan. Despite these extensions, it failed to complete the plan.

60.     In 2002, The National Council for the Environment of Peru reported that Doe Run Peru emitted 3,312 tons/year of particulate matter, 380,136 tons/year of sulfur dioxide, 226 tons/year of nitrogen oxides, 847 tons/year of lead, 423 tons/year of arsenic, and 43 tons/year of cadmium.

61.     In November 2005, the Centers for Disease Control (CDC) in Atlanta analyzed blood and urine samples of two population samples, one from La Oroya, the study site, and one from Concepcion, the control site. These results indicated that 97% of children between six months and six years of age and 98% of children between seven and 12 years had elevated blood lead levels, in some cases three or four times the level of concern. According to the CDC, an elevated level is any level equal to or greater than 10 µg/dl in 2005 and now is 5 µg/dl.

62.     Doe Run halted operations at the facility in 2009 when it was unable to access financing as a result of environmental requirements for the site.

63.     The operation of the Doe Run facility has, by this point, harmed tens of thousands of people spanning decades and generations of families.

64.     The plaintiffs in this case live or have lived in or around La Oroya, Peru and were exposed to and injured by the harmful and toxic substances released from the Defendants' metallurgical complex.

65.     A group of research scientists from Saint Louis University School of Public Health in Saint Louis, Missouri who have studied La Oroya have concluded that the conditions in La Oroya constitute a public health crisis that poses serious health risks for all population

14

groups and especially for the most vulnerable groups such as infants and young children, including the plaintiffs. Beginning in 2005, these public health experts have performed ongoing studies to assess the health effects of environmental contamination produced by Defendants' La Oroya metallurgical complex. The purpose of these studies is to determine the extent of toxic metal exposure suffered by La Oroya residents and the studies have confirmed the gravity of the public health situation caused by Defendants' metallurgical complex. The study performed by Saint Louis University, show that over 99 percent of children in La Oroya have blood lead levels of greater than 10 µg/dl, which is the level considered to be dangerous and to cause permanent injuries.

66. During the course of their ownership, operation, use, management, supervision, storage, maintenance, and/or control of operations of their metallurgical complex and related properties in La Oroya, Peru, and at all times relevant hereto, the Defendants, while located in the States of Missouri and/or New York, negligently, carelessly and recklessly, made decisions that resulted in the release of metals and other toxic and harmful substances, including but not limited to lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto the properties on which the plaintiffs have in the past and/or continue to reside, use and visit, which has resulted in toxic and harmful exposures to plaintiffs.

67. The air quality level is critical not only because the plaintiffs must breathe this polluted air but also because the particulate matter within the air is dispersed in a dust form that enters and settles inside the plaintiffs' houses and is deposited on the ground and on all surfaces, including furniture, clothing, water, and crops.

68. The health effects of lead poisoning are well known. The CDC has noted that: "No safe blood lead level in children has been identified. Even low levels of lead in blood have

15

been shown to affect IQ, ability to pay attention, and academic achievement." Lead impacts nearly every organ and system of the human body. Lead causes multitudinous and serious injuries to the nervous system, which can lead to convulsions, coma and brain death. It causes learning and behavioral disorders, memory loss, nausea, anemia, hearing loss, fatigue, colic, hypertension, and myalgia. Moreover, children under the age of 6 years old are more susceptible to the toxic effects of lead than are adults since the brain and central nervous system are not completely developed.

69. Sulfur dioxide, another pollutant emitted continuously and at an excessive level from Defendants' metallurgical complex, damages circulatory and respiratory system, increases mortality, and is linked to lung cancer, especially when present along with elevated levels of particulate matter, as is the case in La Oroya. Due to the wrongful actions of the Defendants described herein, the level of sulfur dioxide in the air of La Oroya is unreasonably high and dangerous to the plaintiffs.

70. The Saint Louis University study also shows that urine levels of cadmium in residents of La Oroya are at a level that causes injury. Cadmium is a recognized carcinogen. The Saint Louis University study also shows that La Oroya residents have elevated levels of arsenic, another known carcinogen. Although suitable technologies and processes exist to prevent the pollution caused by the activities at the Defendants' metallurgical complex, such technology has not been implemented by Defendants at their La Oroya Complex.

71. A recent study by researchers at Yale University found that the Metallurgical Complex of La Oroya (CMLH) exceeded the maximum limits of heavy metals in the air. These high levels were recorded even when the smelter was not operating, between December 2009 and July 2012. Hassan Sipra, a student researcher at the Environmental Protection Clinic at Yale

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

University, found that "[w]hen the [metallurgical] complex was supposedly not operating, there were some records where the maximum permissible limit (LMP) was exceeded."

72. Lead, cadmium and carbon dioxide exceeded maximum limits of concentration in the air.

73. The preliminary research of Yale University found that levels of lead in the air were up to three times the maximum limits.

74. The preliminary research of Yale University found that levels of sulfur dioxide (SO2) in the air exceeded up to 4500 times the maximum limit.

75. The preliminary research of Yale University found that levels of cadmium in the air exceeded 45% and the highest recorded level was three times the maximum allowable limit (LMP).

76. This research used information provided by Doe Run and the medical center of La Oroya between December 2009 and February 2014.

77. During the course of their ownership, operation, use, management, supervision, storage, maintenance, or control of operations of the La Oroya Complex and related properties in La Oroya, Peru, the Defendants, while located in the States of Missouri or New York, made decisions regarding the operations of the complex. Those decisions were negligent, careless or reckless and resulted in the release of metals and other toxic and harmful substances, including lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto properties on which the plaintiffs reside, use or visit, which has resulted in toxic and harmful exposures to the plaintiffs.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

78.     Although suitable technologies and processes exist to prevent the pollution caused by the activities at the La Oroya Complex, such technology has not been implemented by Defendants at the complex.

79.     Defendants owned, operated, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with other defendants and continue to do so in a way that negligently, carelessly or recklessly generated, handled, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex. This resulted in the release of toxic metals and gases and other toxic substances onto and around the properties on which the plaintiffs have in the past or continue to reside, use and visit, or to which they were exposed. Defendants also purposefully withheld information or deliberately deceived the plaintiffs and their parents and guardians with regard to the dangers of such exposures, resulting in toxic exposure to the plaintiffs.

80.     Each of the corporate Defendants owned, operated, used, managed, supervised, or controlled the La Oroya Complex and related operations and facilities in La Oroya or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by Renco or the partnership. As owners, operators or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya Complex and related operations and facilities.

81.     Some or all of the corporate Defendants, pursuant to written or oral agreements, including the various Doe Run partnership agreements, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya Complex and related operations and facilities since October 24, 1997. Alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions

from the La Oroya Complex and related operations and facilities that Defendants knew were being transported to properties on which the plaintiffs have or continue to reside, use or visit, or not to implement adequate pollution controls at the complex and related operations and facilities, or purposefully concealing information or deliberately deceiving the plaintiffs and their parents and guardians with regard to the dangers of such exposures, with the purpose of the cost reduction of profits, bonuses and the value of wages, stock, or stock options of Doe Run as well as the corporate Defendants.

82. The corporate Defendants, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to the plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This heinous use of control proximately caused the plaintiffs' injuries.

83. At all relevant times herein, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

84. As a direct and proximate result of the releases by Defendants, plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical,

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and loses are reasonably likely to continue to occur in the future.

**PLAINTIFFS' EXPOSURE**

85. The plaintiffs have all been exposed to lead and/or other toxic substances as a result of the operations of the lead smelter owned and/or operated in La Oroya, Peru, by the Defendants.

86. Plaintiffs have been exposed through the lead and/or other toxic substances being released into the air, soil, and water in and around La Oroya, Peru.

87. Plaintiffs, where applicable, have also been exposed *in utero* when the mother carrying the child was pregnant and resided in La Oroya, Peru.

**<u>COUNT I</u>**

**(NEGLIGENCE – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., AND RENCO HOLDINGS, INC.)**

88. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

89. Defendant Doe Run Resources Corporation together with Defendant D.R. Acquisition Corp. and Defendant Renco, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants Doe Run Resources, D.R. Acquisition Corp., and Renco control from the States of Missouri and New York, the expenditures, production practices, use of technology that would limit emissions, and policies including public relations and decision-making policies regarding information given to the plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

90. Because Defendants Doe Run Resources Corporation, D.R. Acquisition Corp, and Renco, while located in the States of Missouri or New York, make decisions regarding expenditures, production practices, use of technology, policies regarding the operation of the La Oroya Complex, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants, Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco owe and have owed a duty to the plaintiffs who live in the vicinity of the complex, to control and contain the metals and other toxic substances it has generated, handled, stored, and disposed of at the La Oroya Complex and related operations and facilities at safe and non-toxic levels, and to warn and continue to warn the plaintiffs of the release of these toxic and harmful substances.

91. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco through decisions made in the States of Missouri or New York and through their agents, owned, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with each other defendant and continues to do so in a way that negligently, carelessly, and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which the plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the plaintiffs.

92. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also

21

negligently, carelessly, and recklessly failed and continue to fail to warn the plaintiffs of release of the toxic metals and gases and other toxic substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, including the properties on which the plaintiffs have in the past or continue to reside, and of the reasonably foreseeable effects of such releases, including the dangers of inhaling or ingesting these toxic metals, gases, and other toxic substances.

93. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also purposefully withheld information or deliberately deceived the plaintiffs with regard to the dangers of exposure to the toxic substances released into the environment by their metallurgical complex and related operations and facilities.

94. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco knew or should have known that the generation, handling, storage, release and disposal of the described metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities would proximately cause damage to the plaintiffs.

95. As a direct and proximate result of the releases from the Defendants' properties, operations, and facilities, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

96.     The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendants' evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT II

**(CIVIL CONSPIRACY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

97.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

98.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves and through their agents, servants and employees, have acted jointly and in conspiracy with the individual Defendants to commit the torts alleged in this Petition, and are jointly and severally liable for the activities and toxic environmental releases from the operations of the La Oroya Complex.

99.     Defendants agreed to a scheme by which, from the States of Missouri or New York, they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. From the States of Missouri or New York, Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

100. One of the purposes of the conspiracy agreed upon between Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco and the other Defendants includes to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the plaintiffs, in order to avoid the cost of instituting procedures at and purchasing equipment for Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and Defendant Renco, and to increase the incomes of the Defendants, and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

101. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco together with the other Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

102. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendant Doe Run Resources Corporation together with the other Defendants and their agents, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

103. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York were outrageous due to Defendants' evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT III

**(ABSOLUTE or STRICT LIABILITY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP, THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

104. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

105. The ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities for which Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are jointly and severally liable, constituted and continues to constitute an abnormally dangerous activity or ultra-hazardous activity, because such activities create a high risk of significant harm.

106. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are thus strictly liable to the plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

107. The collection, handling, storage, and disposal of metals and other toxic substances by Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves or through their agents, servants and employees at Defendants' properties, has directly and proximately caused release of such substances into the environment and the community

25

surrounding these properties including to properties where the plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the plaintiffs.

108. As a direct and proximate result of the releases from Defendants' properties, operations and facilities, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

109. The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendant's evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT IV

### (NEGLIGENCE – Defendants THEODORE P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

110. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

111. During times relevant herein, Defendant Kaiser was Vice President, Chief Financial Officer, and Chief Administrative Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Kaiser is liable to plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable

26

in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

112. During times relevant herein, Defendant Fox was Vice President of Finance and Chief Financial Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Fox is liable to the plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

113. During times relevant herein, Defendant Pyatt was and continues to be the Chief Executive Officer of Defendant Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. He is also currently the President of Doe Run Resources Corporation and served as the President of Doe Run Peru from approximately September 2003 to March 2006 and as the General Manager of Doe Run Peru from approximately September 2003 to January 2006. As an officer of Doe Run, Defendant Pyatt is liable to the plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

114. At all relevant times herein, Defendant Rennert was and is the Chairman and Chief Executive Officer of Defendant Renco and Chairman of Defendant Doe Run Resources Corporation. As an officer of Renco and Doe Run, Defendant Rennert is liable to the plaintiffs because he had actual knowledge of Doe Run's tortious wrongful conduct and participated in it, and thus is individually liable. This liability is in addition to and independent of any liability based on conspiracy.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

115.     As officers of Defendant Doe Run Resources Corporation, Defendants Fox, Pyatt, Rennert, and Kaiser are liable to the plaintiffs because they had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it, including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

116.     In particular, Defendants Fox, Pyatt, Rennert, and Kaiser's responsibilities, actions and omissions included but were not limited to approval of expenditures for pollution control measures and expenditures for the remediation of properties. Defendants Fox, Pyatt, Rennert, and Kaiser's had involvement in the budgeting process of Doe Run including setting environmental goals and the pollution control budget for the La Oroya Complex and related operations and facilities. Defendants Fox, Pyatt, Rennert, and Kaiser also had knowledge of technologies owned by the Doe Run Company that were available to remediate contaminated soil which were not used. Defendants Fox, Pyatt, Rennert, and Kaiser had knowledge of the release of emissions from the La Oroya Complex and related operations and facilities to the La Oroya communities surrounding them, including properties on which the plaintiffs have resided or continue to reside, use and visit and failed to inform these communities or take any action to eliminate or reduce the release of metals and other toxic substances. Defendants Fox, Pyatt, Rennert, and Kaiser participated in and approved budgets which delayed implementation of proper pollution control measures and delayed remediation of properties contaminated by the releases from the complex and related operations and facilities. Defendants Fox, Pyatt, Rennert, and Kaiser purposefully withheld information or deliberately deceived the plaintiffs with regard to the dangers of the toxic substances released from the La Oroya Complex and related operations and facilities.

117. As a direct and proximate result of the releases of toxic materials from the Defendants' properties, operations, and facilities, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

118. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT V

### (CIVIL CONSPIRACY – Defendants TERRY P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

119. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

120. During times relevant herein, Defendants Fox, Pyatt, Rennert, and Kaiser were acting jointly and in conspiracy with each other and with the corporate Defendants. Defendants agreed to a scheme by which they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is

29

used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

121. Defendants Fox, Pyatt, Rennert, and Kaiser had and have an economic motive and personally benefited from the conspiracy. The objectives of the conspiracy included to fail to adequately control the toxic environmental releases from the La Oroya Complex and related operations and facilities that Defendants knew were being released or transported to properties on which the plaintiffs have in the past or continue to reside, visit or use; or not to implement adequate pollution controls at the complex because of the cost and reduction of profits, value, bonuses and the value of wages, stock or stock options of Doe Run as well as other Defendants.

122. One of the purposes of the conspiracy agreed upon between Defendants Fox, Pyatt, Rennert, and Kaiser and the corporate Defendants included to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the plaintiffs, in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and defendant Renco, and to increase the incomes of the Defendants and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

123. Defendants Fox, Pyatt, Rennert, and Kaiser together with the corporate Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

124. As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendants Fox, Pyatt, Rennert, and Kaiser together with the corporate Defendants, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

125. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT VI

### (ABSOLUTE or STRICT LIABILITY – Defendants TERRY P. FOX, JERRY PYATT, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

126. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

127. Defendants Fox, Pyatt, Rennert, and Kaiser had actual knowledge of the corporate Defendants' tortious conduct and participated in it, including the acts and omissions of Defendants described herein, involving the ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities which constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm, and is thus jointly and severally liable in his individual capacity.

31

128. Defendants Fox, Pyatt, Rennert, and Kaiser are thus strictly liable to the plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

129. The collection, handling, storage, and disposal of metals and other toxic substances at Defendants' properties has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the plaintiffs.

130. As a direct and proximate result of the releases from the Defendants' properties, operations and facilities, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

131. The actions of Defendants Fox, Pyatt, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the plaintiffs, entitling the plaintiffs to an award of punitive damages.

## COUNT VII

**(CONTRIBUTION BASED ON TORTIOUS CONDUCT OF ENTITIES ACTING IN CONCERT – ALL DEFENDANTS)**

132. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

133. Each Defendant bears joint liability with all other defendants for the claims of negligence, conspiracy, and strict liability on the part of each Defendant in the respects hereinafter alleged, which caused or contributed to the injuries claimed by the plaintiffs.

134. The release by Defendants of toxic metals and gases and other toxic substances onto and around the properties on which the plaintiffs have in the past or continue to reside, use, and visit or were exposed was caused or contributed to be caused by the negligence of each Defendant in the respects hereinafter alleged.

135. Each Defendant was and continues to be negligent in the following respects:

a. Negligently, carelessly, and recklessly generating, handling, storing, releasing, disposing of, or failing to control and contain the metals and other toxic substances used and generated by the complex.

b. Negligently, carelessly, recklessly failing to warn the plaintiffs of the release of toxic metals and gases and other substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, or deliberate deceiving the plaintiffs with regard to the dangers of the toxic substances released by Defendants.

c. Negligently, carelessly, and recklessly failing to warn the plaintiffs of the dangers of inhaling or ingesting toxic metals, gases, and other toxic substances generated by and released from the La Oroya Complex and related operations and facilities, or the potential of ingesting harmful levels of toxic metals and other toxic substances.

136. Each Defendant acted in concert with the other Defendants and pursuant to a common design with the other Defendants in committing the tortious acts alleged above because each Defendant did not want to have to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and

33

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

related operations and facilities to avoid the costs of instituting procedures and purchasing equipment at the complex and related operations and facilities that would protect public health and the health of the plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

137. Each Defendant also acted in concert with the other Defendants and pursuant to a common design with the other Defendants to exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding information given to the plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the plaintiffs, constituting fraud and injustice that violates the plaintiffs' legal rights. This unjust use of control proximately caused the plaintiffs' injuries.

138. Each Defendant knew that the tortious acts of the other Defendants herein breached a legal duty of the other Defendants, yet each Defendant gave substantial assistance and encouragement to the other Defendants to commit such tortious acts because each Defendant knew that if the other Defendants acted otherwise, to avoid the costs of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

139. Each Defendant gave substantial assistance to the other Defendants herein accomplishing the tortious acts alleged by agreeing, either expressly or tacitly, not to acknowledge,

34

warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities.

140.    As a result of the joint negligence of the Defendants herein alleged, the plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

141.    Each Defendant is liable for the negligent acts of each of the other Defendants herein in the respects herein alleged that caused or contributed to cause injury to the plaintiffs.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury trial as to all claims and issues triable of right by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court do the following:

A. an amount of damages in such sum as is fair and reasonable to compensate the plaintiffs in an amount in excess of TWENTY FIVE THOUSANDS DOLLARS ($25,000);

B. for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

C. for their costs and expenses;

D. for pre- and post-judgment interest as allowed by statute and law; and

E. for such other and further relief the Court deems just and proper.

Electronically Filed - CITY OF ST. LOUIS - March 12, 2026 - 12:59 PM

F.  Grant such other relief as is just and proper.

Dated: March 12, 2026.

Respectfully submitted,

**NAPOLI SHKOLNIK as registered tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:   /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

MONSIGNOR ALFRED SCHULER AS NEXT )
FRIEND OF, Y.Y.S.R., M.T.Q.O., A.P.B.C., )
S.J.Q.O, and D.Y.C.J., )
                                )
       Plaintiffs, )
                                )   Case:
   v. )
                                )   Division:
DOE RUN RESOURCES CORPORATION, D.R )
ACQUISITION CORP., MARVIN K. KAISER, )
ALBERT BRUCE NEIL, JEFFREY L. ZELMS, )
THEODORE P. FOX III, THE RENCO GROUP, )
INC., RENCO HOLDINGS, INC., and IRA L. )
RENNERT., )
                                )
       Defendants.

**PLAINTIFFS' REQUEST FOR SUMMONS**
**FOR SERVICE BY MAIL**

COME NOW Plaintiffs and hereby request a Summons to be issued for service by mail

for the following Defendants:

Doe Run Resources Corporation
A New York Corporation
CT Corporation System
120 South Central Avenue
Clayton, MO  63105

D.R. Acquisition Corp.
A Missouri Corporation
CT Corporation System
120 South Central Avenue
Clayton, MO  63105

Marvin K. Kaiser
10 North Kingshighway, Apt. 10C
St. Louis, MO  63108

Theodore P. Fox, III
10 North Kingshighway, Apt. 10C
St. Louis, MO  63108

1

Albert Bruce Neil
129 E. Clinton Place, Apt. 2D
Kirkwood, MO 63122

Jeffrey L. Zelms
406 North Point Drive
Camdenton, MO 65020

Renco Holdings, Inc.
A New York Corporation
30 Rockefeller Plaza
42nd Floor, Suite 4225
New York, NY 10112

The Renco Group, Inc.
A New York Corporation
30 Rockefeller Plaza
42nd Floor, Suite 4225
New York, NY 10112

Ira L. Rennert
30 Rockefeller Plaza
42nd Floor, Suite 4225
New York, NY 10112

WHEREFORE, Plaintiffs respectfully request that the Court enter a Summons allowing

Plaintiffs to serve the above-mentioned Defendants by mail.

Dated this 21st day of February, 2026.

**NAPOLI SHKOLNIK as registered**
**tradename for NSPR Law Services**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

**THE GORI LAW FIRM, P.C.**

By: /s/ N. Ryan Mayfield
N. Ryan Mayfield, MO Bar #67322
Sara M. Salger, MO Bar #61393
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
rmayfield@gorilaw.com
sara@gorilaw.com

2

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**
By:  /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

Electronically Filed - City of St. Louis - February 21, 2026 - 06:49 PM

# Summons for Service by Registered or Certified Mail



IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.     vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to:** DOE RUN RESOURCES CORPORATION
        **Alias:**

**CT CORPORATION SYSTEM**
**120 SOUTH CENTRAL AVE**
**CLAYTON, MO 63105**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**

**CITY OF ST LOUIS**

| | |
|---|---|
| 24-FEB-2026 | THOMAS KLOEPPINGER |
| Date Issued | Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent DOE RUN RESOURCES CORPORATION by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____      _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.     vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to:** D.R. ACQUISITION CORP.
                     **Alias:**

**CT CORPORATION SYSTEM**
**120 SOUTH CENTRAL**
**AVENUE**
**CLAYTON, MO 63105**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

***COURT SEAL OF***



***CITY OF ST LOUIS***

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

### Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent D.R. ACQUISITION CORP. by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____  _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.      vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to: MARVIN K KAISER**
            **Alias:**

**10 N KINGSHIGHWAY APT
10C
SAINT LOUIS, MO 63108**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent MARVIN K KAISER by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____      _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.       vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to: ALBERT BRUCE NEIL**
          **Alias:**

**129 E CLINTON PLACE APT**
**2D**
**KIRKWOOD, MO 63122**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

### Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent ALBERT BRUCE NEIL by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____      _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 |
|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.     vs. | Plaintiff's/Petitioner's Attorney/Address: |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

**The State of Missouri to**: JEFFREY ZELMS
               **Alias:**

**406 NORTH POINT DRIVE**
**CAMDENTON, MO 65020**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

### Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent JEFFREY ZELMS by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____      _____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 | |
|---|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.      vs. | Plaintiff's/Petitioner's Attorney/Address: | |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to:** THEODORE P. FOX III
            **Alias:**

**10 NORTH KINGSHIGHWAY,
APT. 10
ST. LOUIS, MO 63108**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| | |
|---|---|
| <u>24-FEB-2026</u><br>Date Issued | <u>THOMAS KLOEPPINGER</u><br>Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent THEODORE P. FOX III by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____      _____



# Summons for Service by Registered or Certified Mail

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 |
|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.                                    vs. | Plaintiff's/Petitioner's Attorney/Address: |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File<br>Stamp) |

**The State of Missouri to:** THE RENCO GROUP INC
**Alias:**

**30 ROCKEFELLER PLAZA**
**42ND FLOOR SUITE 4225**
**NEW YORK, NY 10112**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent THE RENCO GROUP INC by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 |
|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.　　　　　　　vs. | Plaintiff's/Petitioner's Attorney/Address: |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File<br>Stamp) |

**The State of Missouri to**: RENCO HOLDINGS INC
**Alias:**

**30 ROCKEFELLER PLAZA**
**42ND FLOOR  SUITE 4225**
**NEW YORK, NY  10112**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| | |
|---|---|
| 24-FEB-2026 | THOMAS KLOEPPINGER |
| Date Issued | Clerk |

### Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent RENCO HOLDINGS INC by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____　　　　_____



# Summons for Service by Registered or Certified Mail

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00366 |
|---|---|
| Plaintiff/Petitioner:<br>Y.Y. S.R.                                vs. | Plaintiff's/Petitioner's Attorney/Address: |
| Defendant/Respondent:<br>DOE RUN RESOURCES<br>CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

**The State of Missouri to: IRA L RENNERT**
        **Alias:**

**30 ROCKEFELLER PLAZA**
**42ND FLOOR SUITE 4225**
**NEW YORK, NY 10112**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner, or plaintiff/petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**Further Information:**

**COURT SEAL OF**



**CITY OF ST LOUIS**

| 24-FEB-2026 | THOMAS KLOEPPINGER |
|---|---|
| Date Issued | Clerk |

## Certificate of Mailing

I certify that on _____, I mailed a copy of this summons and petition to defendant/respondent IRA L RENNERT by registered or certified mail, requesting a return receipt by the addressee only, to the said defendant/respondent at the address furnished by plaintiff/petitioner.

_____      _____